# Exhibit 1

**Proposed Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) ) | Case No. 25-11034 (CTG) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**NOTICE OF REJECTION OF [A]
CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. [●]] (the "Rejection Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Rejection Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date set forth in **Schedule 2** (the "Rejection Date"), or such other date as the Debtors and the counterparty or counterparties to any such Contract agree; *provided*, *however*, that if the Contract is a lease of non-residential real property, the rejection effective date shall be the later of (a) the Rejection Date set forth in the Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord or their counsel in writing (email sufficient) of the Debtors' surrender of the premises and turning over, surrendering, or allowing to be reset, as applicable, the keys, key codes, and security codes, if any, to the affected landlord.

**PLEASE TAKE FURTHER NOTICE** that parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date the Debtors file

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and serve the relevant Rejection Notice and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (a) the Debtors, Marelli Automotive Lighting USA LLC, 26555 Northwestern Highway, Southfield, Michigan 48033, Attn.: Marisa Iasenza; proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C., (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicholas M. Adzima and Evan Swager, and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801), Attn.: Laura Davis Jones, Timothy P. Cairns, and Edward A. Corma; (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy and Timothy J. Fox, Jr.; (d) counsel to the DIP Agent, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020-1001, Attn.: Jason Elder; (e) counsel to Mizuho Bank, Ltd., in all capacities other than as Prepetition Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Timothy Graulich and Richard J. Steinberg; (f) counsel to Mizuho Bank, Ltd., in its capacity as the Prepetition Agent, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Robert S. Brady and Andrew L. Magaziner; (g) counsel to the Ad Hoc Group of Senior Lenders: (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff and Anna Kordas, (ii) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street NW, Washington, D.C., 20006, Attn.: Scott L. Alberino, Kate Doorley, and Alexander F. Antypas, and (iii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, Delaware 19801, Attn: Justin R. Alberto and Stacy L. Newman; (h) counsel to the Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn.: Brian S. Hermann and Jacob A. Adlerstein; (i) proposed counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn.: Kristopher M. Hansen, Jonathan D. Canfield, Gabriel E. Sasson, and Marcella Leonard and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn.: Eric J. Monzo, Jason S. Levin, and Siena B. Cerra; and (j) any other statutory committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree;[3] *provided*, *however*, that if the Contract is a lease, the Debtors shall submit the Rejection Order substantially in the form attached hereto as **Schedule 3** to the Court under a certificate of no objection authorizing the rejection of each such lease listed in the applicable Rejection Notice to be rejected as of the later of (a) the Rejection Date set forth in the Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord or their counsel in writing (email sufficient) of the Debtors' surrender of the premises and turning over, surrendering, or allowing to be reset, as applicable, the keys, key codes, and security codes, if any, to the affected landlord.

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Rejection Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, the Rejection Counterparty may not setoff or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree in writing.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty days after the later of (i) the Rejection Date and (ii) the date of entry of an order rejecting the Contracts. **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

[*Remainder of page intentionally left blank*]

Dated: [●], 2025
Wilmington, Delaware

*/s/DRAFT*
_____

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar No. 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Timothy P. Cairns (DE Bar No. 4228) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Edward A. Corma (DE Bar No. 6718) | Nicholas M. Adzima (admitted *pro hac vice*) |
| 919 North Market Street, 17th Floor | Evan Swager (admitted *pro hac vice*) |
| P.O. Box 8705 | 601 Lexington Avenue |
| Wilmington, Delaware 19899 (Courier 19801) | New York, New York 10022 |
| Telephone: (302) 652-4100 | Telephone: (212) 446-4800 |
| Facsimile: (302) 652-4400 | Facsimile: (212) 446-4900 |
| Email: ljones@pszjlaw.com | Email: joshua.sussberg@kirkland.com |
| tcairns@pszjlaw.com | nicholas.adzima@kirkland.com |
| ecorma@pszjlaw.com | evan.swager@kirkland.com |

-and-

Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    ross.kwasteniet@kirkland.com
    spencer.winters@kirkland.com

*Proposed Co-Counsel for the Debtors*        *Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*        *and Debtors in Possession*

**Schedule 1**

**Rejection Procedures Order**

## Schedule 2

## Rejected Contracts

| Rejection Counterparty | Description of Contract[1] | Abandoned Property (If Applicable) | Rejection Date (Effective Date of Rejection) |
|---|---|---|---|
| | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

# Schedule 3

**Proposed Lease Rejection Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) ) | Case No. 25-11034 (CTG) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) ) | Re: Docket No. \_\_ |

## ORDER (I) AUTHORIZING THE DEBTORS TO REJECT
## CERTAIN UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. [●]] (the "Rejection Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of [A] Certain Executory Contract[s] [and/or Unexpired Leases]* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Rejection Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Rejection Procedures Order.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Contract[s] set forth in **Exhibit 1** attached hereto [is/are] hereby rejected as of the Rejection Date established in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, if any such Contract is a lease of non-residential real property, the rejection effective date shall be the later of (a) the applicable Rejection Date set forth in the Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord or their counsel in writing (email sufficient) of the Debtors' surrender of the premises and turning over, surrendering, or allowing to be reset, as applicable, the keys, key codes, and security codes if any, to the affected landlord.

2. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The applicable Rejection Counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and, to the extent applicable, the automatic stay is modified to allow such disposition; provided that, to the extent requested by the Rejection

Counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Rejection Counterparty to facilitate such party's use or disposal of such Abandoned Property.

3. If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the counterparty must file a proof of claim on or before the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty days after the later of (i) the Rejection Date and (ii) the date of entry of an order of the Court approving the rejection. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4. Nothing contained in the Rejection Notice or this order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Rejection Notice or this order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims,

causes of action, or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.