## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: August 25, 2025 at 1:00 p.m. (ET)** |
|  | ) | **Obj Deadline: August 11, 2025 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF AN
## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to permit (a) the Arbitration (as defined herein) to proceed and (b) FBG (as defined herein) to prosecute its counterclaims to judgment, but not enforce any judgment FBG obtains in the Arbitration.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2]    A detailed description of the Debtors and their business, including the circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Slump, Chief Executive Officer of Marelli Automotive Lighting USA, LLC, in Support of First Day Motions*, [Docket No. 20] (the "<u>Slump Declaration</u>") and the *Declaration of Tony Simion, Managing Director of Alvarez & Marsal North America, LLC, in Support of First Day Motions* [Docket No. 19] (the "<u>Simion Declaration</u>," and together with the Slump Declaration, the "<u>First Day Declarations</u>").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

**Preliminary Statement**

5.      What should have been a routine joint stipulation for limited stay relief has become a waste of estate resources and now requires a ruling from the Court all because First Brands Group, LLC ("FBG")—the respondent in arbitration proceedings (the "Arbitration") commenced by Marelli Europe S.p.A. ("Marelli Europe") before the International Chamber of Commerce (ICC Case no. 28309/FJT)—misconstrues the law and insists on unreasonable positions.  As explained in greater detail below, Marelli Europe commenced the Arbitration in December 2023 seeking provisionally and approximately €█ million (subject to increases),[3] plus additional amounts in

---

[3]      Marelli Europe's main claim in the Arbitration, equal to approximately €█ million, was last formally quantified on November 11, 2024, when Marelli Europe filed its Statement of Case.  This amount is under revision and will

damages for FBG's failure to ███████████████████████████████████████████████████

███████████████ The Debtors have offered repeatedly to consent to limited stay relief to allow

FBG to pursue its counterclaims against Marelli Europe in the Arbitration, but FBG has taken the

unfounded and bizarre position that it will only consent to stay relief if it is permitted to enforce

any judgment against Marelli Europe on account of its prepetition claims that it may obtain in the

Arbitration. FBG has also incorrectly argued that the automatic stay prohibits Marelli Europe from

prosecuting its claims in the Arbitration and realizing on a valuable asset of the estate.[4] For these

reasons, the Debtors have exhausted all other options available and is now forced to further expend

estate resources to bring the present motion to obtain an order from the Court that provides

unremarkable limited stay relief to allow the Arbitration to proceed efficiently for both the benefit

of the estate and FBG.

## Background

### I. General Background.

6.     The Debtors, together with their non-Debtor affiliates (collectively, "Marelli" or

the "Company"), are one of the largest international automotive parts suppliers in the world and a

---

be formally resubmitted as part of Marelli Europe's next legal memorandum, currently due on September 25, 2025. As the claimed amount comprises various interests and monetary appreciation under Italian statutory law, Marelli Europe's main claim (as well as any other of its claims) increases over time. Based on a preliminary estimate, by September 25, 2025, Marelli Europe's main claim is expected to increase by ███████████ millions of euros, and will keep increasing until Marelli Europe receives payment from FBG, should Marelli Europe prevail in the Arbitration.

[4]    Specifically, FBG has argued that the automatic stay prohibits Marelli Europe from prosecuting its claims in the Arbitration because it could result in the Arbitral Tribunal (defined below) awarding costs to FBG should it prevail. FBG's reliance on *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252 (3d Cir. 2006), in support of its position is misplaced. In that case, the Third Circuit held that an arbitration process should have been halted when the debtor filed bankruptcy and that the award granted in the arbitration against the debtor violated the automatic stay because it diminished the assets of the debtor's estate. *Id.* at 259–61. Specifically, the Third Circuit found that the arbitration award had the effect of terminating the debtor's insurance coverage and its rights under the applicable policy. *Id*. at 260. The finding in *Acands* is entirely distinguishable from the facts here. Nothing in *Acands* prohibits Marelli Europe from pursuing its claims in the Arbitration; rather, Third Circuit law clearly holds that the automatic stay does not prevent a debtor from pursuing its claims. *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992).

pioneer in motorsports and automobile manufacturing and design.  With its headquarters in Saitama, Japan and over 46,000 employees located in twenty-four countries around the world, Marelli designs and produces sophisticated technologies for leading automotive manufacturers, including lighting and sensor integrations, electronic systems, software solutions, and interior design products, and collaborates with motor sports teams and other industry leaders to research and develop cutting-edge, high-performance automotive components.

