**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) Case No. 25-11034 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re:  Docket No. 252** |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing,

if any, before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      All Professionals in these cases may seek compensation in accordance with the

following procedures (collectively, the "Compensation Procedures"):

(a)     On or after the fifth day of each month following the month for which
        compensation is sought, each Professional seeking compensation may file
        an application (each, a "Monthly Fee Statement") for interim allowance of
        compensation for services rendered and reimbursement of expenses
        incurred during the preceding month, and serve by electronic mail, where
        available or where electronic mail is not available, by first-class mail, such
        Monthly Fee Statement, on:  (a) the Debtors, Marelli Automotive Lighting
        USA LLC, 26555 Northwestern Highway, Southfield, Michigan 48033,
        Attn.:  Marisa Iasenza (marisa.iasenza@marelli.com); (b) proposed counsel
        to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York,
        New     York     10022,     Attn.:     Nicholas     M.     Adzima
        (nicholas.adzima@kirkland.com),      and      Evan      Swager
        (evan.swager@kirkland.com), (ii) Kirkland & Ellis LLP, 333 West Wolf
        Point Plaza, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C.
        (spencer.winters@kirkland.com), and (iii) Pachulski Stang Ziehl & Jones
        LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington,
        Delaware    19899    (Courier    19801),    Attn.:    Laura    Davis    Jones
        (ljones@pszilaw.com), Timothy P. Cairns (tcairns@pszilaw.com), and
        Edward A. Corma (ecorma@pszilaw.com); (c) the United States Trustee,
        844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801,
        Attn.: Jane Leamy (Jane.M.Leamy@usdoj.gov) and Timothy J. Fox, Jr.
        (timothy.fox@usdoj.gov); (d) counsel to the DIP Agent, Mayer Brown
        LLP, 1221 Avenue of the Americas, New York, New York 10020-1001,
        Attn.:  Jason Elder (jason.elder@mayerbrown.com); (e) counsel to Mizuho
        Bank, Ltd., (i) in all capacities other than as the Prepetition Agent, Davis
        Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York

10017, Attn.: Timothy Graulich (timothy.graulich@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com) and (ii) in its capacity as the Prepetition Agent, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Robert S. Brady (rbrady@ycst.com) and Andrew L. Magaziner (amagaziner@ycst.com); (f) counsel to the Ad Hoc Group of Senior Lenders, (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff (idizengoff@akingump.com) and Anna Kordas (akordas@akingump.com), (ii) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street NW, Washington, D.C., 20006, Attn.: Scott L. Alberino (salberino@akingump.com), Kate Doorley (kdoorley@akingump.com), and Alexander F. Antypas (aantypas@akingump.com), and (iii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, Delaware 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com) and Stacy L. Newman (snewman@coleschotz.com); (g) counsel to the Initial Tranche A Lender, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Joseph Minias (jminias@willkie.com) and Christine Thain (cthain@willkie.com), (ii) Willkie Farr & Gallagher LLP, 600 Travis Street, Houston, Texas 77002, Attn: Jennifer J. Hardy (jhardy2@willkie.com), and (iii) Bayard P.A., 600 N. King St. Suite 400, Wilmington, Delaware 19801, Attn: Ericka F. Johnson (ejohnson@bayardlaw.com) and Steven D. Adler (sadler@bayardlaw.com); (h) counsel to the Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn.: Brian S. Hermann (bhermann@paulweiss.com) and Jacob A. Adlerstein (jadlerstein@paulweiss.com); (i) co-counsel to the Committee, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn.: Kristopher M. Hansen (krishansen@paulhastings.com), Jonathan D. Canfield (joncanfield@paulhastings.com), Gabriel E. Sasson (gabesasson@paulhastings.com), and Marcella Leonard (marcellaleonard@paulhastings.com), and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn.: Eric J. Monzo (emonzo@morrisjames.com), Jason S. Levin (jlevin@morrisjames.com), and Siena B. Cerra (scerra@morrisjames.com); and (j) any other statutory committee appointed in these chapter 11 cases, as applicable (each, an "Application Recipient" and, collectively, the "Application Recipients"). Any Professional that fails to file a consolidated Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(b)     Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) twenty-one days after service of a Monthly Fee Statement to review such Monthly Fee Statement ("Objection Deadline"). The Objection Deadline shall be conspicuously noted on the Monthly Fee Statement.

Upon the expiration of such twenty-one-day period, if no Application Recipient has filed with the Court a Notice of Objection to Monthly Fee Statement (as defined herein), the applicable Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an Objection pursuant to subparagraph (c) below.

(c)     If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within twenty-one days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and such Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen days after service of the Notice of Objection to Monthly Fee Statement (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forgo payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each, as defined herein), at which time the Court will consider the Objection, if requested by the parties.[3]

(d)     If a Notice of Objection to Monthly Fee Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel ("COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses

---

[3]   For the avoidance of doubt, no Professional shall file a CNO or otherwise request entry of an order approving payment of any fees or expenses if any objection has been raised, either formally or informally, and such objection has not been resolved.

4

of the agreed amount; *provided* that no payment shall be made before the expiration of the Objection Deadline.

(e)     Each Professional may submit its first Monthly Fee Statement on or after August 5, 2025.  This initial Monthly Fee Statement will cover the period from the Petition Date through July 31, 2025.  Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(f)     Beginning with the period ending on September 30, 2025, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002.  The Interim Fee Application should conform to the requirements of the Local Rules, the Bankruptcy Rules, and sections 330 and 331 of the Bankruptcy Code.  Application Recipients will have twenty-one days after service of an Interim Fee Application to object thereto (the "Interim Fee Application Objection Deadline").  The Interim Fee Application Objection Deadline shall be conspicuously stated on the respective Interim Fee Application.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including September 30, 2025.

(g)     The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO or COC.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

(h)     A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

(i)     Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of

interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j)     Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement and/or Interim Fee Application nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement and/or an Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

3.     In each Interim Fee Application and Final Fee Application, all professionals who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court and (b) if the professional is an attorney, intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

4.      Each member of the Committee and any other official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

5.      The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

6.      Notwithstanding the relief granted in this Order, all authorizations herein and all payments and actions pursuant hereto shall be subject to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 109] and any final order of the Court approving the debtor-in-possession financing in these chapter 11 cases (collectively, the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders or the DIP Documents (as defined in the DIP Orders).  For the avoidance of doubt, any DIP Professional Fees and/or Adequate Protection Fees (each as defined in the DIP Orders and DIP Documents) shall not

be subject to the terms of this Order. To the extent there is any inconsistency between the terms of the DIP Orders or the DIP Documents and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders or the DIP Documents, as applicable, shall control.

7.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 5th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

8