# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: <br><br> MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] <br><br> Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 25-11034 (CTG) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Re: Docket No. 261, 468** |

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(A) AND 328 OF THE BANKRUPTCY CODE

Upon the application (the "Application") of the debtors in possession in the above-captioned case (collectively, the "Debtors" or the "Company") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, *nunc pro tunc* to the date of filing of these cases (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit B; and upon the *Declaration of Tony Simion in Support of Debtors' Application to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisors to Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code* (the "Simion Declaration") annexed

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

thereto as <u>Exhibit C</u>; and upon the *Supplemental Declaration of Tony Simion in Support of Debtors' Application to Employ and Retain Alvarez & Marsal North America, LLC, as Financial Advisors to Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code* (the "<u>Supplemental Declaration</u>"); and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter as modified by this Order.

4. The terms of the Engagement Letter, including without limitation, the compensation and indemnification provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

5. The Debtors are authorized to compensate and reimburse A&M pursuant to the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

6. Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Simion Declaration, the indemnification provisions are hereby modified as follows:

   a. An Indemnified Party shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtors shall have no obligation to indemnify an Indemnified Party, or provide contribution or reimbursement to an Indemnified Party, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from an Indemnified Party's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to an Indemnified Party's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by the Application and this Order;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Application and this Order), including without limitation the advancement of defense costs, an Indemnified Party must file an application therefore in this Court, and the Debtors may not pay any such amounts to an Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by an Indemnified Party for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify an Indemnified Party. All parties in interest shall retain the right to object to any demand by an Indemnified Party for indemnification, contribution or reimbursement; and

   d. For services rendered during these chapter 11 cases, the following language in the indemnification and limitation on liability agreement (the "<u>Indemnity</u>

Agreement") attached to the Engagement Letter shall be of no force and effect: (1) in clause (A) of the Indemnity Agreement: "in no event will any Indemnified Party have any liability to the Company for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity)" and (2) in clause (D) of the Indemnity Agreement: "; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement.

7. To the extent that A&M uses the services of subcontractors (the "Contractors") in these cases, A&M shall (i) pass through the cost of such Contractors to the Debtors at the same rate that A&M pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for A&M; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors.

8. A&M shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court with respect to each of A&M's monthly, interim and final fee applications, including but not limited to all time keeping requirements of Local Rule 2016-2 and with such other procedures as may be fixed by order of this Court.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: August 5th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**