IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) ) ) | Case No. 25-11034 (CTG) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket Nos. 268, 476** |

**ORDER (I) AUTHORIZING
THE RETENTION AND EMPLOYMENT OF PWC ADVISORY LLC
EFFECTIVE AS OF JUNE 11, 2025 AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to retain and employ PwC Advisory LLC ("PwC LLC"), effective as of June 11, 2025, pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications provided for herein all as more fully set forth in the Application; and upon the First Day Declarations, the Nomoto Declaration, and the supplemental declaration of Akira Nomoto, dated August 5, 2025 (the "Supplemental Declaration" and together with the Nomoto Declaration, the "Nomoto Declarations"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings given to them in the Application.

this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is GRANTED as set forth herein.

2.  The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-1, to employ and retain PwC LLC to provide advisory services to the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, as limited and modified by this Order.

3.  Except as otherwise set forth herein, the terms and conditions of PwC LLC's employment as provided in the Engagement Letter are reasonable and are hereby approved as set forth herein. Further, the Fee and Expense Structure, as set forth in the Engagement Letter, is approved, and PwC LLC shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, subject to Court approval.

4.  PwC LLC may file monthly, interim, and/or final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these

chapter 11 cases with this Court in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, and, solely as to a fixed fee portion of engagements, PwC LLC shall be excused from keeping time records for services rendered in one-tenth (0.10) of an hour increments.

5. PwC LLC shall include in its fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

6. Solely as to any fixed fee compensation requests: (i) PwC LLC shall be excused from keeping time records in tenth of an hour (0.10) increments; and (ii) any objections related thereto shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to the standard of review in section 330 of the Bankruptcy Code or any other standard of review, except, notwithstanding any provisions to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to PwC LLC's fees, expenses, and other compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. If the Debtors request and PwC LLC agrees to provide additional services, PwC LLC and the Debtors may enter into additional agreements, statements of work, or amendments with respect to the Engagement Letter. Any additional agreements, statements of work, or

amendments will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within ten (10) days after the filing and service of such supplemental declaration, PwC LLC's employment and retention, including as to the additional agreements, statements of work, amendments, and/or services, shall continue as authorized pursuant to this Order.

8. Prior to any increases in PwC LLC's fees, PwC LLC shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and counsel to the Committee. The supplemental declaration shall explain the basis for the requested fee increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee and the Committee retain all rights to object to any fee increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by this Court.

9. The indemnification provisions of the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

   a. PwC LLC and its personnel (the "Indemnified Persons") shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtors' estates shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Person's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of PwC LLC's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive

       indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

10. To the extent that the provisions of this Order are inconsistent with the provisions of the Application, the Engagement Letter, or the Nomoto Declarations, the provisions of this Order shall govern.

11. Notwithstanding anything to the contrary in the Application, the Nomoto Declarations, the Engagement Letter, or other relevant retention documents, any limitation of liability provision in the Engagement Letter shall be of no force and effect during the pendency of these chapter 11 cases.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors and PwC LLC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15. Notwithstanding any provision to the contrary in the Application, the Engagement Letter, or the Nomoto Declarations, the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. For the avoidance of doubt, during the pendency of the Debtors' bankruptcy cases, any provision of the unmodified Engagement Letter that provides for mediation or arbitration shall not be applicable unless this Court lacks or declines to exercise jurisdiction.

**Dated: August 6th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**