IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) Case No. 25-11034 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 253 |

**ORDER (I) AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Schedule 1**, **Schedule 2**, and **Schedule 3** in the ordinary course of business pursuant to the following OCP Procedures:

   a. Within thirty days after the later of (i) the date of entry of this Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Marelli Automotive Lighting USA LLC, 26555 Northwestern Highway, Southfield, Michigan 48033, Attn.: Marisa Iasenza (marisa.iasenza@marelli.com); (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Spencer A. Winters, P.C. (spencer.winters@kirkland.com), and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicholas M. Adzima (nicholas.adzima@kirkland.com) and Evan Swager (evan.swager@kirkland.com); (c) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801), Attn.: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (Jane.M.Leamy@usdoj.gov) and Timothy J. Fox, Jr. (timothy.fox@usdoj.gov); (e) counsel to the DIP Agent, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020-1001, Attn.: Jason Elder (jason.elder@mayerbrown.com); (f) counsel to Mizuho Bank, Ltd., in all capacities other than as Prepetition Agent, Davis Polk & Wardwell LLP, 450

Lexington Avenue, New York, New York 10017, Attn.: Timothy Graulich (timothy.graulich@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com); (g) counsel to Mizuho Bank, Ltd., in its capacity as Prepetition Agent, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Robert S. Brady (rbrady@ycst.com) and Andrew L. Magaziner (amagaziner@ycst.com); (h) counsel to the Ad Hoc Group of Senior Lenders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn.: Ira S. Dizengoff (idizengoff@akingump.com) and Anna Kordas (akordas@akingump.com), Akin Gump Strauss Hauer & Feld LLP, 2001 K Street NW, Washington, D.C. 20006, Attn.: Scott Alberino (salberino@akingump.com), Kate Doorley (kdoorley@akingump.com), and Alexander F. Antypas (aantypas@akingump.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn.: Justin R. Alberto (jalberto@coleschotz.com) and Stacy L. Newman (snewman@coleschotz.com); (i) counsel to the Initial Tranche A Lender, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn.: Joseph Minias (jminias@willkie.com) and Christine Thain (cthain@willkie.com), Willkie Farr & Gallagher LLP, 600 Travis Street, Houston, Texas 77002, Attn.: Jennifer J. Hardy (jhardy2@willkie.com), and Bayard P.A., 600 N. King St. Suite 400, Wilmington, Delaware, 19801, Attn.: Ericka F. Johnson (ejohnson@bayardlaw.com) and Steven D. Adler (sadler@bayardlaw.com); (j) counsel to the Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn.: Brian S. Hermann (bhermann@paulweiss.com) and Jacob Adlerstein (jadlerstein@paulweiss.com); and (k) co-counsel to the Committee, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn.: Kristopher M. Hansen (krishansen@paulhastings.com), Jonathan D. Canfield (joncanfield@paulhastings.com), Gabriel E. Sasson (gabesasson@paulhastings.com), and Marcella Leonard (marcellaleonard@paulhastings.com) and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn.: Eric J. Monzo (emonzo@morrisjames.com), Jason S. Levin (jlevin@morrisjames.com), and Siena B. Cerra (scerra@morrisjames.com) (collectively, the "Notice Parties").

b. The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all

  outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

d. The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on **Schedule 1** attached hereto, excluding costs and disbursements, may not exceed $275,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 1 OCP Monthly Cap"), the fees of each OCP set forth in **Schedule 2** attached hereto, excluding costs and disbursements, may not exceed $100,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 2 OCP Monthly Cap"), and the fees of each OCP set forth in **Schedule 3** attached hereto, excluding costs and disbursements, may not exceed $25,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 3 OCP Monthly Cap" and together with the Tier 1 OCP Monthly Cap and the Tier 2 OCP Monthly Cap, the "OCP Caps"). The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, the Ad Hoc Group of Senior Lenders, the DIP Agent, and the Committee and any other statutory committee appointed in these chapter 11 cases, as applicable; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e. To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise. Any such OCP that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (effective as of November 1, 2013) in connection with such Fee Application.

    f.  Beginning on the quarter ending September 30, 2025, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

    g.  The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

    h.  Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Cap.

3.    The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps. The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Notwithstanding the relief granted in this Order, all authorizations herein and all payments and actions pursuant hereto shall be subject to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 109] and any final order of the Court approving the debtor-in-possession financing in these chapter 11 cases (collectively, the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders or the DIP Documents (as defined in the DIP Orders). For the avoidance of doubt, any DIP Professional Fees and/or Adequate Protection Fees (each as defined in the DIP Orders and DIP Documents) shall not be subject to the terms of this Order. To the extent there is any inconsistency between the terms of the DIP Orders or the DIP Documents and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders or the DIP Documents, as applicable, shall control.

7. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party

in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 6th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE