IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MARELLI AUTOMOTIVE LIGHTING USA LLC., *et al.,*[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-11034 (CTG) <br><br> (Jointly Administered) <br><br> **Re: Docket No. 341** |

**ORDER AUTHORIZING RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISOR
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI"), as financial advisors; and upon the Diaz Declaration[2] in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Committee and the Debtors' estates, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 1103, the Committee is authorized to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

17470429/1

employ and retain FTI as its financial advisor as of June 27, 2025 on the terms set forth in the Application.

3. FTI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the Local Rules of this Court, and any other applicable orders entered by the Court.

4. Notwithstanding anything in the Application or any supporting declaration to the contrary, FTI shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid, subject to the limits set forth in Local Rule 2016-2(e). In the event that, during the pendency of these chapter 11 cases, FTI seeks reimbursement of any legal fees, and/or expenses related to the Application and the preparation of future fee applications as approved by the Court, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; provided, however, that FTI shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these chapter 11 cases.

5. The following indemnification provisions are approved:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and

       indemnification therefor are approved by this Court; and

b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

6.     FTI shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application. The U.S. Trustee, the Committee, and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.     To the extent that FTI uses the services of independent or third-party contractors or subcontractors (the "<u>Contractors</u>") in these chapter 11 cases and FTI seeks to pass through the fees and costs of the Contractors, FTI shall (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors

only. In addition, FTI shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8. FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

9. If there is any inconsistency between the terms of the Application, the Diaz Declaration, and this Order, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

**Dated: August 11th, 2025**  
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**