## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARELLI AUTOMOTIVE LIGHTING USA LLC., *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### GLOBAL NOTES AND STATEMENTS OF
### LIMITATIONS, METHODOLOGY, AND DISCLAIMERS
### REGARDING THE DEBTORS' SCHEDULES OF ASSETS
### AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Marelli Automotive Lighting USA LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[3]

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2]   A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the Declaration of *David Slump, Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]   These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any portion of the Global Notes with respect to any individual Debtor's Schedules and Statement and not to those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such portion of the Global Notes to any of the Debtors' other Schedules and Statements, as appropriate.

The Debtors have historically prepared consolidated quarterly and annual financial statements in accordance with the international financial reporting standards ("IFRS") issued by the International Accounting Standards Board.  The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a standalone, unconsolidated basis.  The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, has been prepared solely for the purpose of the Debtors' compliance with disclosure obligations in chapter 11, and is presented on a preliminary and unaudited basis.  As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with IFRS, generally accepted accounting principles utilized in the United States of America ("GAAP"), or any other accounting standards, nor do the Schedules and Statements include all of the information and notes required by any such accounting standards.  Upon the application of such standards, the financial information could be subject to changes, which could be material.  These Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS or GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors have prepared the Schedules and Statements using the best information presently available to them, which has been collected, maintained, and prepared in accordance with their historical accounting practices but which has not been adjusted, audited, or reconciled as information presented in the Debtors' consolidated financial statements is adjusted, audited, or reconciled.  The Schedules and Statements generally reflect operations and financial information of the Debtors in a form not maintained by the Debtors in the ordinary course of their business and are not intended to reconcile to the consolidated financial statements prepared by the Debtors.  Accordingly, the amounts set forth in the Schedules and Statements may materially differ from the Debtors' historical consolidated financial statements.  Because the Debtors' accounting systems, policies, and practices were developed to produce consolidated financial statements, rather than financial statements by legal entity, it is possible that not all assets, liabilities, income, or expenses have been recorded on the correct legal entity.

In preparing the Schedules and Statements, the Debtors relied on financial and other data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements.  In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Alanna Abrahamson, Chief Financial Officer of parent Debtor Marelli Holdings Co., Ltd. ("Marelli Holdings") and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Ms. Abrahamson has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Ms. Abrahamson has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Any audit, any future analysis of the information contained in the Schedules and Statements (or the data there underlying), or subsequent receipt of any information may result in material changes in information requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend, modify, or supplement the Schedules and Statements from time to time as may be necessary or appropriate; provided that the Debtors, their agents, and their advisors expressly do not undertake any obligation to amend, modify, or supplement the information provided herein or to notify any third party should the information be amended, modified, or supplemented in any way, except to the extent required by applicable law.

The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates, as the information (including results of operations) contained therein are not necessarily indicative of results which may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future.

Disclosure of information in one or more of the Schedules, one or more of the Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## **Global Notes and Overview of Methodology**

4.  **Description of the Debtors' Chapter 11 Cases**. The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on June 11, 2025 (the "Petition Date"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 12, 2025, the Bankruptcy Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 102]. On June 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 184]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of May 31, 2025, the date of the Debtors' fiscal-month-end closure to their balance sheet, and the liability data of the Debtors is as

of the close of business on the Petition Date. No trustee or examiner has been appointed in these chapter 11 cases.

5.    **Global Notes Control**. In the event that any portion of the Schedules or Statements differs from any portion of the Global Notes, the Global Notes shall control. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

6.    **Reservation of Rights**. Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend, modify, or supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a.    **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b.    **Claims Listing and Descriptions**. The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly. Any failure to designate a claim set forth on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   c.    **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as

necessary or appropriate, including, without limitation, whether contracts or leases included in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

d.    **Classifications**.  The (i) listing of a claim on Schedule D as "secured," (ii) listing of a claim on Schedule E/F as either "priority" or "unsecured priority," or (iii) listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e.    **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities and the amount of contingent assets and contingent liabilities as of the Petition Date.  The reported amounts of revenues are as of the latest available prepetition month-end close, which is May 31, 2025.  Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.    **Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims

pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.    **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property described as owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.    **Insiders**.  The Debtors have attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtors' good faith belief, may be deemed an "insider" within the meaning of such term in the Bankruptcy Code.  As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.  The Debtors have also considered the requirements of IFRS and other reporting standards and their public disclosures with respect to designating certain individuals and entities as "insiders" herein.

The inclusion or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders within the meaning of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities included as insiders in the Schedules and Statements may not be used for:  (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and other governing laws, or with respect to any theories of liability or (ii) any other purpose.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date (if at all), but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

7.    **Methodology**.

a.    **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, but have provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under IFRS.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS nor are they intended to reconcile fully to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors have attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Additionally, assets, liabilities, or cash disbursements inadvertently may have been omitted from the Schedules and Statements.  Accordingly, the Debtors reserve all rights to amend, modify, and/or supplement the Schedules and Statements in these regards, and in any case, the actual terms governing ownership of assets, obligations under liabilities, and amounts of cash disbursements govern the assets, liabilities, disbursements, and other transactions included in the Schedules and Statements.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b.    **Reporting Date**.  Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records (i) for asset data as of May 31, 2025, which follows the Debtors' last available fiscal month preceding the commencement of

these chapter 11 cases and the date of the Debtors' month-end closure to their balance sheet, and (ii) for liability data as of close of business on the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.　　**Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses).  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors are authorized or required to redact certain information from the public record pursuant to orders of the Bankruptcy Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[4]

d.　　**Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 15] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  The Cash Management System is supported by approximately 500 bank accounts, all of which are owned and controlled by the Debtors.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims").  The Debtors maintain records of the Intercompany Claims and Intercompany Transactions.  Pursuant to the *Third Interim Order*

---

[4]　*See, e.g., Final Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, (B) Redact Certain Personally Identifiable Information of Individuals, and (C) Serve Certain Parties in Interest by Email, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 279].

*(I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 332] (the "<u>Cash Management Order</u>"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate or joint venture is a statement of what appears in the Debtors' books and records and is not an admission or concession by the Debtors as to the amount, allowance, characterization, classification, or validity of such account. The Debtors take no position in the Schedules and Statements as to whether such account would be allowed as a claim or as an interest or not allowed at all. The Debtors reserve all rights with respect to such accounts.

In addition, certain of the Debtors act on behalf of other Debtors. Because the Debtors' historical and current accounting practices have been designed for the preparation of consolidated financial statements and records, in some cases, the Debtors may be unable to ascertain with precision certain intercompany balances among specific Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.   **Duplication**. Certain of the Debtors' assets, liabilities, prepetition payments, and executory contracts or unexpired leases may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined in certain instances to only list such assets, liabilities, and prepetition payments once. In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f.   **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of May 31, 2025 are presented for all assets. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately

realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, modify, or supplement the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are set forth with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g. **Language Translation**. The Debtors conduct business in multiple languages, including languages that do not use Roman characters. Solely for the purpose of preparing the Schedules and Statements, and in an effort to promote English-language legibility of certain disclosures, the Debtors have translated (or Romanized, as the case may be) certain parties' names, certain terms, conditions, and descriptions of documents or transactions, and certain other terms. Such translations are provided for illustrative purposes only and inadvertently may contain errors or omissions. In other cases, the Debtors have presented certain parties' names or addresses, certain terms, conditions, and descriptions of documents or transactions, and certain other terms in their original language. In any case, the original-language names, terms, and conditions of any transaction described in the Schedules and Statements govern such transaction in all respects.

