# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MARELLI AUTOMOTIVE LIGHTING USA LLC., *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Marelli Automotive Lighting USA LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[3]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the Declaration of *David Slump, Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any portion of the Global Notes with respect to any individual Debtor's Schedules and Statement and not to those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such portion of the Global Notes to any of the Debtors' other Schedules and Statements, as appropriate.

The Debtors have historically prepared consolidated quarterly and annual financial statements in accordance with the international financial reporting standards ("IFRS") issued by the International Accounting Standards Board. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a standalone, unconsolidated basis. The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, has been prepared solely for the purpose of the Debtors' compliance with disclosure obligations in chapter 11, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with IFRS, generally accepted accounting principles utilized in the United States of America ("GAAP"), or any other accounting standards, nor do the Schedules and Statements include all of the information and notes required by any such accounting standards. Upon the application of such standards, the financial information could be subject to changes, which could be material. These Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS or GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors have prepared the Schedules and Statements using the best information presently available to them, which has been collected, maintained, and prepared in accordance with their historical accounting practices but which has not been adjusted, audited, or reconciled as information presented in the Debtors' consolidated financial statements is adjusted, audited, or reconciled. The Schedules and Statements generally reflect operations and financial information of the Debtors in a form not maintained by the Debtors in the ordinary course of their business and are not intended to reconcile to the consolidated financial statements prepared by the Debtors. Accordingly, the amounts set forth in the Schedules and Statements may materially differ from the Debtors' historical consolidated financial statements. Because the Debtors' accounting systems, policies, and practices were developed to produce consolidated financial statements, rather than financial statements by legal entity, it is possible that not all assets, liabilities, income, or expenses have been recorded on the correct legal entity.

In preparing the Schedules and Statements, the Debtors relied on financial and other data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Alanna Abrahamson, Chief Financial Officer of parent Debtor Marelli Holdings Co., Ltd. ("Marelli Holdings") and an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Ms. Abrahamson has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals.  Given the scale of the Debtors' businesses, Ms. Abrahamson has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Any audit, any future analysis of the information contained in the Schedules and Statements (or the data there underlying), or subsequent receipt of any information may result in material changes in information requiring amendment of the Schedules and Statements.  Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors.  The Debtors reserve the right to amend, modify, or supplement the Schedules and Statements from time to time as may be necessary or appropriate; provided that the Debtors, their agents, and their advisors expressly do not undertake any obligation to amend, modify, or supplement the information provided herein or to notify any third party should the information be amended, modified, or supplemented in any way, except to the extent required by applicable law.

The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates, as the information (including results of operations) contained therein are not necessarily indicative of results which may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future.

Disclosure of information in one or more of the Schedules, one or more of the Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

4.  **Description of the Debtors' Chapter 11 Cases**.  The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on June 11, 2025 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 12, 2025, the Bankruptcy Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 102].  On June 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 184].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of May 31, 2025, the date of the Debtors' fiscal-month-end closure to their balance sheet, and the liability data of the Debtors is as

of the close of business on the Petition Date. No trustee or examiner has been appointed in these chapter 11 cases.

5. **Global Notes Control**. In the event that any portion of the Schedules or Statements differs from any portion of the Global Notes, the Global Notes shall control. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

6. **Reservation of Rights**. Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend, modify, or supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a. **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    b. **Claims Listing and Descriptions**. The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly. Any failure to designate a claim set forth on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

    c. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as

necessary or appropriate, including, without limitation, whether contracts or leases included in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

d.  **Classifications**.  The (i) listing of a claim on Schedule D as "secured," (ii) listing of a claim on Schedule E/F as either "priority" or "unsecured priority," or (iii) listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e.  **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities and the amount of contingent assets and contingent liabilities as of the Petition Date.  The reported amounts of revenues are as of the latest available prepetition month-end close, which is May 31, 2025.  Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.  **Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims

pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.    **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property described as owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.    **Insiders**.  The Debtors have attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtors' good faith belief, may be deemed an "insider" within the meaning of such term in the Bankruptcy Code.  As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.  The Debtors have also considered the requirements of IFRS and other reporting standards and their public disclosures with respect to designating certain individuals and entities as "insiders" herein.

The inclusion or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders within the meaning of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities included as insiders in the Schedules and Statements may not be used for:  (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and other governing laws, or with respect to any theories of liability or (ii) any other purpose.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date (if at all), but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

7. **Methodology**.

    a.    **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, but have provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under IFRS.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS nor are they intended to reconcile fully to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors have attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Additionally, assets, liabilities, or cash disbursements inadvertently may have been omitted from the Schedules and Statements.  Accordingly, the Debtors reserve all rights to amend, modify, and/or supplement the Schedules and Statements in these regards, and in any case, the actual terms governing ownership of assets, obligations under liabilities, and amounts of cash disbursements govern the assets, liabilities, disbursements, and other transactions included in the Schedules and Statements.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

    b.    **Reporting Date**.  Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records (i) for asset data as of May 31, 2025, which follows the Debtors' last available fiscal month preceding the commencement of

these chapter 11 cases and the date of the Debtors' month-end closure to their balance sheet, and (ii) for liability data as of close of business on the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.      **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses).  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors are authorized or required to redact certain information from the public record pursuant to orders of the Bankruptcy Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[4]

d.      **Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 15] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  The Cash Management System is supported by approximately 500 bank accounts, all of which are owned and controlled by the Debtors.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims").  The Debtors maintain records of the Intercompany Claims and Intercompany Transactions.  Pursuant to the *Third Interim Order*

---

[4]     *See, e.g.*, *Final Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, (B) Redact Certain Personally Identifiable Information of Individuals, and (C) Serve Certain Parties in Interest by Email, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 279].

*(I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 332] (the "Cash Management Order"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate or joint venture is a statement of what appears in the Debtors' books and records and is not an admission or concession by the Debtors as to the amount, allowance, characterization, classification, or validity of such account. The Debtors take no position in the Schedules and Statements as to whether such account would be allowed as a claim or as an interest or not allowed at all. The Debtors reserve all rights with respect to such accounts.

In addition, certain of the Debtors act on behalf of other Debtors. Because the Debtors' historical and current accounting practices have been designed for the preparation of consolidated financial statements and records, in some cases, the Debtors may be unable to ascertain with precision certain intercompany balances among specific Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.   **Duplication**. Certain of the Debtors' assets, liabilities, prepetition payments, and executory contracts or unexpired leases may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined in certain instances to only list such assets, liabilities, and prepetition payments once. In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f.   **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of May 31, 2025 are presented for all assets. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately

realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, modify, or supplement the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are set forth with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g.     **Language Translation**.  The Debtors conduct business in multiple languages, including languages that do not use Roman characters. Solely for the purpose of preparing the Schedules and Statements, and in an effort to promote English-language legibility of certain disclosures, the Debtors have translated (or Romanized, as the case may be) certain parties' names, certain terms, conditions, and descriptions of documents or transactions, and certain other terms. Such translations are provided for illustrative purposes only and inadvertently may contain errors or omissions. In other cases, the Debtors have presented certain parties' names or addresses, certain terms, conditions, and descriptions of documents or transactions, and certain other terms in their original language. In any case, the original-language names, terms, and conditions of any transaction described in the Schedules and Statements govern such transaction in all respects.

h.     **Currency and Foreign Currency Conversion**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated. The Debtors conduct business in multiple currencies. Solely for the purpose of preparing the Schedules and Statements, non-U.S. currency amounts have been translated using publicly available prevailing foreign-exchange rates as of the Petition Date. Such translations are provided for illustrative purposes only and may differ materially from both current market values and market values at the time of the transactions described in the Schedules and Statements. Due to the fluctuations in exchange rates, the individual translation of specific accounts may not perfectly "balance" or "tie" to other amounts set forth in the Schedules and Statements. In any case, the original currency of any transaction described in the Schedules and Statements shall control.

i.     **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing the Debtors to, among other things, pay certain prepetition: (i) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (ii) taxes and assessments; (iii) customer program obligations; (iv) service fees and charges assessed by the Debtors' banks; (v) insurance obligations; and (vi) certain vendor obligations (collectively, the "First Day Orders"). As such, outstanding prepetition liabilities may have been reduced by certain Court-approved postpetition payments made on prepetition

liabilities.  Where and to the extent these liabilities have been satisfied in full, they are not included in the Schedules and Statements, unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

j.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts set forth in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims set forth in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend, modify, and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

k.    **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations and/or other disputes or reconciliation activities between the Debtors and their customers or vendors.  In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts may be set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary-course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

l.    **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any outstanding prepetition obligations under such agreements that are known to the Debtors have been included in Schedule F, and the underlying lease agreements have been included in Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is unexpired, a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

m.    **Liens**.  The inventories, property, and equipment included in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories,

property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).