7.      On June 11, 2025, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 12, 2025, the Court entered an order [Docket No. 102] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On June 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 184] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## II.    The Arbitration.

### A.    Facts Giving Rise to the Arbitration.

8.      In 2022, Marelli Europe initiated a process to sell an entire multi-jurisdictional line of its business.  Following a competitive bidding process, FBG was selected as the purchaser, and the parties executed a Sale and Purchase Agreement (the "SPA," and the transaction contemplated therein, the "Sale") on January 25, 2023, attached hereto as **Exhibit B**.[5] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[5]      Only the excerpts of the SPA that are relevant to this motion and the *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to Redact and File Under Seal Certain Commercially Sensitive and Confidential Information Related to the Arbitration and (II) Granting Related Relief* (the "Motion to Seal"), filed contemporaneously herewith, are attached hereto as **Exhibit B**.  Should the Court request, the Debtors will

█████████████████████████████████████████████████████████████

████████████████████████████████████

9.     █████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████.

10.     █████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████, Marelli Europe commenced arbitration proceedings before the International Chamber of Commerce (the "Arbitral Tribunal") in December 2023 (ICC Case no. 28309/FJT), seeking damages for FBG's wrongful conduct.  The arbitration is seated in Milan, Italy and governed by Italian law.[6]

**B.     Parties' Claims and Counterclaims.**

11.     In the Arbitration, Marelli Europe asserts that FBG materially breached several key provisions of the SPA as well as applicable Italian law.  As a result of these alleged breaches, Marelli Europe seeks to recover provisionally and approximately €███ million (subject to increases) in main damage claims as compensation for ████████████, ██████████████████

█████████████████████████████████████████████████████████████

---

provide the Court with a complete copy of the SPA under seal.

[6]     The procedural law applicable to the ICC Arbitration is summarized in the July 2024 Terms of Reference (the "TOR").  The excerpts of the TOR that are relevant to this motion and the Motion to Seal are attached hereto as **Exhibit C**.  Should the Court request, the Debtors can provide under seal a complete copy of the TOR to the Court.

██████████████████████████████████████████████████████

████████████. Most claims accrue various types of interest under Italian law and monetary appreciation until payment.

12.    ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████, FBG has filed a counterclaim seeking approximately €██ million in damages. ███

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████.

C.    **Developments in the Arbitration.**

13.    ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████ ██████████████████████████████████████████

████████████████████████████.

14.    ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████.

15.    ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

**D.      Current Posture.**

16.      ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████ Absent an order from this Court authorizing limited relief from the automatic stay so that the Arbitration may proceed, it cannot be ruled out that the Arbitral Tribunal ████████ ████████████████████████████ may decide to stay the Arbitration in its entirety for the entire duration of these chapter 11 cases.  Such an outcome would prejudice Marelli Europe's bankruptcy estate.  Marelli Europe has invested substantial amounts of time and resources in initiating and preparing for the Arbitration in an effort to recover damages arising out of FBG's failure to ██████████████████████████████.  Should the Arbitration Tribunal determine to stay the Arbitration as a whole until Marelli Europe and its debtor affiliates emerge from the chapter 11 process, Marelli Europe will be obligated to expend further resources in needlessly revising its submissions to the Arbitration Tribunal and recreating related work product when the Arbitration recommences.

### III.     Efforts to Seek Consensual Stay Relief.

17.     Shortly after the Petition Date, Marelli Europe sought to negotiate a joint stipulation with FBG for limited stay relief that would allow both parties to litigate their respective claims in the Arbitration but would prohibit FBG from enforcing an award (if any were to be issued during the pendency of these chapter 11 cases) on account of its counterclaim, as any such claim would be addressed in accordance with the applicable terms of a plan of reorganization in these chapter 11 cases.  The letter and email correspondence submitted to the Arbitral Tribunal by Marelli Europe and FBG, respectively, evidencing these negotiations are attached hereto as **Exhibits D** through **I**.

18.     ███████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████.[7]

19.     Despite the Debtors' best efforts to consensually resolve these issues and stipulate to standard stay relief—*i.e.*, limited modification of the stay to allow FBG to prosecute its counterclaims to judgment but not enforce any judgment—the Debtors have been compelled to bring the instant motion to enable the Arbitration to move forward.

### Basis for Relief

20.     Section 362(a) of the Bankruptcy Code prohibits, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been

---

[7]     ████████████████████████████████████████████████████████
████████████████████████████████████████████

commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"; and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a).

## I.   The Automatic Stay Does Not Prohibit Marelli Europe from Continuing to Prosecute Its Claims Against FBG in the Arbitration.