h. **Currency and Foreign Currency Conversion**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated. The Debtors conduct business in multiple currencies. Solely for the purpose of preparing the Schedules and Statements, non-U.S. currency amounts have been translated using publicly available prevailing foreign-exchange rates as of the Petition Date. Such translations are provided for illustrative purposes only and may differ materially from both current market values and market values at the time of the transactions described in the Schedules and Statements. Due to the fluctuations in exchange rates, the individual translation of specific accounts may not perfectly "balance" or "tie" to other amounts set forth in the Schedules and Statements. In any case, the original currency of any transaction described in the Schedules and Statements shall control.

i. **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing the Debtors to, among other things, pay certain prepetition: (i) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (ii) taxes and assessments; (iii) customer program obligations; (iv) service fees and charges assessed by the Debtors' banks; (v) insurance obligations; and (vi) certain vendor obligations (collectively, the "First Day Orders"). As such, outstanding prepetition liabilities may have been reduced by certain Court-approved postpetition payments made on prepetition

liabilities.  Where and to the extent these liabilities have been satisfied in full, they are not included in the Schedules and Statements, unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

j.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts set forth in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims set forth in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend, modify, and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

k.    **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations and/or other disputes or reconciliation activities between the Debtors and their customers or vendors.  In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts may be set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary-course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

l.    **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any outstanding prepetition obligations under such agreements that are known to the Debtors have been included in Schedule F, and the underlying lease agreements have been included in Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is unexpired, a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

m.    **Liens**.  The inventories, property, and equipment included in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories,

property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).

n. **Excluded Assets and Liabilities**. The Debtors have excluded certain assets and liabilities otherwise included in their financial statements or books and records in the Schedules and Statements. Certain liabilities resulting from accruals, liabilities recognized in accordance with IFRS, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific rights to payment or other claims as of the Petition Date and are not set forth in the Schedules. Additionally, certain deferred assets, charges, accounts, or reserves recorded for IFRS reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules. Other excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court. Other immaterial or de minimis assets and liabilities may also have been excluded.

o. **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend, modify, and/or supplement the Schedules and Statements as they deem appropriate in this regard.

p. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt issued by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules may include each Debtor's guarantee obligations, or, where a Debtor's guarantee obligations are contingent on the primary obligor's satisfaction of the guaranteed debt, such amounts may exclude the Debtor's undetermined guarantee obligations.

q. **Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their secured financings, debt instruments, leases, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities for the affected Debtor or Debtors. The Debtors have reflected the obligations under the

Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted.  The Debtors reserve the right but are not required, to amend, modify, or supplement the Schedules and Statements if additional Guarantees are identified.

r.    **Executory Contract Counterparties**.  Although the Debtors made diligent efforts to attribute each executory contract or unexpired lease to the Debtor or Debtors that are the legal counterparty or counterparties to such contract or lease, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

s.    **Umbrella or Master Agreements**.  Contracts and leases included in the Schedules and Statements may be umbrella, master, or national agreements that cover relationships with some or all of the Debtors.  Where relevant, the Debtors have made commercially reasonable efforts to include such agreements in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with the listed Debtor on account of such agreements, and the Debtors reserve the right to amend, modify, or supplement the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

Underlying contract or lease schedules, award letters, purchase orders, individual leases, and other ancillary agreements may not be individually listed.  The general terms and conditions, master service agreements, or other documents under which such agreements may have been entered into by the Debtors and counterparties may have been included in Schedule G, but such inclusion does not reflect any admission or decision by the Debtors as to whether or not such agreements are executory in nature.

t.    **Unliquidated Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

u.    **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

v.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are set forth in the amounts entered in the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such

credits, allowances, or other adjustments, including but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such other allowances in the ordinary course of business on a postpetition basis.

w.     **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim set forth in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates set forth in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

## Specific Schedules Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the total assets set forth on the Schedules are derived from amounts included in the Debtors' books and records as of May 31, 2025.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

## Part 1 –   Cash and Cash Equivalents

**Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.**  Schedule A/B 3 lists bank account balances at net book value as of the Petition Date.  Further details with respect to the Debtors' cash management system and bank accounts are also provided in the Cash Management Motion and Cash Management Order.

## Part 2 –   Deposits and Prepayments

a.     **Schedule A/B 7 – Deposits**.  The Debtors maintain certain deposits in the ordinary course of business.  These deposits are included in the Schedules for the appropriate legal entity at net book value as of the Debtors' fiscal-month close.  The Debtors have made commercially reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve the right, but are not required, to amend, modify, or supplement the Schedules and Statements if deposits are incorrectly identified.  Certain prepaid assets are not included in Part 2 in accordance with the Debtors' accounting policies.  The amounts set forth in Part 2 do not necessarily reflect values that the Debtors would be able to collect or realize.

b.     **Schedule A/B 8 – Prepayments**.  The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business.  The Debtors have made commercially reasonable efforts to report the current value of any prepayments as of the Petition Date.  The

Debtors may have inadvertently omitted prepayments and conversely may have reported prepayments that are no longer outstanding. The Debtors reserve the right, but are not required, to amend, modify, or supplement the Schedules and Statements if prepayments are incorrectly identified.

**Part 3 –** <u>**Accounts Receivable**</u>

**Schedule A/B 11 – Accounts Receivable**. The Debtors' accounts receivable information set forth in Schedule A/B 11 includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables, which are included instead in Schedule A/B 77.

**Part 4 –** <u>**Investments**</u>

**Schedule A/B 15 – Investments**. Schedule A/B 15 includes the Debtors' wholly-owned subsidiary entities which are directly owned by each Debtor entity. Subsidiaries owned indirectly by a Debtor are not included. Values of the ownership interests in subsidiaries included in Schedule A/B 15 have been set forth at undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Part 5 –** <u>**Inventory, Excluding Agricultural Assets**</u>

a.  **Schedule A/B 19 – Raw Materials; Schedule A/B 21 – Finished Goods, Including Goods Held for Resale**. Amounts are valued as of May 31, 2025, and include goods in the Debtors' possession, goods in transit and not yet received in the Debtors' facilities, and capitalized freight. Amounts are shown net of reserves and other adjustments.

b.  **Schedule A/B 25 – Goods Purchased Within 20 Days Prior to Filing Date**. The value of any goods purchased within 20 days prior to the Petition Date has been set forth at undetermined amounts because the Debtors' accounting systems, policies, and practices do not maintain records of such amounts, and deriving any such value would be unduly burdensome, costly, and inefficient.

**Part 7 –** <u>**Office Furniture, Fixtures, and Equipment; and Collectibles**</u>

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis to include furniture, fixtures, certain office equipment, plant and machinery, industrial equipment, and tangible assets in progress. All of these items are included in Schedule A/B 50 as "other equipment."

**Part 8 –**  <u>**Machinery, Equipment, and Vehicles**</u>

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis to include furniture, fixtures, certain office equipment, plant and machinery, industrial equipment, and tangible assets in progress. All of these items are included in Schedule A/B 50 as "other equipment." Dollar amounts are presented net of accumulated depreciation and other adjustments. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 9 –**  <u>**Real Property**</u>

Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size of such documents, and in the interest of avoiding voluminous duplication, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have included a description of each such agreement on Schedule G.