n.  **Excluded Assets and Liabilities**.  The Debtors have excluded certain assets and liabilities otherwise included in their financial statements or books and records in the Schedules and Statements.  Certain liabilities resulting from accruals, liabilities recognized in accordance with IFRS, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific rights to payment or other claims as of the Petition Date and are not set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for IFRS reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Other excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court.  Other immaterial or de minimis assets and liabilities may also have been excluded.

o.  **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend, modify, and/or supplement the Schedules and Statements as they deem appropriate in this regard.

p.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt issued by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules may include each Debtor's guarantee obligations, or, where a Debtor's guarantee obligations are contingent on the primary obligor's satisfaction of the guaranteed debt, such amounts may exclude the Debtor's undetermined guarantee obligations.

q.  **Guarantees and Other Secondary Liability Claims**.  The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their secured financings, debt instruments, leases, and other agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the

Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted. The Debtors reserve the right but are not required, to amend, modify, or supplement the Schedules and Statements if additional Guarantees are identified.

r.      **Executory Contract Counterparties**. Although the Debtors made diligent efforts to attribute each executory contract or unexpired lease to the Debtor or Debtors that are the legal counterparty or counterparties to such contract or lease, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

s.      **Umbrella or Master Agreements**. Contracts and leases included in the Schedules and Statements may be umbrella, master, or national agreements that cover relationships with some or all of the Debtors. Where relevant, the Debtors have made commercially reasonable efforts to include such agreements in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with the listed Debtor on account of such agreements, and the Debtors reserve the right to amend, modify, or supplement the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

Underlying contract or lease schedules, award letters, purchase orders, individual leases, and other ancillary agreements may not be individually listed. The general terms and conditions, master service agreements, or other documents under which such agreements may have been entered into by the Debtors and counterparties may have been included in Schedule G, but such inclusion does not reflect any admission or decision by the Debtors as to whether or not such agreements are executory in nature.

t.      **Unliquidated Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

u.      **Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

v.      **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, and taxes are set forth in the amounts entered in the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such

credits, allowances, or other adjustments, including but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such other allowances in the ordinary course of business on a postpetition basis.

w.    **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim set forth in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates set forth in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

## Specific Schedules Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the total assets set forth on the Schedules are derived from amounts included in the Debtors' books and records as of May 31, 2025.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

## Part 1 –  Cash and Cash Equivalents

**Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.**  Schedule A/B 3 lists bank account balances at net book value as of the Petition Date.  Further details with respect to the Debtors' cash management system and bank accounts are also provided in the Cash Management Motion and Cash Management Order.

## Part 2 –  Deposits and Prepayments

a.    **Schedule A/B 7 – Deposits**.  The Debtors maintain certain deposits in the ordinary course of business.  These deposits are included in the Schedules for the appropriate legal entity at net book value as of the Debtors' fiscal-month close.  The Debtors have made commercially reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve the right, but are not required, to amend, modify, or supplement the Schedules and Statements if deposits are incorrectly identified.  Certain prepaid assets are not included in Part 2 in accordance with the Debtors' accounting policies.  The amounts set forth in Part 2 do not necessarily reflect values that the Debtors would be able to collect or realize.

b.    **Schedule A/B 8 – Prepayments**.  The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business.  The Debtors have made commercially reasonable efforts to report the current value of any prepayments as of the Petition Date.  The

Debtors may have inadvertently omitted prepayments and conversely may have reported prepayments that are no longer outstanding. The Debtors reserve the right, but are not required, to amend, modify, or supplement the Schedules and Statements if prepayments are incorrectly identified.

**Part 3 –** **Accounts Receivable**

**Schedule A/B 11 – Accounts Receivable**. The Debtors' accounts receivable information set forth in Schedule A/B 11 includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables, which are included instead in Schedule A/B 77.

**Part 4 –** **Investments**

**Schedule A/B 15 – Investments**. Schedule A/B 15 includes the Debtors' wholly-owned subsidiary entities which are directly owned by each Debtor entity. Subsidiaries owned indirectly by a Debtor are not included. Values of the ownership interests in subsidiaries included in Schedule A/B 15 have been set forth at undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Part 5 –** **Inventory, Excluding Agricultural Assets**

a.  **Schedule A/B 19 – Raw Materials; Schedule A/B 21 – Finished Goods, Including Goods Held for Resale**. Amounts are valued as of May 31, 2025, and include goods in the Debtors' possession, goods in transit and not yet received in the Debtors' facilities, and capitalized freight. Amounts are shown net of reserves and other adjustments.

b.  **Schedule A/B 25 – Goods Purchased Within 20 Days Prior to Filing Date**. The value of any goods purchased within 20 days prior to the Petition Date has been set forth at undetermined amounts because the Debtors' accounting systems, policies, and practices do not maintain records of such amounts, and deriving any such value would be unduly burdensome, costly, and inefficient.

**Part 7 –** **Office Furniture, Fixtures, and Equipment; and Collectibles**

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis to include furniture, fixtures, certain office equipment, plant and machinery, industrial equipment, and tangible assets in progress. All of these items are included in Schedule A/B 50 as "other equipment."

**Part 8 –** **Machinery, Equipment, and Vehicles**

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis to include furniture, fixtures, certain office equipment, plant and machinery, industrial equipment, and tangible assets in progress. All of these items are included in Schedule A/B 50 as "other equipment." Dollar amounts are presented net of accumulated depreciation and other adjustments. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 9 –** **Real Property**

Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size of such documents, and in the interest of avoiding voluminous duplication, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have included a description of each such agreement on Schedule G.

**Part 10 –** **Intangibles and Intellectual Property**

Part 10 of Schedule A/B identifies the various copyrights, industrial designs, patents, trademarks, internet domain names, websites, customer lists, and goodwill owned and maintained by the Debtors. The Schedules may not set forth the value of such intangible assets as no recent appraisals have been performed. Various software licenses the Debtors use for its operations, which are easily obtainable and hold minimal value, are not included. Various intellectual property licenses granted to the Debtors by customers in connection with the Debtors' production operations are not included. The license agreements or other agreements for such licenses are included in Schedule G.

**Part 11 –** **All Other Assets**

a.  **Schedule A/B 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**. The Debtors estimate that, as of December 31, 2024, certain Debtors had approximately $26.97 million of U.S. federal net operating losses, approximately $15.3 million of business interest expense carryforwards under section 163(j) of the United States Internal Revenue Code, and approximately $26 million of U.S. federal research and development credit carryforwards. The Debtors more fully describe their U.S. tax attributes in the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. 6]. In addition, certain of the Debtors have tax attributes in non-U.S. jurisdictions. The actual value of such tax attributes remains uncertain, including because such value may be affected by these chapter 11 cases and the Debtors' proposed restructuring. Accordingly, the Debtors have set forth the value of non-U.S. tax attributes as undetermined.

b.  **Schedule A/B 73 – Interests in Insurance Policies or Annuities**. The Debtors maintain various insurance policies administered by multiple third-party insurance

16

carriers and various surety bonds provided by multiple third-party sureties. The Insurance Policies provide coverage for losses related to, among other things, property and casualty, environmental liability, marine cargo and inland shipping, directors' and officers' liability, cybersecurity and data loss, crime, employment practices liability, kidnapping and ransom liability, accident liability, employer's liability, product liability, product recall, fidelity, auto liability, and general liability (including tail coverage). The Debtors more fully describe such policies in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Pay Related Prepetition Obligations, (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (C) Maintain, Renew, or Supplement the Surety Bonds, and (D) Pay Brokerage Fees and (II) Granting Related Relief* [Docket No. 11] (the "Insurance Motion"). Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

c.    **Schedule A/B 75 – Other Contingent and Unliquidated Claims**. The Debtors have attempted to list known contingent and unliquidated claims and causes of action as of the Petition Date. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be included in Schedule A/B 75. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors are continuing to review potential causes of action, and, accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any claims, causes of action, or avoidance actions they may have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

## Specific Notes Regarding Schedule D

A detailed description of the Debtors' capital structure and secured debt obligations is set forth in the First Day Declaration.