21.     The Third Circuit has held that the automatic stay is intended to protect the debtor and applies only to actions brought against the debtor, not actions initiated by the debtor.  *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a 'debtor'—the term used by the statute itself.  The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.") (quotations and citation omitted).  As such, the automatic stay does not prohibit Marelli Europe from continuing to prosecute its claims against FBG in the Arbitration.  Moreover, creditors or other parties cannot seek to use the automatic stay against the debtor to prohibit the debtor from pursuing actions or counterclaims that inure to the benefit of the estate.  *See, e.g.*, *In re Mid-City Parking, Inc.*, 332 B.R. 798, 811, 819–20 (Bankr. N.D. Ill. 2005) (noting that a debtor in possession has the powers and rights of a trustee under section 1107 and that "individual creditors of a bankruptcy estate do not have statutory, prudential standing to assert the stay against the entity acting as the trustee (and thereby representing creditors generally) in the same bankruptcy case.  That is, when Congress created a 'zone of interests' by writing § 362 of the Code, it did not intend that individual creditors could use the automatic stay as a sword against the estate's fiduciary.").[8]

---

[8]     As noted above, FBG's reliance on *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252 (3d Cir. 2006), in

22.     The automatic stay does, however, prohibit FBG from prosecuting its counterclaims against Marelli Europe in the Arbitration.

## II.    Cause Exists to Grant Limited Relief from the Automatic Stay.

23.     Section 362(d) of the Bankruptcy Code sets forth the grounds for relief from the automatic stay.  It provides that, "on a request of a party in interest . . . the court shall grant relief from the stay . . . for cause."  11 U.S.C. § 362(d)(1).  While intuitive, section 1109 of the Bankruptcy Code provides that a chapter 11 debtor is a "party in interest" that "may raise and may appear and be heard on any issue in a [chapter 11 case]."  11 U.S.C. § 1109(b).  What constitutes "cause" to modify the stay is not defined in the Bankruptcy Code.

24.     In determining whether "cause" exists to modify the automatic stay, "[c]ourts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted."  *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993) (citing *Int'l Bus. Machines v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*), 938 F.2d 731, 734–37 (7th Cir. 1991)).  "There is no rigid test for determining whether sufficient cause exists to modify an automatic stay." *Id.*

### A.    The Debtors May Unilaterally Seek to Lift the Stay Over FBG's Opposition.

25.     A debtor may unilaterally seek relief from the automatic stay to allow a non-debtor party to prosecute its counterclaims against the debtor to judgment, even where such non-debtor party opposes such relief.  *See In re Atlas IT Exp., LLC*, 491 B.R. 192, 19495 (B.A.P. 1st Cir. 2013) (affirming the bankruptcy court's order permitting a chapter 7 trustee and debtor to modify

---

support of its position that the entire Arbitration must be stayed and Marelli Europe cannot continue to prosecute its claims in the Arbitration is misplaced.  That case involved an arbitration award that, as the Third Circuit determined, had the effect of terminating the debtor's insurance coverage and its rights under the policy.  *Id.* at 260.  That is simply not the case here.

the automatic stay to prosecute counterclaims against the debtor over the objection of the non-debtor defendant); *In re Ideal Roofing & Sheet Metal Works, Inc.*, 9 B.R. 2, 3 (Bankr. S.D. Fla. 1980) (granting debtor's request for stay relief over objection of non-debtor defendant and permitting defendant to proceed on its counterclaim).  In *Atlas IT*, the chapter 7 trustee brought a motion to lift the stay to allow the debtor's action against the defendant to proceed.  491 B.R. at 193.  Several days later, the trustee and the debtor filed a joint stipulation providing for the same relief as well as allowing the defendant to continue prosecuting its counterclaim.  *Id.*  The defendant was not a party to the stipulation and opposed both the motion and the stipulation.  *Id.*  The trustee withdrew the motion and the bankruptcy court approved the stipulation over defendant's objection.  *Id.* at 193, 195-96.