**Part 10 –**  <u>**Intangibles and Intellectual Property**</u>

Part 10 of Schedule A/B identifies the various copyrights, industrial designs, patents, trademarks, internet domain names, websites, customer lists, and goodwill owned and maintained by the Debtors. The Schedules may not set forth the value of such intangible assets as no recent appraisals have been performed. Various software licenses the Debtors use for its operations, which are easily obtainable and hold minimal value, are not included. Various intellectual property licenses granted to the Debtors by customers in connection with the Debtors' production operations are not included. The license agreements or other agreements for such licenses are included in Schedule G.

**Part 11 –**  <u>**All Other Assets**</u>

a.  **Schedule A/B 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**. The Debtors estimate that, as of December 31, 2024, certain Debtors had approximately $26.97 million of U.S. federal net operating losses, approximately $15.3 million of business interest expense carryforwards under section 163(j) of the United States Internal Revenue Code, and approximately $26 million of U.S. federal research and development credit carryforwards. The Debtors more fully describe their U.S. tax attributes in the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. 6]. In addition, certain of the Debtors have tax attributes in non-U.S. jurisdictions. The actual value of such tax attributes remains uncertain, including because such value may be affected by these chapter 11 cases and the Debtors' proposed restructuring. Accordingly, the Debtors have set forth the value of non-U.S. tax attributes as undetermined.

b.  **Schedule A/B 73 – Interests in Insurance Policies or Annuities**. The Debtors maintain various insurance policies administered by multiple third-party insurance

carriers and various surety bonds provided by multiple third-party sureties. The Insurance Policies provide coverage for losses related to, among other things, property and casualty, environmental liability, marine cargo and inland shipping, directors' and officers' liability, cybersecurity and data loss, crime, employment practices liability, kidnapping and ransom liability, accident liability, employer's liability, product liability, product recall, fidelity, auto liability, and general liability (including tail coverage). The Debtors more fully describe such policies in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Pay Related Prepetition Obligations, (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (C) Maintain, Renew, or Supplement the Surety Bonds, and (D) Pay Brokerage Fees and (II) Granting Related Relief* [Docket No. 11] (the "Insurance Motion"). Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

c.    **Schedule A/B 75 – Other Contingent and Unliquidated Claims**. The Debtors have attempted to list known contingent and unliquidated claims and causes of action as of the Petition Date. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be included in Schedule A/B 75. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors are continuing to review potential causes of action, and, accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any claims, causes of action, or avoidance actions they may have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

## Specific Notes Regarding Schedule D

A detailed description of the Debtors' capital structure and secured debt obligations is set forth in the First Day Declaration.

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor included in Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

Although there are multiple parties that hold portions of the debt included in the Debtors' prepetition funded debt obligations, only the administrative agents have been included for purposes of Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the liens identified herein were identified based on lien searches conducted by the Debtors or their professionals in May 2025. The Debtors have not confirmed the validity of these liens or the underlying amounts owed in all cases. Therefore, certain of these liabilities are set forth in undetermined amounts and designated contingent, unliquidated, and disputed in order to preserve the rights of the Debtors, and the Debtors expressly retain the right to dispute any purported obligation.

Schedule D does not include beneficiaries of letters of credit. Although the claims of certain parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, not to the beneficiaries thereof. The Debtors have not included any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been included on Schedule D.

## Specific Notes Regarding Schedule E/F

a. **Part 1 – Creditors with Priority Unsecured Claims**. The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business. The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the amount and/or priority status of any claim on any basis at any time.

Certain tax claims owing to various taxing authorities may be subject to ongoing audits. Accordingly, the amounts of many, if not all, of the tax claims set forth in Schedule E/F, Part 1 remain uncertain, and the Debtors have set forth all such claims as undetermined in amount, pending resolution of ongoing audits or other outstanding issues.

Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue the Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 321] (the "Wages Order"), the Debtors received authority to pay

certain prepetition obligations, including, without limitation, obligations related to employee wages and other benefits, in the ordinary course of business. Accordingly, the Debtors have not included on Schedule E/F, Part 1 any wage or wage-related obligations for which the Debtors have been granted authority to pay that may be entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during these chapter 11 cases.

b. **Part 2 – Creditors with Nonpriority Unsecured Claims**. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The Debtors have made reasonable efforts to attribute the liabilities set forth in Schedule E/F to the rightful Debtor; however, in some instances, a liability listed against one Debtor may, in fact, lie against another.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtors have not listed a specific date or dates for such claim. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

Information regarding pending or threatened litigation involving the Debtors is set forth as undetermined in amount and as contingent, unliquidated, and disputed.

Trade payables scheduled on Schedule E/F, Part 2 include the prepetition liability information reasonably available to the Debtors as of the Petition Date. Certain claims set forth in Schedule E/F, Part 2 may include prepetition balances that were paid subsequent to the Petition Date under authority granted by certain First Day Orders. In addition, certain claims set forth in Schedule E/F, Part 2 may exclude trade payables for goods shipped prepetition and not yet invoiced or goods shipped prepetition for which an invoice has not yet been processed and/or validated by the Debtors, including where there may be discrepancies between or among a shipment and the purportedly corresponding invoice or purchase order. In instances where the Debtors have been unable to validate or process any invoice for a vendor, such vendor may have been included with a contingent and unliquidated claim in an undetermined amount.

Customer claims scheduled on Schedule E/F, Part 2 include, among other things, claims arising from prepayments for the Debtors' products, prepayments for dedicated capital expenditures, and other commitments made by the Debtors. Certain claims set forth in Schedule E/F, Part 2 may include prepetition amounts

that the Debtors have satisfied or are in the process of satisfying in the ordinary course of business under authority granted by the Bankruptcy Code and certain First Day Orders (e.g., capital expenditures funded by customers prepetition) and may have been designated contingent.  Customer claims scheduled on Schedules E/F, Part 2 do not include all of the Debtors' commitments or obligations to customers and may exclude, among other things, contingent warranty obligations, certain non-conformance claims, and price indexing.  The Debtors more fully describe certain of their customer obligations in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Existing Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 14].

As noted above, certain accruals, liabilities recognized in accordance with IFRS, and/or estimates of long-term liabilities have been excluded.

## Specific Notes Regarding Schedule G

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  Schedule G may be amended, modified, or supplemented at any time to add any omitted Agreements.

The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend, modify, or supplement Schedule G as necessary.

The contracts, agreements, and leases set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G.  Certain leases included in Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not independently set forth on Schedule G.  Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

The Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments, letter agreements, master service agreements, indemnification agreements,

award letters, ancillary agreement, and confidentiality agreements, which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

Certain of the agreements set forth in Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor party or parties to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to include the agreement, but any such agreements may have been included instead on a different Debtor's Schedule G. In instances where the Debtor party to a contract or lease could not be determined, the contract or lease is included on the Schedules of Marelli Holdings.

In some cases, the same party appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. In other cases, a party may be listed only once even though such party may be a counterparty to multiple distinct agreements with one or more Debtors. In any case, Schedule G shall be deemed to include every distinct agreement between any party and one or more Debtors.

In some cases, the Debtors may have inadvertently named the incorrect Debtor party. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

## Specific Notes Regarding Schedule H

**Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth

on Schedule H.  However, some such claims may be included elsewhere in the Schedules and Statements.

**Specific Notes Regarding Statements**

a.   **Question 1 – Gross Revenue from Business; Question 2 – Non-Business Revenue**.  In the ordinary course of business, the Debtors receive rebates and other payments from vendors in connection with the Debtors' business relationships with such vendors.  Consistent with IFRS, the Debtors have historically accounted for such payments not as revenue but as a reduction to the Debtors' costs associated with such payments.  Accordingly, the Debtors do not include such amounts as revenue in Statements Question 1 or Statements Question 2.