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor included in Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

Although there are multiple parties that hold portions of the debt included in the Debtors' prepetition funded debt obligations, only the administrative agents have been included for purposes of Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the liens identified herein were identified based on lien searches conducted by the Debtors or their professionals in May 2025. The Debtors have not confirmed the validity of these liens or the underlying amounts owed in all cases. Therefore, certain of these liabilities are set forth in undetermined amounts and designated contingent, unliquidated, and disputed in order to preserve the rights of the Debtors, and the Debtors expressly retain the right to dispute any purported obligation.

Schedule D does not include beneficiaries of letters of credit. Although the claims of certain parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, not to the beneficiaries thereof. The Debtors have not included any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been included on Schedule D.

## Specific Notes Regarding Schedule E/F

a.  **Part 1 – Creditors with Priority Unsecured Claims**. The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business. The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the amount and/or priority status of any claim on any basis at any time.

Certain tax claims owing to various taxing authorities may be subject to ongoing audits. Accordingly, the amounts of many, if not all, of the tax claims set forth in Schedule E/F, Part 1 remain uncertain, and the Debtors have set forth all such claims as undetermined in amount, pending resolution of ongoing audits or other outstanding issues.

Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue the Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 321] (the "Wages Order"), the Debtors received authority to pay

certain prepetition obligations, including, without limitation, obligations related to employee wages and other benefits, in the ordinary course of business. Accordingly, the Debtors have not included on Schedule E/F, Part 1 any wage or wage-related obligations for which the Debtors have been granted authority to pay that may be entered by the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during these chapter 11 cases.

b.     **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  The Debtors have made reasonable efforts to attribute the liabilities set forth in Schedule E/F to the rightful Debtor; however, in some instances, a liability listed against one Debtor may, in fact, lie against another.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtors have not listed a specific date or dates for such claim.  In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

Information regarding pending or threatened litigation involving the Debtors is set forth as undetermined in amount and as contingent, unliquidated, and disputed.

Trade payables scheduled on Schedule E/F, Part 2 include the prepetition liability information reasonably available to the Debtors as of the Petition Date.  Certain claims set forth in Schedule E/F, Part 2 may include prepetition balances that were paid subsequent to the Petition Date under authority granted by certain First Day Orders.  In addition, certain claims set forth in Schedule E/F, Part 2 may exclude trade payables for goods shipped prepetition and not yet invoiced or goods shipped prepetition for which an invoice has not yet been processed and/or validated by the Debtors, including where there may be discrepancies between or among a shipment and the purportedly corresponding invoice or purchase order.  In instances where the Debtors have been unable to validate or process any invoice for a vendor, such vendor may have been included with a contingent and unliquidated claim in an undetermined amount.

Customer claims scheduled on Schedule E/F, Part 2 include, among other things, claims arising from prepayments for the Debtors' products, prepayments for dedicated capital expenditures, and other commitments made by the Debtors. Certain claims set forth in Schedule E/F, Part 2 may include prepetition amounts

that the Debtors have satisfied or are in the process of satisfying in the ordinary course of business under authority granted by the Bankruptcy Code and certain First Day Orders (e.g., capital expenditures funded by customers prepetition) and may have been designated contingent.  Customer claims scheduled on Schedules E/F, Part 2 do not include all of the Debtors' commitments or obligations to customers and may exclude, among other things, contingent warranty obligations, certain non-conformance claims, and price indexing.  The Debtors more fully describe certain of their customer obligations in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Existing Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 14].

As noted above, certain accruals, liabilities recognized in accordance with IFRS, and/or estimates of long-term liabilities have been excluded.

**Specific Notes Regarding Schedule G**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  Schedule G may be amended, modified, or supplemented at any time to add any omitted Agreements.

The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend, modify, or supplement Schedule G as necessary.

The contracts, agreements, and leases set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G.  Certain leases included in Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not independently set forth on Schedule G.  Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

The Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments, letter agreements, master service agreements, indemnification agreements,

award letters, ancillary agreement, and confidentiality agreements, which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

Certain of the agreements set forth in Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor party or parties to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to include the agreement, but any such agreements may have been included instead on a different Debtor's Schedule G. In instances where the Debtor party to a contract or lease could not be determined, the contract or lease is included on the Schedules of Marelli Holdings.

In some cases, the same party appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. In other cases, a party may be listed only once even though such party may be a counterparty to multiple distinct agreements with one or more Debtors. In any case, Schedule G shall be deemed to include every distinct agreement between any party and one or more Debtors.

In some cases, the Debtors may have inadvertently named the incorrect Debtor party. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

### Specific Notes Regarding Schedule H

**Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth

on Schedule H.  However, some such claims may be included elsewhere in the Schedules and Statements.

## Specific Notes Regarding Statements

a. **Question 1 – Gross Revenue from Business; Question 2 – Non-Business Revenue**.  In the ordinary course of business, the Debtors receive rebates and other payments from vendors in connection with the Debtors' business relationships with such vendors.  Consistent with IFRS, the Debtors have historically accounted for such payments not as revenue but as a reduction to the Debtors' costs associated with such payments.  Accordingly, the Debtors do not include such amounts as revenue in Statements Question 1 or Statements Question 2.

The values reflected in Statements Question 1 and Statements Question 2 reflect revenue through May 31, 2025, and are presented on an accrual basis, not a cash basis.

Non-business revenue in Statements Question 2 includes such items as interest income.

b. **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**.  The Debtors omitted various credits shown as negative disbursements, as these are not representative of the actual cash disbursements made by the Debtors.  These credit amounts arise from invoicing processes related to contractual changes and various real estate lease amendments and updates.  As a result, the total payments and/or transfers over the 90-day period prior to the Petition Date may be overstated.

As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

The payments disclosed in Statements Question 3 are based on payments made by the Debtors with payment dates from March 12, 2024, through June 10, 2025.  Prepetition amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

The response to Statements Question 3 excludes regular salary payments and intercompany disbursements or transfers for this period, which are set forth, to the extent required, on Statement 4.  The response to Statements Question 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services to the Debtors, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are included in the Debtors' response to Statements Question 11.

c. **Question 4 – Payments or Transfers to Insiders**.  The information reported on Statements Question 4 is representative of the total payments made to insiders on behalf of multiple Debtor entities during the one year prior to the Petition Date.  For

22

the avoidance of doubt, Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company.

As described in the Cash Management Motion, certain Debtor cash accounts are zero-balance accounts or receipt accounts. Balances in these accounts are swept on at least a daily basis to Debtor concentration accounts. These transfers are ordinary course and voluminous and, for those reasons, have not been included in the Debtors' response to Statements Question 4.

As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue the Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 12] (the "Wages Motion"), the Debtors historically have offered (and continue to offer in the ordinary course of business) certain benefits, including health and welfare benefits, to their employees, including the insiders in the Debtors' response to Statements Question 4. Certain of these benefits are funded through a combination of employer contributions and deductions from employees' ordinary salary or wages. The Debtors do not track employer contributions to health and welfare benefit programs on a per-employee basis, and so such contributions have not been included in Statements Question 4. In addition, any deductions from an employee's salary are not indicated in the Debtors' response to Statements Question 4, and the amounts of such deductions have been included in such employee's salary, to avoid duplication.

Due to administrative and tax considerations, among other things, certain insiders of parent Debtor Marelli Holdings are paid by Debtors in such insiders' home jurisdictions, which Debtors have the capabilities and systems necessary to comply with regulations and requirements in such insiders' home jurisdictions (e.g., remitting payroll tax deductions in the U.S.). Any payment made by a subsidiary Debtor results in an intercompany charge and a liability to such Debtor owed by Marelli Holdings. Insider transfers are included in the response to Statements Question 4 of Marelli Holdings.

Individual payments by the Debtors to other Debtors or non-Debtor affiliates (including joint ventures) are not set forth in the Debtors' response to Statements Question 4 because of their complexity and voluminous nature. Setting forth such individual payments would be unduly burdensome, costly, and an inefficient use of estate resources. Net quarterly intercompany positions are included in the response to Statements Question 4 of Marelli Holdings. In addition, intercompany receivables and payables are included, respectively, on each Debtors' schedules of assets and liabilities.

d.  **Question 9 – Gifts or Charitable Contributions**. For the avoidance of doubt, Statements Question 9 excludes de minimis charitable contributions, including donations as may have been made at the local operational level.

e.      **Question 10 – Certain Losses**.  The Debtors have made commercially reasonable efforts to identify the Debtor entity for each loss, and, in instances where this could not be determined, the loss is included in the Statements and Schedules of Marelli Holdings.  Given the scale of the Debtors' operational footprint, certain losses cannot be tracked by the Debtors with complete accuracy.  Accordingly, such losses are accounted for elsewhere on the Debtors' Schedules based on general ledger accounts that capture such losses.

f.      **Question 11 – Payments Related to Bankruptcy**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are included in the response to Statements Question 11 of Marelli Holdings even where, for administrative convenience, certain payments were made by subsidiary Debtors.  Any such payment made by a subsidiary Debtor may result in an intercompany charge and a liability to such Debtor owed by Marelli Holdings.  All payments were made for the benefit of all Debtors.