      **B.**      **Cause Exists to Modify the Automatic Stay to Allow FBG to Prosecute Its Counterclaims to Judgment.**

      26.      No prejudice to either Marelli Europe or FBG will result from the limited stay relief requested herein—*i.e.*, allowing both Marelli Europe and FBG to continue litigating their claims and counterclaims, respectively, to enable the Arbitration to proceed expeditiously.  Marelli Europe has the fiduciary duty to maximize the value of its bankruptcy estate, including all causes of action.  As noted, Marelli Europe is asserting provisionally and approximately €▮▮ million (subject to increases) in main damages claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  The total quantum of potential damages represents a significant asset of Marelli Europe's estate.  The requested relief will also enable FBG to pursue its counterclaims and, should FBG prevail, it will be permitted to file a proof of claim on account of such judgment, assuming these chapter 11 cases are still pending at such time, as all other creditors would be required to do.  Moreover, it cannot be ruled out that the Arbitral Tribunal may, in the coming days, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████, absent an order from the Bankruptcy Court lifting the stay and authorizing Marelli Europe and FBG to continue the Arbitration in its entirety. A stay of the entire Arbitration during the pendency of these chapter 11 cases would likely negate progress that has been made in the Arbitration and require the parties to re-create work product at unnecessary and substantial expense once the Arbitration recommences. For these reasons, neither party suffers a disproportionate hardship; rather, authorizing the limited stay relief requested herein would promote efficiency and forego unnecessary expense.

      **C.**    **Stay Relief Does Not Permit Enforcement of Any Judgment It May Obtain in the Arbitration Against the Debtors.**

27.    FBG's attempt to prohibit Marelli Europe from pursuing claims unless FBG is also permitted to enforce any judgment it may obtain flies in the face of the purpose of the automatic stay and controlling law in the Third Circuit. At this time, the automatic stay does not permit FBG to enforce any judgment on account of a prepetition claim. *See Mar. Elec. Co.*, 959 F.2d at 1204 ("[T]he stay protects creditors by preventing particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors. In other words, the stay protect[s] the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors.") (quotations and citations omitted); *see also In re Northwood Flavors, Inc.*, 202 B.R. 63, 66 (Bankr. W.D. Pa. 1996) (noting that in addition to protecting the debtor, the automatic stay "protects creditors in general by preventing a particular creditor from acting unilaterally and in its own narrow self-interest by obtaining payment of the debt owed to it to the detriment of other creditors"). Should the stay be lifted to allow FBG to prosecute its counterclaim and should FBG obtain a judgment, FBG must file a proof of claim in these chapter 11 cases just as all other creditors are required to do with respect to prepetition claims.

28.     Courts routinely grant limited stay relief to allow non-debtor parties to prosecute counterclaims to judgment against the debtor, but not enforce such judgments against the debtor. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567–568 (Bankr. N.D. Ohio 1984) (granting stay relief for personal injury claimant to proceed to judgment, but not enforce judgment, because enforcement would be without any regard to claims of other creditors, in contravention of the Bankruptcy Code); *In re Cole*, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996) (granting limited stay relief to allow divorce proceeding to continue and requiring the Movant to enforce the judgment through the claims allowance process); *see also In re Am. Tire Distribs., Inc.*, Case No. 24-12391 (CTG) (Bankr. D. Del. June 30, 2025) (order lifting the automatic stay to prosecute a prepetition action and recover solely against the debtors' insurance policies)); *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. June 26, 2025) (same); *In re Coach USA, Inc.*, Case No. 24-11258 (MFW) (Bankr. D. Del. June 20, 2025) (same).

### Request for Waiver of Bankruptcy Rules 4001(a) and 6004(a)

29.     Due to significant delay that Marelli Europe and FBG will experience in the Arbitration should they not be permitted to continue prosecuting their respective claims and counterclaims, and the routine nature of the relief requested herein, the Debtors hereby request that this Court waive the 14-day stay periods imposed by the Bankruptcy Rules 4001(a) and 6004(h) to the extent applicable to the relief requested herein.

### Notice

30.     The Debtors have provided notice of this application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Paul Hastings LLP and Morris James LLP, as co-counsel to the Committee; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the

Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Department of Justice; (i) Mayer Brown LLP, as counsel to the DIP Agent; (j) Davis Polk & Wardwell LLP, as counsel to Mizuho Bank, Ltd., in all capacities other than as Prepetition Agent; (k) Young Conaway Stargatt & Taylor, LLP, as counsel to Mizuho Bank, Ltd., in its capacity as Prepetition Agent; (l) Akin Gump Strauss Hauer & Feld LLP and Cole Schotz P.C., as counsel to the Ad Hoc Group of Senior Lenders; (m) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Sponsors; (n) Quinn Emanuel Urquhart & Sullivan, LLP, as counsel to FBG; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## Conclusion

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 24, 2025
Wilmington, Delaware

/s/ Laura Davis Jones
_____

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com
               tcairns@pszjlaw.com
               ecorma@pszjlaw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
Evan Swager (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               nicholas.adzima@kirkland.com
               evan.swager@kirkland.com

-and-

Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         ross.kwasteniet@kirkland.com
               spencer.winters@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*