The values reflected in Statements Question 1 and Statements Question 2 reflect revenue through May 31, 2025, and are presented on an accrual basis, not a cash basis.

Non-business revenue in Statements Question 2 includes such items as interest income.

b.   **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**.  The Debtors omitted various credits shown as negative disbursements, as these are not representative of the actual cash disbursements made by the Debtors.  These credit amounts arise from invoicing processes related to contractual changes and various real estate lease amendments and updates.  As a result, the total payments and/or transfers over the 90-day period prior to the Petition Date may be overstated.

As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

The payments disclosed in Statements Question 3 are based on payments made by the Debtors with payment dates from March 12, 2024, through June 10, 2025.  Prepetition amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

The response to Statements Question 3 excludes regular salary payments and intercompany disbursements or transfers for this period, which are set forth, to the extent required, on Statement 4.  The response to Statements Question 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services to the Debtors, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are included in the Debtors' response to Statements Question 11.

c.   **Question 4 – Payments or Transfers to Insiders**.  The information reported on Statements Question 4 is representative of the total payments made to insiders on behalf of multiple Debtor entities during the one year prior to the Petition Date.  For

the avoidance of doubt, Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company.

As described in the Cash Management Motion, certain Debtor cash accounts are zero-balance accounts or receipt accounts. Balances in these accounts are swept on at least a daily basis to Debtor concentration accounts. These transfers are ordinary course and voluminous and, for those reasons, have not been included in the Debtors' response to Statements Question 4.

As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue the Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 12] (the "Wages Motion"), the Debtors historically have offered (and continue to offer in the ordinary course of business) certain benefits, including health and welfare benefits, to their employees, including the insiders in the Debtors' response to Statements Question 4. Certain of these benefits are funded through a combination of employer contributions and deductions from employees' ordinary salary or wages. The Debtors do not track employer contributions to health and welfare benefit programs on a per-employee basis, and so such contributions have not been included in Statements Question 4. In addition, any deductions from an employee's salary are not indicated in the Debtors' response to Statements Question 4, and the amounts of such deductions have been included in such employee's salary, to avoid duplication.

Due to administrative and tax considerations, among other things, certain insiders of parent Debtor Marelli Holdings are paid by Debtors in such insiders' home jurisdictions, which Debtors have the capabilities and systems necessary to comply with regulations and requirements in such insiders' home jurisdictions (e.g., remitting payroll tax deductions in the U.S.). Any payment made by a subsidiary Debtor results in an intercompany charge and a liability to such Debtor owed by Marelli Holdings. Insider transfers are included in the response to Statements Question 4 of Marelli Holdings.

Individual payments by the Debtors to other Debtors or non-Debtor affiliates (including joint ventures) are not set forth in the Debtors' response to Statements Question 4 because of their complexity and voluminous nature. Setting forth such individual payments would be unduly burdensome, costly, and an inefficient use of estate resources. Net quarterly intercompany positions are included in the response to Statements Question 4 of Marelli Holdings. In addition, intercompany receivables and payables are included, respectively, on each Debtors' schedules of assets and liabilities.

d.   **Question 9 – Gifts or Charitable Contributions**. For the avoidance of doubt, Statements Question 9 excludes de minimis charitable contributions, including donations as may have been made at the local operational level.

e.      **Question 10 – Certain Losses**.  The Debtors have made commercially reasonable efforts to identify the Debtor entity for each loss, and, in instances where this could not be determined, the loss is included in the Statements and Schedules of Marelli Holdings.  Given the scale of the Debtors' operational footprint, certain losses cannot be tracked by the Debtors with complete accuracy.  Accordingly, such losses are accounted for elsewhere on the Debtors' Schedules based on general ledger accounts that capture such losses.

f.      **Question 11 – Payments Related to Bankruptcy**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are included in the response to Statements Question 11 of Marelli Holdings even where, for administrative convenience, certain payments were made by subsidiary Debtors.  Any such payment made by a subsidiary Debtor may result in an intercompany charge and a liability to such Debtor owed by Marelli Holdings.  All payments were made for the benefit of all Debtors.

Due to the nature of certain professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult.  Accordingly, the Debtors' response to Statements Question 11 may include some payments related to non-bankruptcy-related services.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

The Debtors' response to Statements Question 11 includes payments made to professionals retained by the Debtors but not payments made to advisors of any of their prepetition secured lenders or other parties.

g.      **Question 16 – Personally Identifiable Information**.  The Debtors collect a limited amount of information from individuals in the ordinary course of business.  A full list of information collected and the applicable privacy policies are available on the Debtors' website at https://marelli.com/en/policy/privacy-policy.html.

h.      **Question 20 – Off-Premises Storage**.  The Debtors' response to Statements Question 20 does not include owned in-transit goods.  The collection of this specific information would be a time-consuming exercise, as the in-transit goods may be handled by different shipping vendors at any given point in time.  Further, such in-transit goods are accounted for on the Debtors' Schedule of Assets in Schedule A/B Part 5 (inventory, excluding agriculture assets).  The Debtors' response to Statements Question 20 likewise does not include cloud-based storage of electronic information.

i.      **Question 25 – Other Businesses in which the Debtor Has or Has Had an Interest**.  The Debtors' response to Statements Question 25 includes legal entities

(including operating businesses) in which the Debtors currently have or historically have had an interest.

j.    **Question 26 – Books, Records, and Financial Statements**.  From time to time, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements.   The Debtors do not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26.

k.    **Question 27 – Inventories of the Debtors' Property**.  The Debtors perform full, "wall-to-wall" physical inventories on an annual basis.  In addition, the Debtors perform targeted cycle counts on a periodic basis throughout the year at frequencies determined in accordance with the Debtors' policies.  The Debtors' response to Statements Question 27 sets forth information regarding the Debtors' most recent wall-to-wall inventories, conducted in December 2024.

l.    **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Refer to the Methodology section regarding all payments to insiders.

m.    **Question 31 – Consolidated Tax Groups.**  The Debtors conduct business in multiple countries.  Certain Debtors have been members of consolidated group for tax purposes with other Debtors in the same country.  The Debtors' response to Statements Question 31 sets forth information regarding these tax groups, including the parent Debtor entity in each applicable country and such Debtor's tax identification number, even where such identification number is not a U.S. federal Employer Identification Number (EIN).

n.    **Question 32 – Pension Fund Contributions.**  Certain Debtors have made (and continue to make) contributions to pension funds outside the United States.  Applicable laws, regulations, and practices governing pension contributions vary significantly in different countries.  Accordingly, "pension funds" within the meaning under U.S. law may differ, may not exist in the same form, or may not exist at all in certain countries.  In some countries, contributions are made not to private pension plans but to national public welfare funds.  Out of an abundance of caution and in the interest of full disclosure, the Debtors' response to Statements Question 32 includes certain such contributions even where they may not strictly align with the definition of contribution to "pension funds" under applicable U.S. law.