Due to the nature of certain professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult.  Accordingly, the Debtors' response to Statements Question 11 may include some payments related to non-bankruptcy-related services.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

The Debtors' response to Statements Question 11 includes payments made to professionals retained by the Debtors but not payments made to advisors of any of their prepetition secured lenders or other parties.

g.      **Question 16 – Personally Identifiable Information**.  The Debtors collect a limited amount of information from individuals in the ordinary course of business.  A full list of information collected and the applicable privacy policies are available on the Debtors' website at https://marelli.com/en/policy/privacy-policy.html.

h.      **Question 20 – Off-Premises Storage**.  The Debtors' response to Statements Question 20 does not include owned in-transit goods.  The collection of this specific information would be a time-consuming exercise, as the in-transit goods may be handled by different shipping vendors at any given point in time.  Further, such in-transit goods are accounted for on the Debtors' Schedule of Assets in Schedule A/B Part 5 (inventory, excluding agriculture assets).  The Debtors' response to Statements Question 20 likewise does not include cloud-based storage of electronic information.

i.      **Question 25 – Other Businesses in which the Debtor Has or Has Had an Interest**.  The Debtors' response to Statements Question 25 includes legal entities

(including operating businesses) in which the Debtors currently have or historically have had an interest.

j.  **Question 26 – Books, Records, and Financial Statements**.  From time to time, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements.  The Debtors do not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26.

k.  **Question 27 – Inventories of the Debtors' Property**.  The Debtors perform full, "wall-to-wall" physical inventories on an annual basis.  In addition, the Debtors perform targeted cycle counts on a periodic basis throughout the year at frequencies determined in accordance with the Debtors' policies.  The Debtors' response to Statements Question 27 sets forth information regarding the Debtors' most recent wall-to-wall inventories, conducted in December 2024.

l.  **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Refer to the Methodology section regarding all payments to insiders.

m.  **Question 31 – Consolidated Tax Groups.**  The Debtors conduct business in multiple countries.  Certain Debtors have been members of consolidated group for tax purposes with other Debtors in the same country.  The Debtors' response to Statements Question 31 sets forth information regarding these tax groups, including the parent Debtor entity in each applicable country and such Debtor's tax identification number, even where such identification number is not a U.S. federal Employer Identification Number (EIN).

n.  **Question 32 – Pension Fund Contributions.**  Certain Debtors have made (and continue to make) contributions to pension funds outside the United States.  Applicable laws, regulations, and practices governing pension contributions vary significantly in different countries.  Accordingly, "pension funds" within the meaning under U.S. law may differ, may not exist in the same form, or may not exist at all in certain countries.  In some countries, contributions are made not to private pension plans but to national public welfare funds.  Out of an abundance of caution and in the interest of full disclosure, the Debtors' response to Statements Question 32 includes certain such contributions even where they may not strictly align with the definition of contribution to "pension funds" under applicable U.S. law.

**Fill in this information to identify the case:**

Debtor name    Marelli Fukushima Corporation

United States Bankruptcy Court for the:   District of Delaware

Case number (If known):    25-11040

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:** Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B* ...........................................................................................

$       6,201,307.80*

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B* .......................................................................................

$       36,749,057.98*

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B* .........................................................................................

$       42,950,365.78*

---

**Part 2:** Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* .........................................

$       Undetermined

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...............................................

$       0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................................

**+** $       588,175.68*

4. **Total liabilities** ..........................................................................................................................
    Lines 2 + 3a + 3b

$       588,175.68*

---

*Plus Undetermined Amounts

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name   Marelli Fukushima Corporation

United States Bankruptcy Court for the:   District of Delaware

Case number (If known)  25-11040

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $          0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 See Attached Rider | | | $          5,246.44 |
| 3.2 | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 None | $          0.00 |
| 4.2 | $ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $          5,246.44

### Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.

   ☑ Yes. Fill in the information below.    Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| | |
|---|---|
| 7.1 GUARANTEE DEPOSITS | $          5,230.87 |
| 7.2 | $ |

Debtor   Marelli Fukushima Corporation                                    Case number (if known) 25-11040
         Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1  COMMERCIAL AND OTHER PREPAID EXPENSES _____    $              137.09

   8.2  _____    $

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                         $            5,367.96

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑  No. Go to Part 4.

    ☐  Yes. Fill in the information below.

    |  | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less: _____ — _____  =  ...... →  $ _____
                               face amount           doubtful or uncollectible accounts

    11b. Over 90 days old: _____ — _____  =  ...... →  $ _____
                           face amount           doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $               0.00

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☐  No. Go to Part 5.

    ☑  Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1 None _____    _____    $               0.00

    14.2 _____    _____    $

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                              % of ownership:

    15.1 See Attached Rider _____    _____ %    _____    $         Undetermined

    15.2 _____    _____ %    _____    $

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1 None _____    _____    $               0.00

    16.2 _____    _____    $

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                      $         Undetermined

**\*Plus Undetermined Amounts**

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| RAW MATERIALS | UNDETERMINED<br>MM / DD / YYYY | $   8,828,366.46 | NET BOOK VALUE | $   8,828,366.46 |
| **20. Work in progress** | | | | |
| WORK IN PROGRESS | UNDETERMINED<br>MM / DD / YYYY | $   963,272.91 | NET BOOK VALUE | 963,272.91 |
| **21. Finished goods, including goods held for resale** | | | | |
| FINISHED GOODS | UNDETERMINED<br>MM / DD / YYYY | $   1,384,037.46 | NET BOOK VALUE | 1,384,037.46 |
| **22. Other inventory or supplies** | | | | |
| TOOLING OR SUPPLIES | UNDETERMINED<br>MM / DD / YYYY | $   371,212.98 | NET BOOK VALUE | 371,212.98 |

**23. Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$   11,546,889.81

**24. Is any of the property listed in Part 5 perishable?**

☑ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☑ Yes. Book value $ __Undetermined__  Valuation method __N/A__    Current value $ __Undetermined__

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No
☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | | $ _____ |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____   Valuation method _____   Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Marelli Fukushima Corporation
         Name

Case number (If known)   25-11040

---

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐  No. Go to Part 9.

☑  Yes. Fill in the information below.

| **General Description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 None | $ | | $ 0.00 |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 None | $ | | $ 0.00 |
| 48.2 | $ | | $ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 None | $ | | $ 0.00 |
| 49.2 | $ | | $ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| See Attached Rider | $  11,247,102.91 | | $  11,247,102.91 |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$  11,247,102.91

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☑  Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑  No

☐  Yes

---

Debtor    Marelli Fukushima Corporation    Case number (if known) 25-11040
          Name

## Part 9:  Real property

54.  **Does the debtor own or lease any real property?**

☐  No. Go to Part 10.
☒  Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  See Attached Rider | | $    6,201,307.80* | | $    6,201,307.80* |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56.  **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $    6,201,307.80*

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐  No
☒  Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒  No
☐  Yes

## Part 10:  Intangibles and intellectual property

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐  No. Go to Part 11.
☒  Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets**<br>None | $ | | $    0.00 |
| **61.  Internet domain names and websites**<br>WEBSITE / INTERNET DOMAIN: MARELLI-FUKUSHIMA.COM | $    Undetermined | N/A | $    Undetermined |
| **62.  Licenses, franchises, and royalties**<br>None | $ | | $    0.00 |
| **63.  Customer lists, mailing lists, or other compilations**<br>CUSTOMER LISTS | $    Undetermined | N/A | $    Undetermined |
| **64.  Other intangibles, or intellectual property**<br>None | $ | | $    0.00 |
| **65.  Goodwill**<br>None | $ | | $    0.00 |

66.  **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   $    Undetermined

*Plus Undetermined Amounts

Debtor    Marelli Fukushima Corporation
_____Name_____                                    Case Number (if known) 25-11040

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☑ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 11:  All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | | | | **Current value of debtor's interest** |
|---|---|---|---|---|

**71. Notes receivable**

Description (include name of obligor)

None _____ _____ — _____ = → $ _____0.00
                     Total Face Amount   Doubtful or uncollectible Amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| None | Tax Year _____ | $ | 0.00 |
|---|---|---|---|
| | Tax Year _____ | $ | |
| | Tax Year _____ | $ | |