**Fill in this information to identify the case:**

Debtor name  Marelli International Trading (Shanghai) Co., Ltd

United States Bankruptcy Court for the:    District of Delaware

Case number (If known)  25-11083

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2025 MM/DD/YYYY | to | 5/31/2025 MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $  10,073,382 |
| **For prior year:** | From 1/1/2024 MM/DD/YYYY | to | 12/31/2024 MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $  27,726,890 |
| **For the year before that:** | From 1/1/2023 MM/DD/YYYY | to | 12/31/2023 MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $  23,448,256 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM/DD/YYYY | to | _____ | _____ | $ _____ |
| **For prior year:** | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | _____ | $ _____ |

| Debtor | Marelli International Trading (Shanghai) Co., Ltd | Case number (If known) | 25-11083 |
|---|---|---|---|
| | Name | | |

## Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than 8575. (This amount may be adjusted on 4/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None    **See Attached Rider**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1 _____ <br><br> Street _____ <br><br> City _____ State _____ Zip Code ____ | _____ | $ _____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |
| 3.2 _____ <br><br> Street _____ <br><br> City _____ State _____ Zip Code ____ | _____ | $ _____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than 8575. (This amount may be adjusted on 4/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 _____ <br><br> Street _____ <br><br> City _____ State _____ Zip Code ____ <br><br> **Relationship to debtor** <br> _____ | _____ | $ _____ | _____ <br> _____ |
| 4.2 _____ <br><br> Street _____ <br><br> City _____ State _____ Zip Code ____ <br><br> **Relationship to debtor** <br> _____ | _____ | $ _____ | _____ <br> _____ |

| Debtor | Marelli International Trading (Shanghai) Co., Ltd | Case number (If known) | 25-11083 |
|---|---|---|---|
| | Name | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | _____ <br> Street <br> _____ <br> City  State  Zip Code | _____ <br> _____ | _____ | $ _____ |
| 5.2 | _____ <br> Street <br> _____ <br> City  State  Zip Code | _____ <br> _____ | _____ | $ _____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ <br> Street <br> _____ <br> City  State  Zip Code | _____ <br> _____ | _____ | $ _____ |

Last 4 digits of account number: XXXX - _____

---

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | _____ <br> **Case number** <br> _____ | _____ | _____ <br> Street <br> _____ <br> City  State  Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |
| 7.2 | _____ <br> **Case number** <br> _____ | _____ | _____ <br> Street <br> _____ <br> City  State  Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

Debtor   Marelli International Trading (Shanghai) Co., Ltd      Case number (If known)    25-11083
      Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Street | **Case title** | **Court name and address** |
| City          State          Zip Code | **Case number** | |
| | **Date of order or assignment** | |

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Street | | | |
| | City          State          Zip Code | | | |
| | Recipient's relationship to debtor | | | |
| 9.2 | | | | $ |
| | Street | | | |
| | City          State          Zip Code | | | |
| | Recipient's relationship to debtor | | | |

---

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

---

| | |
|---|---|
| Debtor | Marelli International Trading (Shanghai) Co., Ltd |
| | Name |

Case number (If known)    25-11083

---

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

---

| | |
|---|---|
| Debtor   Marelli International Trading (Shanghai) Co., Ltd | Case number (If known)   25-11083 |
| Name | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

**Part 7:   Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of Occupancy | | |
|---|---|---|---|---|
| 14.1 | 2-1917 NISSHIN-CHO, KITA-KU SAITAMA, 331-8501 JAPAN | From   06/26/2008 | To   08/20/2023 |
| 14.2 | | From | To |

| Debtor | Marelli International Trading (Shanghai) Co., Ltd | Case number (If known) | 25-11083 |
|---|---|---|---|
| | Name | | |

## Part 8:    Health Care Bankruptcies

15.  **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ | _____ | _____ |
| Street _____ | | |
| City        State        Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| | _____ | ☐ Electronically |
| | | ☐ Paper |
| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
| 15.2 _____ | _____ | _____ |
| Street _____ | | |
| City        State        Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| | _____ | ☐ Electronically |
| | | ☐ Paper |

## Part 9:    Personally Identifiable Information

16.  **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.

See Debtor's website for a full list of information collected - (https://marelli.com/en/policy/privacy-policy.html)

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

17.  **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| MANDATORY SOCIAL INSURANCE PLAN | EIN:    00492154 |

Has the plan been terminated?

☑ No

☐ Yes

| Debtor | Marelli International Trading (Shanghai) Co., Ltd | Case number (if known)  25-11083 |
|---|---|---|
| | Name | |

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account  number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 INDUSTRIAL AND COMMERCIAL BANK OF CHINA<br>55 FUXINGMENNEI AVENUE<br>BEIJING, 100140 | XXXX- 1276 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | 05/27/2025 | $            $0.00 |
| 18.2 | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street<br>_____<br>City        State      Zip Code | _____<br><br>Address<br>_____<br>_____ | _____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None   **See Attached Rider**

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street<br>_____<br>City        State      Zip Code | _____<br><br>Address<br>_____<br>_____ | _____ | ☐ No<br>☐ Yes |

Debtor    Marelli International Trading (Shanghai) Co., Ltd
           Name                                                          Case number (If known)   25-11083

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21.  **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State          Zip Code | | | |

---

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case Number** | Street | | ☐ On appeal |
| | City          State          Zip Code | | ☐ Concluded |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

Debtor    Marelli International Trading (Shanghai) Co., Ltd          Case number (If known)   25-11083
Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN: |
| Street | | **Dates business existed** |
| City          State          Zip Code | | From _____   To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 | | EIN: |
| Street | | **Dates business existed** |
| City          State          Zip Code | | From _____   To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: |
| Street | | **Dates business existed** |
| City          State          Zip Code | | From _____   To _____ |

Debtor   Marelli International Trading (Shanghai) Co., Ltd
Name

Case number (If known)   25-11083

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None   **See Attached Rider**

| Name and address | Dates of service |
|---|---|
| 26a.1 _____ <br> Street _____ <br> City ___ State ___ Zip Code ___ | From _____ To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2 _____ <br> Street _____ <br> City ___ State ___ Zip Code ___ | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 DELOITTE LLP <br> 1 NEW ST SQUARE <br> LONDON, EC4A 3HQ <br> UNITED KINGDOM | From JANUARY 2024 To DECEMBER 2024 |

| Name and address | Dates of service |
|---|---|
| 26b.2 ERNST & YOUNG <br> 1 MORE LONDON RIVERSIDE <br> LONDON, SE1 2AF <br> UNITED KINGDOM | From JANUARY 2023 To DECEMBER 2023 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None   **See Attached Rider**

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 _____ <br> Street _____ <br> City ___ State ___ Zip Code ___ | _____ <br> _____ |

---

Debtor    Marelli International Trading (Shanghai) Co., Ltd
Name

Case number (If known)    25-11083

| | Name and address | if any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2 | | |
| | Street | |
| | City            State            Zip Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| | Name and address |
|---|---|
| 26d.1 | |
| | Street |
| | City            State            Zip Code |

| | Name and address |
|---|---|
| 26d.2 | |
| | Street |
| | City            State            Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1 | | |
| Street | | |
| City            State            Zip Code | | |

Debtor    Marelli International Trading (Shanghai) Co., Ltd                                    Case number (If known)    25-11083
Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.2 | | |
| Street | | |
| City                State                Zip Code | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| | | | From | To |
| | | | From | To |
| | | | From | To |
| | | | From | To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **PLEASE REFER TO SOFA QUESTION 4.** | | | |
| Street | | | |
| City                State                Zip Code | | | |
| **Relationship to debtor** | | | |

Debtor   Marelli International Trading (Shanghai) Co., Ltd
Name

Case number (If known)   25-11083

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City                    State                    Zip Code | | | |
| | Relationship to debtor | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

## Part 14:   Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/11/2025
              MM / DD / YYYY

**X** /s/ Alanna Abrahamson                                    Printed name   Alanna Abrahamson
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Executive Vice President, Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☒ Yes