**73. Interests in insurance policies or annuities**

See Attached Rider _____                            $    Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

None _____                                          $         0.00

**Nature of Claim**  _____

**Amount Requested**  $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None _____                                          $         0.00

**Nature of Claim**  _____

**Amount Requested**  $ _____

**76. Trusts, equitable or future interests in property**

None _____                                          $         0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

See Attached Rider _____                            $   13,944,450.86

_____                                               $ _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                $   13,944,450.86*

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

*Plus Undetermined Amounts

| Debtor | Marelli Fukushima Corporation | Case number (If known) | 25-11040 |
|---|---|---|---|
| | Name | | |

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 5,246.44 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 5,367.96 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $ Undetermined | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $ 11,546,889.81 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 11,247,102.91 | |
| 88. | **Real property.** *Copy line 56, Part 9.* ........................................ → | | $6,201,307.80* |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ Undetermined | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | $ 13,944,450.86* | |
| 91. | **Total.** Add lines 80 through 90 for each column.............................91a. | $ 36,749,057.98* | + 91b. $6,201,307.80* |
| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92............................................................................... | | $ 42,950,365.78* |

*Plus Undetermined Amounts

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 1, Question 3:** Checking, savings, money market, or financial brokerage accounts

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| CITIZENS BANK | OPERATING ACCOUNT | **0787 | $1,000.00 |
| MIZUHO BANK | CASH POOLING - OPERATING ACCOUNT | **2192 | $0.00 |
| MIZUHO BANK | CASH POOLING - OPERATING ACCOUNT | **2377 | $0.00 |
| TOHO BANK | OPERATING ACCOUNT | **0242 | $4,246.15 |
| TOHO BANK | OPERATING ACCOUNT | **6372 | $0.29 |
| | **TOTAL** | | **$5,246.44** |

Debtor Name:  Marelli Fukushima Corporation                                    Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| MARELLI IWASHIRO CORP. | 100 | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Marelli Fukushima Corporation                                                    Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 8, Question 50:** Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

| Other machinery, fixtures, and equipment (excluding farm machinery and equipment) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| OWNED ASSETS | $31,393.72 | NET BOOK VALUE | $31,393.72 |
| OWNED INDUSTRIAL EQUIPMENT | $1,005,142.96 | NET BOOK VALUE | $1,005,142.96 |
| OWNED PLANT AND MACHINERY | $10,161,726.35 | NET BOOK VALUE | $10,161,726.35 |
| TANGIBLE ASSETS IN PROGRESS | $48,839.88 | NET BOOK VALUE | $48,839.88 |
| | | **TOTAL** | **$11,247,102.91** |

Debtor Name:  Marelli Fukushima Corporation                                          Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 9, Question 55:** Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| VARIOUS | OWNED INDUSTRIAL BUILDINGS | $5,440,203.66 | NET BOOK VALUE | $5,440,203.66 |
| VARIOUS | OWNED LAND | $761,104.14 | NET BOOK VALUE | $761,104.14 |
| FUKUSHIMA PLANT, 5-1 SUMIYOSHI, NIHONMATSU, 964-0867, JAPAN | OWNED REAL PROPERTY | Undetermined | NET BOOK VALUE | Undetermined |
| | | | **TOTAL** | **$6,201,307.80**<br>+ Undetermined Amounts |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000140 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000146 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000134 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000137 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000131 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000135 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000132 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000141 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000144 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000130 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000136 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.139.000025 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000143 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000142 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.139.000028 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.128.131.000458 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000138 | Undetermined |
| HDI SEGUROS | AUTO LIABILITY | 01.122.131.000139 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.21.0011822.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013935.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013933.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.21.0011823.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013943.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013934.28 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.21.0011828.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013941.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.21.0011824.28 | Undetermined |
| CHUBB SEGUROS | OCEAN & INLAND LIABILITY | 17.22.0013936.28 | Undetermined |
| CHUBB SEGUROS | GENERAL LIABILITY | 17.51.0044168.28 | Undetermined |
| CHUBB SEGUROS | GENERAL LIABILITY | 17.51.0044164.28 | Undetermined |
| CHUBB SEGUROS | GENERAL LIABILITY | 17.51.0044165.28 | Undetermined |
| CHUBB SEGUROS | ENVIRONMENTAL IMPAIRMENT LIABILITY | 17.13.0004508.28 | Undetermined |
| CHUBB SEGUROS | ENVIRONMENTAL IMPAIRMENT LIABILITY | 17.13.0004510.28 | Undetermined |
| CHUBB SEGUROS | ENVIRONMENTAL IMPAIRMENT LIABILITY | 17.13.0004509.28 | Undetermined |
| ZURICH ASEGURADORA ARGENTINA S.A. (EX-QBE) | PROPERTY LIABILITY | | Undetermined |
| COFACE | TRADE CREDIT LIABILITY | 062004057 | Undetermined |
| ALLIANZ | D&O | 5177202453100000194 | Undetermined |
| ZURICH ASEGURADORA ARGENTINA S.A. (EX-QBE) | PROPERTY LIABILITY | 612587 | Undetermined |
| HDI SEGUROS | PROPERTY LIABILITY | 1.180.109.630 | Undetermined |
| ESSOR | PROPERTY LIABILITY | 1007100470827 | Undetermined |
| FAIRFAX | PROPERTY LIABILITY | 1007100007739 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 9600131562 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 9600131565 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 9600131564 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 9600131566 | Undetermined |
| HUATAI | OCEAN & INLAND LIABILITY | | Undetermined |
| PINGAN | D&O | 10526003902632752453 | Undetermined |
| HUATAI | GENERAL LIABILITY | 0625CB128824001487 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| HUATAI | ENVIRONMENTAL IMPAIRMENT LIABILITY | 0625CB121024000104 | Undetermined |
| PINGAN | GENERAL LIABILITY | 10234013902567561548 | Undetermined |
| PINGAN | GENERAL LIABILITY | '10234016600806004162 | Undetermined |
| PINGAN | ACCIDENT LIABILITY | '10234013902915396689 | Undetermined |
| CHUBB EUROPEAN GROUP SE, | GENERAL LIABILITY | CZCANA32545-124 | Undetermined |
| CHUBB EUROPEAN GROUP SE, | ENVIRONMENTAL IMPAIRMENT LIABILITY | CZENVA32584-124 | Undetermined |
| CHUBB EUROPEAN GROUP | ENVIRONMENTAL IMPAIRMENT LIABILITY | FRENVA57124 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 9600131563 | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 210104210220250002G | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 210104310020250006J | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 210104320020250003W | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 210104440020250003G | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 2101043100202500067 | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 2101043100202500068 | Undetermined |
| PINGAN SHANGHAI | PROPERTY LIABILITY | | Undetermined |
| CHUBB EUROPEAN GROUP | ENVIRONMENTAL IMPAIRMENT LIABILITY | FRENVA57126 | Undetermined |
| CHUBB EUROPEAN GROUP | GENERAL LIABILITY | FRCANA60863 | Undetermined |
| CHUBB | GENERAL LIABILITY | DECANA39480 | Undetermined |
| CHUBB | GENERAL LIABILITY | DECANA39488 | Undetermined |
| DIALOG | ACCIDENT LIABILITY | 2-GK-04.275.701-0 | Undetermined |
| DIALOG | ACCIDENT LIABILITY | 2-GK-11.907.281-9 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | DEENVA40003 | Undetermined |
| HDI | GENERAL LIABILITY | 70808301-04032 | Undetermined |
| MS&AD | AUTO LIABILITY | 1427Y-0.029.827 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation
Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ALLIANZ | D&O | DEF008988240/1 | Undetermined |
| ASSICURAZIONI GENERALI S.P.A. | AUTO LIABILITY | | Undetermined |
| SOM PO INSUR ANCE CHINA CO., LTD. | PROPERTY LIABILITY | 210104440020250003M | Undetermined |
| SI INSURANCE EUROPE SA | PROPERTY LIABILITY | Y0497 | Undetermined |
| SI INSURANCE EUROPE SA | CYBER LIABILITY | FSXCE2400509 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | 2124/70443612/01/000 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | 2124/70412142/01/000 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | 2121/61460907/04/000 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |