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd

Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| EDVO AUTOMOTIVE PARTS (WUXI) CO., LTD. NO. 4 FENGYANG ROAD, LUOSHE TOWN, HUISHAN DISTRICT WUXI, JIANGSU CHINA | | 04/10/2025 | Suppliers or Vendors | $7,457.71 |
| | | 05/12/2025 | Suppliers or Vendors | $32,105.54 |
| | | | **SUBTOTAL** | **$39,563.25** |
| AITEK AUTOMOTIVE TECHNOLOGY (WEIFANG) CO., LTD. 799, HAOHAI STREET, YANGZI STREET, BINHAI DISTRICT WEIFANG, SHANDONG CHINA | | 04/30/2025 | Suppliers or Vendors | $12,584.95 |
| | | 05/12/2025 | Suppliers or Vendors | $8,131.79 |
| | | | **SUBTOTAL** | **$20,716.74** |
| BANK OF CHINA 1 FUXINGMEN NEI DAJIE BEIJING, 100818 CHINA | | 03/18/2025 | Suppliers or Vendors | $382.77 |
| | | 03/22/2025 | Suppliers or Vendors | $168.63 |
| | | 03/25/2025 | Suppliers or Vendors | $77.59 |
| | | 04/10/2025 | Suppliers or Vendors | $29.76 |
| | | 04/11/2025 | Suppliers or Vendors | $17.50 |
| | | 04/25/2025 | Suppliers or Vendors | $312.27 |
| | | 04/30/2025 | Suppliers or Vendors | $58.28 |
| | | 05/12/2025 | Suppliers or Vendors | $27.84 |
| | | 05/23/2025 | Suppliers or Vendors | $82.43 |
| | | 05/26/2025 | Suppliers or Vendors | $299.55 |
| | | 06/03/2025 | Suppliers or Vendors | $20.14 |
| | | | **SUBTOTAL** | **$1,476.76** |
| DANYANG TIANCHEN AUTO PARTS CO., LTD BUILDING B10, QIANAI ZHONGCHUANG INDUSTRIAL PARK, DEVELOPMENT ZONE, DANYANG CITY, JIANGSU PROVINCE | | 04/10/2025 | Suppliers or Vendors | $11,581.19 |
| | | 05/12/2025 | Suppliers or Vendors | $144,370.21 |
| | | | **SUBTOTAL** | **$155,951.40** |
| DELOITTE & TOUCHE S.P.A. GALLERIA SAN FEDERICO, 54 TORINO, 10121 ITALY | | 06/10/2025 | Suppliers or Vendors | $17,650.20 |
| | | | **SUBTOTAL** | **$17,650.20** |
| GENPACT (DALIAN) CO., LTD. NO. 30 SOFTWARE PARK ROAD EAST HI−TECH INDUSTRIAL ZONE DALIAN, LIAONING 116023 CHINA | | 06/03/2025 | Suppliers or Vendors | $9,721.21 |
| | | | **SUBTOTAL** | **$9,721.21** |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| HENGSHUI BRILLIANCE AUTO PARTS CO., LTD ZHAIZHUANG VILLAGE, ZHENGKOU TOWN, GUCHENG COUNTY, HENGSHUI CITY, HEBEI PROVINCE | | 04/30/2025 | Suppliers or Vendors | $13,066.00 |
| | | 05/12/2025 | Suppliers or Vendors | $6,132.52 |
| | | | SUBTOTAL | **$19,198.52** |
| HEWLETT PACKARD ENTERPRISE GALVANIHO 7 BRATISLAVA, 821 04 SLOVAK REPUBLIC | | 03/31/2025 | Suppliers or Vendors | $662.39 |
| | | | SUBTOTAL | **$662.39** |
| JIANGSU XINHUA AUTO PARTS CO.,LTD NO.11 ECONOMIC AVENUE ECONOMIC DEVELOPMENT ZONE SIHONG COUNTY SUQIAN CITY, JIANGSU, CHINA | | 04/10/2025 | Suppliers or Vendors | $1,509.93 |
| | | 05/12/2025 | Suppliers or Vendors | $5,654.38 |
| | | | SUBTOTAL | **$7,164.31** |
| LAIZHOU HUIKE SPARK PLUG CO., LTD. SOUTH OF ROAD, YUDONG STREET, CHENGGANGLU SUB-DISTRICT LAIZHOU YANTAI, SHANDONG 264000 CHINA | | 04/30/2025 | Suppliers or Vendors | $80,144.74 |
| | | | SUBTOTAL | **$80,144.74** |
| LENOVO FINANCIAL LEASING CO., LTD. BUILDING 2, YARD 10, XIBEIWANG EAST ROAD, HAIDIAN DISTRICT, BEIJING, W4, WEST DISTRICT, LENOVO HEADQUARTERS | | 04/10/2025 | Suppliers or Vendors | $430.30 |
| | | | SUBTOTAL | **$430.30** |
| LEOCH BATTERY PTE. LTD. NO. 1 TECHPARK CRESCENT SINGAPORE 6 SINGAPORE, 638131 SINGAPORE | | 04/30/2025 | Suppliers or Vendors | $37,501.27 |
| | | | SUBTOTAL | **$37,501.27** |
| MIZUHO BANK EUROPE N.V. STRAWINSKYLAAN 3053 AMSTERDAM, 1077 ZX NETHERLANDS | | 03/25/2025 | Suppliers or Vendors | $41.76 |
| | | 03/31/2025 | Suppliers or Vendors | $11.55 |
| | | 04/10/2025 | Suppliers or Vendors | $35.28 |
| | | 04/25/2025 | Suppliers or Vendors | $41.91 |
| | | 04/30/2025 | Suppliers or Vendors | $30.19 |
| | | 05/12/2025 | Suppliers or Vendors | $43.93 |
| | | 05/23/2025 | Suppliers or Vendors | $41.76 |
| | | 05/29/2025 | Suppliers or Vendors | $0.15 |
| | | 06/03/2025 | Suppliers or Vendors | $15.31 |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| | | 06/10/2025 | Suppliers or Vendors | $0.15 |
| | | | **SUBTOTAL** | **$261.99** |
| NANGONG DAOBO TRADING CO., LTD YAO VILLAGE, CHUYANG TOWN, NANGONG XINGTAI, 054001 CHINA | | 04/10/2025 | Suppliers or Vendors | $9,343.33 |
| | | 05/12/2025 | Suppliers or Vendors | $480.21 |
| | | | **SUBTOTAL** | **$9,823.54** |
| NEXUS AUTOMOTIVE INTERNATIONAL S.A CHEMIN DU CHATEAU BLOCH 11, LE LIGNON, 1219 SWITZERLAND | | 05/12/2025 | Suppliers or Vendors | $4,375.16 |
| | | | **SUBTOTAL** | **$4,375.16** |
| RUI'AN HAICHUAN AUTOMATION SYSTEMS CO., LTD. BUILDING 4, 1ST FLOOR, NO. 67 HAIYANG INDUSTRIAL ZONE, HAI'AN, TANGXIA TOWN RUIAN HAIYANG, ZHEJIANG 325200 CHINA | | 04/30/2025 | Suppliers or Vendors | $3,727.34 |
| | | 05/12/2025 | Suppliers or Vendors | $10,457.75 |
| | | | **SUBTOTAL** | **$14,185.09** |
| RUIAN HONGKE XINDE ELECTRIC CO. LTD. NO.49, CHANGAN ROAD HANTIAN TANGXIA TOWN TO THE ATTENTION OF THE. SALES MANAGER RUIAN CITY, ZHEJIANG, CHINA | | 05/12/2025 | Suppliers or Vendors | $5,847.69 |
| | | | **SUBTOTAL** | **$5,847.69** |
| SHANDONG NEXTEER LUBRICATING OIL TECHNOLOGY CO., LTD LIAOCHENG CITY, SHANDONG PROVINCE, DONG'E COUNTY ECONOMIC DEVELOPMENT ZONE, XIAGUANG ROAD AND S324 INTERSECTION WEST400 METERS NORTH OF THE ROAD | | 04/30/2025 | Suppliers or Vendors | $32,267.70 |
| | | 05/12/2025 | Suppliers or Vendors | $172,984.08 |
| | | | **SUBTOTAL** | **$205,251.78** |
| SHANGHAI AOHAN ELECTRONICS CO., LTD. NO. 5358 HUYI HIGHWAY FLOOR 4 ROOM J445 JIADING DISTRICT, SHANGHAI, CHINA | | 04/30/2025 | Suppliers or Vendors | $7.86 |
| | | | **SUBTOTAL** | **$7.86** |
| SHANGHAI CHUANGFEI AUTO PARTS CO., LTD NO. 398, XINLU ROAD, XINBANG TOWN, SONGJIANG DISTRICT, SHANGHAI | | 04/10/2025 | Suppliers or Vendors | $54,504.22 |
| | | 05/12/2025 | Suppliers or Vendors | $6,292.22 |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| | | | **SUBTOTAL** | **$60,796.44** |
| SHANGHAI DONGHAO HUMAN RESOURCES CO., LTD. 77 MEI YUAN RD, SHANGHAI SHANGHAI, 200070 CHINA | | 04/25/2025 | Suppliers or Vendors | $1,266.34 |
| | | | **SUBTOTAL** | **$1,266.34** |
| SHANGHAI DUSSMANN CATERING MANAGEMENT CO., LTD. NO. 118 HEQU ROAD, BAOSHAN DISTRICT, SHANGHAI | | 03/31/2025 | Suppliers or Vendors | $725.52 |
| | | 06/03/2025 | Suppliers or Vendors | $1,727.07 |
| | | | **SUBTOTAL** | **$2,452.59** |