Debtor Name:  Marelli Fukushima Corporation                                                    Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| BAJAJ ALLIANZ GENERAL INSURANCE COMPANY LIMITED | D&O | OG-25-1113-3315-00000182 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | GENERAL LIABILITY | 4066/A/352220383/00/000 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | ENVIRONMENTAL IMPAIRMENT LIABILITY | 4092/302736567/01/000 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | GENERAL LIABILITY | 4010/360325982/00/000 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | ENVIRONMENTAL IMPAIRMENT LIABILITY | 4092/299945634/01/000 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | GENERAL LIABILITY | 4066/A/352220736/00/000 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | ENVIRONMENTAL IMPAIRMENT LIABILITY | 4092/300106655/01/000 | Undetermined |
| TATA AIG GENERAL INSURANCE COMPANY LIMITED | AUTO LIABILITY | 6202960862 | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | GENERAL LIABILITY | 4066/A/352222200/00/000 | Undetermined |
| GO DIGIT GENERAL INSURANCE LIMITED | AUTO LIABILITY | | Undetermined |
| GENERALI ITALIA S.P.A. | AUTO LIABILITY | 28303885 | Undetermined |
| CHUBB EUROPEAN GROUP SE | ENVIRONMENTAL IMPAIRMENT LIABILITY | ITENVC25047 | Undetermined |
| CHUBB EUROPEAN GROUP SE | ENVIRONMENTAL IMPAIRMENT LIABILITY | ITENVC25056 | Undetermined |
| CHUBB EUROPEAN GROUP SE | ENVIRONMENTAL IMPAIRMENT LIABILITY | ITENVC25057 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | ITCANC24352 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | ITCANC24356 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | ITCANC24357 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | ITCANC24358 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | ITCANC31235 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| ICICI LOMBARD GENERAL INSURANCE COMPANY LIMITED | OCEAN & INLAND LIABILITY | 2002/383653966/00/000 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| CHUBB | OCEAN & INLAND LIABILITY | ITCGIC21830 | Undetermined |
| UNIVERSAL SOMPO GENERAL INSURANCE COMPANY LIMITED | PROPERTY LIABILITY | | Undetermined |
| SOMPO | PROPERTY LIABILITY | 2292125618 | Undetermined |
| AIG | CRIME LIABILITY | 25J7044524 | Undetermined |
| CHUBB | CRIME LIABILITY | 931FG 767471-4 | Undetermined |
| CHUBB | GENERAL LIABILITY | 934CGL700482-2 | Undetermined |
| ALLIANZ | GENERAL LIABILITY | JPL0004171241 | Undetermined |
| SOMPO | GENERAL LIABILITY | R005795666 | Undetermined |
| AIG | GENERAL LIABILITY | 24J7109691 | Undetermined |
| HDI | GENERAL LIABILITY | 01291352-14000-110 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | 931LG706752-4 | Undetermined |
| ALLIANZ | D&O | JPF0002470241 | Undetermined |
| SOMPO | D&O | R005790503 | Undetermined |
| STARR | D&O | R24D10000212 | Undetermined |
| SWISSRE | D&O | P64367.01-03 | Undetermined |
| CHUBB | D&O | 931DO741671-5 | Undetermined |
| CHUBB | CRIME LIABILITY | HQ-G0126700-GFG-R002 | Undetermined |
| SOMPO | PROPERTY LIABILITY | 2292125619 | Undetermined |
| CHUBB | CRIME LIABILITY | HQ-G0126699-GMY-R002 | Undetermined |
| CHUBB | GENERAL LIABILITY | HQ-W0946969-WEL-R002 | Undetermined |
| SOMPO | D&O | R005790633 | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | M0775 | Undetermined |
| CHUBB | GENERAL LIABILITY | 2CN-883227/24 | Undetermined |
| ALLIANZ | D&O | 24LMT0000175-00 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | 2CR-883229/24 | Undetermined |
| SOMPO | CYBER LIABILITY | R006078338 | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | 2MC-800132/24 | Undetermined |
| BERJAYA SOMPO | PROPERTY LIABILITY | 2024-HG-F0518948-FIA | Undetermined |
| CHUBB | PROPERTY LIABILITY | HQ-G0126701-GAR-R002 | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147232024 | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147422024 | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147252024 | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147272024 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66290 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66291 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66292 | Undetermined |
| CHUBB | GENERAL LIABILITY | 65890 | Undetermined |
| CHUBB | GENERAL LIABILITY | 65891 | Undetermined |
| CHUBB | GENERAL LIABILITY | 65892 | Undetermined |
| CHUBB | GENERAL LIABILITY | 65987 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66290 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66554 | Undetermined |
| CHUBB | GENERAL LIABILITY | 66292 | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147282024 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation                                                    Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ALLIANZ | D&O | RCIP 00001252 | Undetermined |
| CHUBB | GENERAL LIABILITY | ESCAN240267 | Undetermined |
| HESTIA | AUTO LIABILITY | 430-002908076 | Undetermined |
| HESTIA | AUTO LIABILITY | 430-002908146 | Undetermined |
| HESTIA | AUTO LIABILITY | 430-002908144 | Undetermined |
| HESTIA | AUTO LIABILITY | 430-002908145 | Undetermined |
| CHUBB | GENERAL LIABILITY | ESCAN240269 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | ESENV240525 | Undetermined |
| CHUBB | GENERAL LIABILITY | PLCANA14939124 | Undetermined |
| CHUBB | GENERAL LIABILITY | PLCANA14938124 | Undetermined |
| CHUBB | GENERAL LIABILITY | PLCANA14940125 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | PLENVA14841124 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | PLENVA14842125 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | 4439001000 | Undetermined |
| CHUBB | GENERAL LIABILITY | 4439001004 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | 4439001001 | Undetermined |
| CHUBB | GENERAL LIABILITY | 4439001005 | Undetermined |
| CHUBB | GENERAL LIABILITY | 4439001003 | Undetermined |
| ACE | GENERAL LIABILITY | 50GD241717 | Undetermined |
| ACE | ENVIRONMENTAL IMPAIRMENT LIABILITY | 89GD240017 | Undetermined |
| SOMPO | PROPERTY LIABILITY | CP147292024 | Undetermined |
| CHUBB | GENERAL LIABILITY | ESCAN240267 | Undetermined |
| CHUBB | GENERAL LIABILITY | ESCAN240269 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | ESENV240525 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation                                         Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ACE | OCEAN & INLAND LIABILITY | HH2025/26 | Undetermined |
| SOMPO | PROPERTY LIABILITY | LPR301432606 | Undetermined |
| ACE | BUSINESS TRAVEL INSURANCE | OTAM001068 | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | | Undetermined |
| CHUBB | BUSINESS TRAVEL INSURANCE | APAGRM0096 | Undetermined |
| SAMSUNG FIRE & MARINE INSURANCE CO.,LTD, | PROPERTY LIABILITY | 82504785137000 | Undetermined |
| SOMPO | PROPERTY LIABILITY | LPR301432606 | Undetermined |
| CHUBB | GENERAL LIABILITY | CPL0040273 PL-31512 | Undetermined |
| CHUBB | GENERAL LIABILITY | CPL0040272 PL-31511 | Undetermined |
| CHUBB | GENERAL LIABILITY | CPL0040271 PL-31510 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | CPL0040394 PL-31540 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | CPL0040394 PL-31539 | Undetermined |
| ALLIANZ | D&O | 24-001-4204-MP-013354 | Undetermined |
| SOMPO | PROPERTY LIABILITY | HQ-SPO-0000036-00000-2024-07 | Undetermined |
| SOMPO | PROPERTY LIABILITY | | Undetermined |
| SOMPO | PROPERTY LIABILITY | | Undetermined |
| SOMPO | PROPERTY LIABILITY | | Undetermined |
| CHUBB | GENERAL LIABILITY | TRCANA44423 | Undetermined |
| SOMPO | CRIME LIABILITY | 200200032946051 | Undetermined |
| SOMPO | CRIME LIABILITY | 200200032946078 | Undetermined |
| SOMPO | CRIME LIABILITY | 200200032946093 | Undetermined |
| SOMPO | ENVIRONMENTAL IMPAIRMENT LIABILITY | 200200032961495 | Undetermined |