| SHANGHAI FOREIGN SERVICE (GROUP) CO., LTD. ROOM 1706, PLAZA 66, NO. 1038 NANJING WEST ROAD SHANGHAI, 200041 CHINA | | 03/31/2025 | Suppliers or Vendors | $278.38 |
| | | 04/30/2025 | Suppliers or Vendors | $139.19 |
| | | | **SUBTOTAL** | **$417.57** |
| SHANGHAI HANKE INDUSTRIAL CO., LTD ROOM 4211, 4TH FLOOR, BUILDING 7, LANE 129, HUAJIANG ROAD, JIANGQIAO TOWN, JIADING DISTRICT, SHANGHAI | | 04/30/2025 | Suppliers or Vendors | $1,415.56 |
| | | 05/12/2025 | Suppliers or Vendors | $7,811.85 |
| | | 06/03/2025 | Suppliers or Vendors | $3,988.43 |
| | | | **SUBTOTAL** | **$13,215.84** |
| SHANGHAI HUACHEN AUTOMOBILE LEASING CO., LTD. NO. 80 HANDAN ROAD SHANGHAI, CHINA | | 03/31/2025 | Suppliers or Vendors | $2,321.27 |
| | | 04/30/2025 | Suppliers or Vendors | $3,924.92 |
| | | 06/03/2025 | Suppliers or Vendors | $3,286.19 |
| | | | **SUBTOTAL** | **$9,532.38** |
| SHANGHAI SHUNXIANG ELECTRIC BUS (GROUP) CO., LTD. 12TH FLOOR, NO. 1877 PUDONG SOUTH ROAD PUDONG NEW AREA SHANGHAI, 200122 CHINA | | 04/10/2025 | Suppliers or Vendors | $861.39 |
| | | 05/12/2025 | Suppliers or Vendors | $935.11 |
| | | 06/03/2025 | Suppliers or Vendors | $2,176.62 |
| | | | **SUBTOTAL** | **$3,973.12** |
| SHANGHAI TIANTONGXING BUSINESS TRAVEL AGENCY CO., LTD. 3RD FLOOR, NO. 376 ZHAOJIABANG RD. SHANGHAI, 200032 CHINA | | 03/31/2025 | Suppliers or Vendors | $39.81 |
| | | 04/30/2025 | Suppliers or Vendors | $2,356.35 |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                              Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| | | 06/03/2025 | Suppliers or Vendors | $2,601.46 |
| | | | **SUBTOTAL** | **$4,997.62** |
| SHANGHAI WAIGAOQIAO PROPERTY MANAGEMENT CO., LTD. NO. 116 RIJING ROAD, CHINA (SHANGHAI) PILOT FREE TRADE ZONE | | 04/30/2025 | Suppliers or Vendors | $447.08 |
| | | | **SUBTOTAL** | **$447.08** |
| SIGMAI CO., LTD. COASTAL INDUSTRIAL CITY, SANMEN COUNTY TAIZHOU, ZHEJIANG CHINA | | 04/10/2025 | Suppliers or Vendors | $19,628.90 |
| | | 05/12/2025 | Suppliers or Vendors | $15,799.54 |
| | | | **SUBTOTAL** | **$35,428.44** |
| SINOTRANS LOGISTICS EAST CHINA CO., LTD. NO. 219, TIESHAN ROAD, BAOSHAN DISTRICT, SHANGHAI | | 04/30/2025 | Suppliers or Vendors | $215.06 |
| | | 05/12/2025 | Suppliers or Vendors | $159.88 |
| | | | **SUBTOTAL** | **$374.94** |
| STAPLES (SHANGHAI) CO., LTD. SOUTH 4TH FLOOR, BUILDING B, NO. 33 GUANGSHUN ROAD CHANGNING DISTRICT SHANGHAI, CHINA | | 03/31/2025 | Suppliers or Vendors | $55.62 |
| | | 06/03/2025 | Suppliers or Vendors | $27.23 |
| | | | **SUBTOTAL** | **$82.85** |
| SUZHOU ZHONGCHENG NEW ENERGY TONGLI SECTION, JIANGXING E.ROAD, WU SUZHOU, 215217 CHINA | | 04/10/2025 | Suppliers or Vendors | $20,447.01 |
| | | | **SUBTOTAL** | **$20,447.01** |
| WENZHOU HUAQIANG AUTO PARTS CO., LTD NO.40 LIMING INDUSTRIAL ZONE XINCHENG LUCHENG DISTRICT WENZHOU, CHINA | | 04/10/2025 | Suppliers or Vendors | $25,311.66 |
| | | 06/03/2025 | Suppliers or Vendors | $18,745.90 |
| | | | **SUBTOTAL** | **$44,057.56** |
| WUHAN ZEKENING ELECTRONIC TECHNOLOGY CO., LTD. BUILDING 1, FUJIAO VILLAGE, HENGGOUQIAO VILLAGE, XIAN'AN DISTRICT XIANNING, HUBEI CHINA | | 04/10/2025 | Suppliers or Vendors | $3,161.99 |
| | | 05/12/2025 | Suppliers or Vendors | $10,699.07 |
| | | | **SUBTOTAL** | **$13,861.06** |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                        Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| ZHEJIANG DEYE MOTOR TECHNOLOGY CO., LTD. NO. 477, JINHAI 3RD ROAD, WENZHOU ECONOMIC AND TECHNOLOGICAL DEVELOPMENT ZONE WENZHOU, ZHEJIANG CHINA | | 05/12/2025 | Suppliers or Vendors | $52,226.94 |
| | | | **SUBTOTAL** | **$52,226.94** |
| ZHEJIANG JINGXIN AUTO PARTS CO., LTD. 26 DONGGANGYI RD, QU JIANG QU QUZHOU, ZHEJIANG 324000 CHINA | | 04/10/2025 | Suppliers or Vendors | $17,133.34 |
| | | 05/12/2025 | Suppliers or Vendors | $12,158.11 |
| | | | **SUBTOTAL** | **$29,291.45** |
| ZHEJIANG TIEYIN AUTO PARTS CO., LTD. NO. 661, WANDONG ROAD, EAST DISTRICT, AUTOMOBILE AND MOTORCYCLE PARTS INDUSTRY BASE TANGXIA TOWN RUIAN, WENZHOU, ZHEJIANG CHINA | | 03/31/2025 | Suppliers or Vendors | $2,488.72 |
| | | 04/10/2025 | Suppliers or Vendors | $14,276.68 |
| | | 05/12/2025 | Suppliers or Vendors | $11,278.03 |
| | | | **SUBTOTAL** | **$28,043.43** |
| CENTRAL TREASURY | | 03/18/2025 | Taxes | $2,649.03 |
| | | 04/02/2025 | Taxes | $2,952.36 |
| | | 04/08/2025 | Taxes | $2,279.80 |
| | | 04/22/2025 | Taxes | $16,495.11 |
| | | 04/25/2025 | Taxes | $16,875.86 |
| | | 04/30/2025 | Taxes | $22,701.09 |
| | | 05/08/2025 | Taxes | $23,260.61 |
| | | 05/15/2025 | Taxes | $2,217.81 |
| | | 05/27/2025 | Taxes | $7,119.42 |
| | | 06/04/2025 | Taxes | $2,191.57 |
| | | 06/10/2025 | Taxes | $6,047.12 |
| | | | **SUBTOTAL** | **$104,789.78** |
| FIRST TAX OFFICE, TAX DIVISION OF THE FREE TRADE ZONE, PUDONG NEW AREA TAX BUREAU, SHANGHAI MUNICIPAL TAX SERVICE, STATE TAXATION ADMINISTRATION | | 03/12/2025 | Taxes | $37,239.33 |
| | | 03/24/2025 | Taxes | $429.15 |
| | | 04/03/2025 | Taxes | $515.46 |
| | | 04/15/2025 | Taxes | $377,873.03 |
| | | 05/08/2025 | Taxes | $261.14 |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Creditor Name & Address | Check or Wire Number | Payment Date | Reason For Payment | Amount Paid |
|---|---|---|---|---|
| | | 05/13/2025 | Suppliers or Vendors | $28,069.92 |
| | | 05/15/2025 | Taxes | $314.42 |
| | | 05/16/2025 | Taxes | $5,578.09 |
| | | 05/26/2025 | Taxes | $13,919.00 |
| | | 06/10/2025 | Suppliers or Vendors | $28,069.92 |
| | | | **SUBTOTAL** | **$492,269.46** |
| SUN HORSE AUTOMOTIVE TECHNOLOGY (FUJIAN) CO., LTD. | | 04/10/2025 | Suppliers or Vendors | $7,935.42 |
| | | 05/12/2025 | Suppliers or Vendors | $16,341.49 |
| | | | **SUBTOTAL** | **$24,276.91** |
| JIANGXI XINTIAN VEHICLE INDUSTRY CO., LTD. | | 05/12/2025 | Suppliers or Vendors | $21,693.60 |
| | | | **SUBTOTAL** | **$21,693.60** |
| SUZHOU TEGEL ELECTRONICS AND ELECTRICAL CO., LTD. | | 04/10/2025 | Suppliers or Vendors | $59,530.71 |
| | | 05/12/2025 | Suppliers or Vendors | $16,319.42 |
| | | | **SUBTOTAL** | **$75,850.13** |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                                                                        Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 20:** Off-premises storage