Debtor Name:  Marelli Fukushima Corporation

Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| VHV | ENVIRONMENTAL IMPAIRMENT LIABILITY | 7643500 | Undetermined |
| ALLIANZ INSURANCE PLC | CONSTRUCTION LIABILITY | CS/29221076 | Undetermined |
| ALLIANZ INSURANCE PLC | CONSTRUCTION LIABILITY | NV/29219032 | Undetermined |
| ALLIANZ INSURANCE PLC | CONSTRUCTION LIABILITY | NZ17349119 | Undetermined |
| CHUBB | ENVIRONMENTAL IMPAIRMENT LIABILITY | TRENVA44450 | Undetermined |
| ALLIANZ | D&O | 1131000883539 | Undetermined |
| CHUBB | OCEAN & INLAND LIABILITY | TRCGNA43693 | Undetermined |
| ZURICH INSURANCE COMPANY LTD | PENSION TRUSTEE LIABILITY | GM060311 | Undetermined |
| CHUBB EUROPEAN GROUP SE | GENERAL LIABILITY | UKCAND25902 | Undetermined |
| PROTECTOR FORSIKRING ASA | GENERAL LIABILITY | 2537566 | Undetermined |
| PROTECTOR INSURANCE UK | AUTO LIABILITY | 3226507 | Undetermined |
| FARMINGTON CASUALTY COMPANY (TRAVELERS) | GENERAL LIABILITY | UB-5P191960-24-51-K | Undetermined |
| SOMPO AMERICA INSURANCE COMPANY | GENERAL LIABILITY | AAL30021132902 | Undetermined |
| CHUBB EUROPEAN GROUP SE | ENVIRONMENTAL IMPAIRMENT LIABILITY | UKENVD26571 | Undetermined |
| ALLIANZ GLOBAL CORPORATE & SPECIALTY SE | D&O | GBF013413210 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY (CHUBB) | GENERAL LIABILITY | CRL G46665168 | Undetermined |
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (CHUBB) | GENERAL LIABILITY | XOO G4666520A | Undetermined |
| SOMPO | PROPERTY LIABILITY | 112/ 200200033481886 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY (CHUBB) | OCEAN & INLAND LIABILITY | 7910387 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY (CHUBB) | OCEAN & INLAND LIABILITY | 7910385 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY (CHUBB) | OCEAN & INLAND LIABILITY | 7910389 | Undetermined |
| ILLINOIS UNION INSURANCE COMPANY (CHUBB) | ENVIRONMENTAL IMPAIRMENT LIABILITY | PPL G46665685 005 | Undetermined |
| SI INSURANCE (EUROPE) | CYBER LIABILITY | | Undetermined |
| SI INSURANCE (EUROPE) | PROPERTY LIABILITY | LPR300943701 | Undetermined |

Debtor Name: Marelli Fukushima Corporation                                                      Case Number: 25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| FEDERAL INSURANCE COMPANY | GENERAL LIABILITY | J06549949 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA | GENERAL LIABILITY | 01-375-62-80 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | GENERAL LIABILITY | MPL 4218665 - 03 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA | CRIME LIABILITY | 01-277-27-46 | Undetermined |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY | CRIME LIABILITY | USF00953125 | Undetermined |
| STARR INDEMNITY & LIABILITY COMPANY | CRIME LIABILITY | 1000623339251 | Undetermined |
| SYNDICATE 2623/623 AT LLOYD'S (BEAZLEY) | CRIME LIABILITY | W34C70250301 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA | D&O | 077665535 | Undetermined |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY | D&O | USF00961624 | Undetermined |
| MARKEL AMERICAN INSURANCE COMPANY | D&O | MKLM1MXM001321 | Undetermined |
| ENDURANCE ASSURANCE CORPORATION (SOMPO) | CYBER LIABILITY | CNV30085836100 | Undetermined |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY | D&O | USF00964224 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY (CHUBB) | BUSINESS TRAVEL INSURANCE | ADDN18211117 | Undetermined |
| ZURICH ASEGURADORA ARGENTINA S.A. (EX-QBE) | AUTO LIABILITY | 1316824 | Undetermined |
| CHUBB SEGUROS ARGENTINA SA | GENERAL LIABILITY | 858326 | Undetermined |
| CHUBB SEGUROS ARGENTINA SA | OCEAN & INLAND LIABILITY | 702606 | Undetermined |
| ZURICH ASEGURADORA ARGENTINA S.A. (EX-QBE) | AUTO LIABILITY | 1317206 | Undetermined |
| CHUBB SEGUROS ARGENTINA SA | GENERAL LIABILITY | 858325 | Undetermined |
| ALLIANZ ARGENTINA COMPAÑIA DE SEGUROS SOCIEDAD ANONIMA | D&O | 240070784448 | Undetermined |
| SOMPO AMERICA INSURANCE COMPANY | PROPERTY LIABILITY | HPR40138M0 | Undetermined |
| CHUBB SEGUROS ARGENTINA SA | OCEAN & INLAND LIABILITY | 702706 | Undetermined |
| CHUBB | PROPERTY LIABILITY | HQ-G0126702-GAR | Undetermined |
| CHUBB | PROPERTY LIABILITY | HQ-G0126701-GAR | Undetermined |

Debtor Name:  Marelli Fukushima Corporation                                                    Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Marelli Fukushima Corporation                                            Case Number:  25-11040

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed

| Other property of any kind not already listed<br>*Examples*: Season tickets, country club membership | Current value of debtor's interest |
|---|---|
| FINANCIAL RECEIVABLES | $866,829.95 |
| INTERCOMPANY RECEIVABLE FROM MARELLI CORPORATION | $9,494,596.00 |
| RECEIVABLES FROM SALE OF INVESTMENTS, PROPERTY, PLANT AND EQUIPMENT, OR INTANGIBLE ASSETS | $346,599.14 |
| SURPLUS OF PLAN ASSETS OVER DEFINED BENEFIT OBLIGATION OF POST EMPLOYMENT BENEFIT PLAN | $3,236,425.77 |
| **TOTAL** | **$13,944,450.86** |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Marelli Fukushima Corporation |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 25-11040 |

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Column A** Amount of Claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim |
|---|---|---|

**2.1**

**Creditor's name**
MIZUHO BANK, LTD.

**Describe debtor's property that is subject to a lien**
SEE NOTES ON SCHEDULE D

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
1-5-5 OTEMACHI CHIYODA-KU
TOKYO, 100-8176
JAPAN

**Describe the lien**
GUARANTOR OF EMERGENCY LOAN FACILITY

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**  UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**2.2**

**Creditor's name**
MIZUHO BANK, LTD.

**Describe debtor's property that is subject to a lien**
SEE NOTES ON SCHEDULE D

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
1-5-5 OTEMACHI CHIYODA-KU
TOKYO, 100-8176
JAPAN

**Describe the lien**
GUARANTOR OF SENIOR FINANCING AGREEMENT

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**  UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ _____

| Debtor | Marelli Fukushima Corporation | Case number (If known): | 25-11040 |
|---|---|---|---|
| | Name | | |

## Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| MIZUHO BANK, LTD.<br>ATTN: TIMOTHY GRAULICH<br>DAVIS POLK & WARDWELL LLP<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | Line 2.  1 | |
| MIZUHO BANK, LTD.<br>ATTN: TIMOTHY GRAULICH<br>DAVIS POLK & WARDWELL LLP<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | Line 2.  2 | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |

**Fill in this information to identify the case:**

Debtor       Marelli Fukushima Corporation

United States Bankruptcy Court for the:   District of Delaware

Case number    25-11040
(if known)

☐ Check if this is an
   amended filing

<u>Official Form 206E/F</u>

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
| --- | --- | --- | --- |

**2.1** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

| Debtor | Marelli Fukushima Corporation | Case number (if known) | 25-11040 |
|---|---|---|---|
| | Name | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1**
**Nonpriority creditor's name and mailing address**
ASAHI INDUSTRIAL CO., LTD.
□□□□□□□□□□□2-6-5
2200004
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 66,336.00

**3.2**
**Nonpriority creditor's name and mailing address**
ELEMATEC INC.
□□□□□□□□□□□□1-31-1
3300843
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 53,207.01

**3.3**
**Nonpriority creditor's name and mailing address**
FUKUSHIMA
5-1 SUMIYOSHI, NIHOMMATSU, FUKUSHIMA 964-0867, GIAPPONE
FUKUSHIMA, 964-0867,
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** ENVIRONMENTAL REMEDIATION CLAIM

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ Undetermined

**3.4**
**Nonpriority creditor's name and mailing address**
GLOBAL COATING INC.
□□□□□□□□□□□□1178-3
3620066
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 1,245.04

**3.5**
**Nonpriority creditor's name and mailing address**
HARADA TRADING CO., LTD.
5-1-14 HASUGATA
9402023
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 219,047.00

**3.6**
**Nonpriority creditor's name and mailing address**
HITACHI CABLE TRADING CO., LTD.
4F SUNRISE BUILDING 2-6-8 BINGOMACHI CHUO-KU
OSAKA, 541-0051
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 0.01

| Debtor | Marelli Fukushima Corporation | Case number (if known) | 25-11040 |
|---|---|---|---|
| | Name | | |