| Storage Facility Name and Address | Access Names | Address | Contents | Still Have It |
|---|---|---|---|---|
| CHINA POST WUHU WAREHOUSE INTERSECTION OF HONGXING ROAD AND DONGLIANG ROAD, QIAOBEI INDUSTRIAL PARK, WUHU ECONOMIC AND TECHNOLOGICAL DEV. ZONE WUHU, 241008 CHINA | VARIOUS | VARIOUS | LIGHTING COMPONENTS/PARTS AFTERMARKET COMPONENTS/PARTS | Yes |
| NLO 1 SHANGHAI (BONDED WAREHOUSE , FOR IMPORTED PRODUCTS) NO.58, FASAI ROAD□WAIGAOQIAO FREE TRADE ZONE,PUDONG DISTRICT SHANGHAI, 201208 CHINA | VARIOUS | VARIOUS | AFTERMARKET COMPONENTS/PARTS | Yes |
| NLO 2 SHANGHAI (NON BONDED WAREHOUSE, FOR DOMESTIC BUY) 1-15 ,NO.1126 LOGISTICS AVE. PUDONG DISTRICT SHANGHAI, 201201 CHINA | VARIOUS | VARIOUS | AFTERMARKET COMPONENTS/PARTS | Yes |
| ZHICHEN SHANGHAI WAREHOUSE ROOM 301, N. 617 FASAI ROAD, PUDONG DISTRICT SHANGHAI, 201208 CHINA | VARIOUS | VARIOUS | PROPULSION COMPONENTS/PARTS | No |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| ALANNA ABRAHAMSON<br>26555 NORTHWESTERN HIGHWAY<br>SOUTHFIELD, MI 48033 | FEBRUARY 2023 | PRESENT |
| JAN KAISER<br>26555 NORTHWESTERN HIGHWAY<br>SOUTHFIELD, MI 48033 | 2019 | OCTOBER 2024 |
| KATHLEEN CARL<br>26555 NORTHWESTERN HIGHWAY<br>SOUTHFIELD, MI 48033 | NOVEMBER 2024 | PRESENT |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If unavailable, why? |
|---|---|
| ALANNA ABRAHAMSON<br>26555 NORTHWESTERN HIGHWAY<br>SOUTHFIELD, MI 48033 | N/A |
| DELOITTE LLP<br>1 NEW ST SQUARE<br>LONDON, EC4A 3HQ UNITED KINGDOM | N/A |
| KATHLEEN CARL<br>26555 NORTHWESTERN HIGHWAY<br>SOUTHFIELD, MI 48033 | N/A |

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                   Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
|  |

THE DEBTORS HAVE HISTORICALLY PROVIDED FINANCIAL STATEMENTS TO VARIOUS INTERESTED PARTIES OVER THE PAST TWO YEARS, INCLUDING, BUT NOT LIMITED TO, INSURANCE CARRIERS, LENDERS AND FINANCIAL INSTITUTIONS, LANDLORDS, MATERIAL VENDORS, ADVISORS AND OTHERS. THE DEBTORS DO NOT MAINTAIN RECORDS OF THE PARTIES WHO HAVE REQUESTED OR OBTAINED COPIES.

Debtor Name:  Marelli International Trading (Shanghai) Co., Ltd                                                    Case Number:  25-11083

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| XUBIN CHEN | ADDRESS ON FILE | CHAIRMAN AND GENERAL MANAGER | |
| RICHARD FU | ADDRESS ON FILE | DIRECTOR | |
| DORA WANG | ADDRESS ON FILE | DIRECTOR | |
| MARELLI EUROPE S.P.A. | 26555 NORTHWESTERN HIGHWAY SOUTHFIELD, MI 48033 | SHAREHOLDER | 100 |