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.7** **Nonpriority creditor's name and mailing address**

INDEPENDENT ADMINISTRATIVE INSTITUTION ORGANIZATION FOR THE PROMOTION OF REGIONAL MEDICAL FUNCTIONS NIHONMATSU HOSPITAL

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

$ 4,487.80

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.8** **Nonpriority creditor's name and mailing address**

JAPAN COMMUNITY HEALTH CARE ORGANIZATION NIHONMATSU HOSPITAL
1 CHOME-553 NARITAMACHI
NIHOMMATSU, 964-0871
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

$ 870.66

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.9** **Nonpriority creditor's name and mailing address**

JAPAN KOYON CO., LTD.
5-4-19 SHINSHO
YOKKAICHI, 510-0064
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

$ 72,209.50

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.10** **Nonpriority creditor's name and mailing address**

MINAMI TOHOKU FUKUYAMA TRANSPORTING CO., LTD. FUKUSHIMA BRANCH
KAIDOSHITA-7-1 IIZAKAMACHI HIRANO
FUKUSHIMA, 960-0231
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

$ 0.69

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.11** **Nonpriority creditor's name and mailing address**

NIHON DENKEI CO., LTD.
□□□□□□□□2-2-18
9638025
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

$ 13,820.00

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

| Debtor | Marelli Fukushima Corporation | Case number (if known) | 25-11040 |
|---|---|---|---|
| | Name | | |

| Part 2: | Additional Page |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.12** **Nonpriority creditor's name and mailing address**

NISSEI PLASTIC INDUSTRIAL CO., LTD.
□□□□□□□□□□□94-1
9601102
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 4,076.42

---

**3.13** **Nonpriority creditor's name and mailing address**

SANKO INDUSTRIAL AUTOMATION
□□□□□□□□□□□310
3792312
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 11,747.00

---

**3.14** **Nonpriority creditor's name and mailing address**

SANRITSU CO., LTD.
1-30-13 NARIMASU
ITABASHI-KU, 175-0094
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 4,310.54

---

**3.15** **Nonpriority creditor's name and mailing address**

TAKAGI SEIKO CO., LTD.
322-3, FUTAZUKA TAKAOKA
TOYAMA, 933-8628
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 0.01

---

**3.16** **Nonpriority creditor's name and mailing address**

UMC ELECTRONICS
□□□□□□□□721□□
3620022
JAPAN

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 136,818.00

---

| Debtor | Marelli Fukushima Corporation | Case number (If known): | 25-11040 |
|---|---|---|---|
| | Name | | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line ☐ Not listed.  Explain | |
| 4.2 | Line ☐ Not listed.  Explain | |
| 4.3 | Line ☐ Not listed.  Explain | |
| 4.4 | Line ☐ Not listed.  Explain | |
| 4.5 | Line ☐ Not listed.  Explain | |
| 4.6 | Line ☐ Not listed.  Explain | |
| 4.7 | Line ☐ Not listed.  Explain | |
| 4.8 | Line ☐ Not listed.  Explain | |
| 4.9 | Line ☐ Not listed.  Explain | |

Debtor    Marelli Fukushima Corporation                                    Case number (If known)    25-11040
_____
Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.**    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|

5a.    **Total claims from Part 1**    5a.    $ _____ 0.00

5b.    **Total claims from Part 2**    5b.    **+**    $ _____ 588,175.68

+ Undetermined Amounts

5c.    **Total of Parts 1 and 2**    5c.    $ _____ 588,175.68
       Lines 5a + 5b = 5c.

+ Undetermined Amounts

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Marelli Fukushima Corporation |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 25-11040 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | GLOBAL DATA TRANSFER AGREEMENT DATED: 06/01/2023 | MARELLI HOLDINGS CO., LTD. 26555 NORTHWESTERN HIGHWAY SOUTHFIELD, MI 48033 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | SUPPORT SERVICES AGREEMENT DATED: 01/01/2022 | MARELLI HOLDINGS CO., LTD. 26555 NORTHWESTERN HIGHWAY SOUTHFIELD, MI 48033 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest** | | |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest** | | |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest** | | |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name        Marelli Fukushima Corporation

United States Bankruptcy Court for the:        District of Delaware

Case number (If known):        25-11040

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 Calsonic Kansei (Shanghai) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 CK Trading de México, S. de R.L. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 Magneti Marelli do Brasil Indústria e Comércio S.A | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 Marelli (China) Holding Company | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 Marelli (Guangzhou) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 Marelli (Xiang Yang) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Marelli Fukushima Corporation | | Case number (If known): | 25-11040 |
|---|---|---|---|---|
| | Name | | | |

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.7 | Marelli Aftermarket Germany GmbH | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.8 | Marelli Aftermarket Italy S.p.A. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.9 | Marelli Aftermarket Poland Sp. z o.o. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.10 | Marelli Aftermarket Spain S.L. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.11 | Marelli Argentan France | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.12 | Marelli Automotive Components (Guangzhou) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.13 | Marelli Automotive Components (Wuxi) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.14 | Marelli Automotive Lighting France | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |

Debtor   Marelli Fukushima Corporation
      Name

Case number (If known):   25-11040

### Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.15 | Marelli Automotive Lighting Italy S.p.A. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.16 | Marelli Automotive Lighting Jihlava (Czech Republic) s.r.o. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.17 | Marelli Automotive Lighting Juárez Mexico, S.A de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.18 | Marelli Automotive Lighting Tepotzotlán México, S. de R.L. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.19 | Marelli Automotive Lighting USA LLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.20 | Marelli Automotive Systems Europe PLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.21 | Marelli Automotive Systems UK Limited | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.22 | Marelli Bielsko-Biała Poland Sp. z o.o. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |

Debtor   Marelli Fukushima Corporation
         Name

Case number (If known):   25-11040

---

**Additional Page if Debtor Has More Codebtors**

| | Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | | | |
|---|---|---|---|---|

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.23 | Marelli Cluj Romania S.R.L. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.24 | Marelli Cofap do Brasil Ltda | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.25 | Marelli Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.26 | Marelli Engineering (Shanghai) Co., Ltd. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.27 | Marelli España S.A. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.28 | Marelli Europe S.p.A. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.29 | Marelli France | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.30 | Marelli Germany GmbH | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |

| Debtor | Marelli Fukushima Corporation | Case number (If known): | 25-11040 |
|---|---|---|---|
| | Name | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.31 | Marelli Global Business Services America, S. de R.L. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.32 | Marelli Holding USA LLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.33 | Marelli Holdings Co., Ltd. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.34 | Marelli Indústria e Comércio de Componentes Automotivos Brasil Ltda. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.35 | Marelli Kyushu Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.36 | Marelli Mexicana, S.A. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.37 | Marelli Morocco LLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |
| 2.38 | Marelli North America, Inc. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D ☐ E/F ☐ G |

Debtor   Marelli Fukushima Corporation
Name

Case number (If known):   25-11040

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.39 | Marelli North Carolina USA LLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.40 | Marelli Ploiesti Romania S.R.L. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.41 | Marelli R&D Co., Ltd. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.42 | Marelli Ride Dynamics México, S. de R.L. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.43 | Marelli Sistemas Automotivos Indústria e Comércio Brasil Ltda | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.44 | Marelli Sophia Antipolis France | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.45 | Marelli Sosnowiec Poland Sp. z. o.o. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |
| 2.46 | Marelli Suspension Systems Italy S.P.A. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Marelli Fukushima Corporation | Case number (If known): | 25-11040 |
|---|---|---|---|
| | Name | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.47 | Marelli Tennessee USA LLC | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☒ D  ☐ E/F  ☐ G |
| 2.48 | Marelli Toluca México S. de R.L. de C.V. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☒ D  ☐ E/F  ☐ G |
| 2.49 | Marelli Tooling (Guangzhou) Corporation | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☒ D  ☐ E/F  ☐ G |
| 2.50 | Marelli Yokohama Co., Ltd. | 26555 Northwestern Highway Southfield, MI 48033 | MIZUHO BANK, LTD. | ☒ D  ☐ E/F  ☐ G |
| 2.51 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.52 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.53 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.54 | | | | ☐ D  ☐ E/F  ☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor name  Marelli Fukushima Corporation

United States Bankruptcy Court for the:  District of Delaware

Case number (If known)  25-11040

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/11/2025
  MM / DD / YYYY

X /s/ Alanna Abrahamson
Signature of individual signing on behalf of debtor

Alanna Abrahamson
Printed name

Executive Vice President, Chief Financial Officer
Position or relationship to debtor