**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 352, 540** |
|  | ) |  |
|  | ) | Hearing Date: August 25, 2025 at 1:00 p.m. (ET) |

**REPLY IN SUPPORT OF THE MOTION OF DEBTORS FOR ENTRY**
**OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this reply (the "Reply") in further support of the *Motion of Debtors for Entry of an Order Granting Relief from the Automatic Stay* [Docket No. 352] (the "Lift Stay Motion")[2] and in response to the *Objection of First Brands Group, LLC to Motion of Debtors for Entry of an Order Granting Relief from the Automatic Stay* [Docket No. 540] (the "Objection") filed by First Brands Group, LLC ("FBG"), and respectfully represent as follows:

**Preliminary Statement**

1. The circumstances giving rise to the Lift Stay Motion are simple and straightforward. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Lift Stay Motion.

2.      After the Debtors filed for bankruptcy on June 11, 2025, ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ █████████████████████████████.

3.      ███████████████████████████, the Lift Stay Motion seeks an order from this Court modifying the automatic stay to ensure that proceeding with the Arbitration would not violate the automatic stay.  The Debtors are seeking this relief because they view their Arbitration claim as a significant estate asset and do not want to further delay the prosecution of that claim.  Nevertheless, to ensure that FBG is not prejudiced by this order, the Debtors are proposing that both Marelli Europe and FBG be permitted to prosecute their respective claims— *i.e.*, even though FBG's counterclaim is subject to the automatic stay, the automatic stay would be lifted as to FBG and it would be able to assert any and all counterclaims and defenses in the Arbitration.  Thus, the Debtors are not seeking to use the automatic stay as a "sword" to undercut FBG's rights, and FBG would simply be unable to execute on any judgment it obtains during the Arbitration (if any).  Such relief is, of course, routinely granted under these circumstances.

4.      Rather than agree to this reasonable resolution that would allow the Arbitration to proceed, FBG raises a series of objections that have no basis in fact or law.  ***First***, FBG argues that the ███████████████ violates the principles of comity.  But the principles of comity do not

apply where the Debtors are ████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████. In this situation, the principles of

judicial comity are wholly inapplicable. **Second**, FBG complains that lifting the automatic stay

would somehow prejudice FBG. But, based on the Debtors' proposal, FBG would be permitted

to fully litigate all of its defenses and counterclaims and thus would not be subject to any prejudice.

**Third**, FBG suggests that continuing with the Arbitration would result in the diminution of the

Debtors' estates. To the contrary, the Debtors believe that their claim against FBG is a valuable

estate asset and they alone should be permitted to determine how and when to pursue that claim—

particularly where, as here, there is no prejudice to FBG.[3]

## **Reply**

I. **FBG Mischaracterizes the** ██████████████████████████████ **and Submits an Inapposite Comity Argument**

5.      As an initial matter, contrary to the assertion upon which FBG bases its Objection,

the Lift Stay Motion does not "seek[] to re-litigate the same issues and make the same arguments

that were already rejected by ███████████████████." Obj., ¶ 1. ███████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

---

[3]      In its Objection, FBG also asserts that if "the Court is inclined to grant the request for stay relief, equity demands that the stay should be lifted to the fullest extent for both Parties, including any right of FBG to assert its counterclaim as a setoff, if applicable." Obj., ¶ 38. Any determination as to a potential setoff claim is not properly before the Court, however, and should be addressed only at such time as this issue is properly briefed. The Debtors reserve all rights with respect to any purported right to setoff.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

6.      For these reasons, FBG's comity argument is not only at odds with ████████ ████████, but also conflates the issues before the Court.  The Debtors do not seek relief through the Lift Stay Motion that would conflict with ████████████.  Instead, the Lift Stay Motion assists ████████████ by allowing the Court to definitively rule on the requested relief, ████████████████████████████████████████████████ ████████████████████████████████████████████████

---

[4] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

## II.    *Acands* Has No Bearing on the Relief Requested in the Lift Stay Motion

7.    FBG's argument that the Arbitration could result in diminution of the estate, and its reliance upon *Acands* in support of that position, is entirely misplaced.  If *Acands* stood for the proposition that the automatic stay prohibits a debtor from pursuing an estate cause of action where the defendant could prevail on a counterclaim (if granted stay relief to prosecute such claim), a debtor would frequently be frustrated in fulfilling its statutory and fiduciary duties to pursue and realize valuable estate assets for the benefit of creditors.  In reality, the facts and procedural posture of *Acands* make clear that FBG's interpretation is incorrect.

8.    *First*, ***Acands* did not involve a motion for stay relief**.   Instead, at issue in that case was whether an arbitration panel's award violated the automatic stay when no prior stay relief had been sought or granted.  *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 255 (3d Cir. 2006).  Thus, even if *Acands* stands for the proposition that the automatic stay may apply to a debtor's claim in an arbitration in certain contexts, *Acands* has no bearing on whether *lifting* the stay to allow an arbitration to proceed is appropriate.

9.    *Second*, the Third Circuit determined that the arbitration panel—without stay relief having first been granted—improperly terminated the debtor's insurance coverage, which was

property of the estate protected by the automatic stay. *Acands*, 435 F.3d at 260. This concern is absent here. Lift Stay Mtn., n.8.

10.     *Finally*, as noted in the Lift Stay Motion, the facts of *Acands* were unique: the debtor faced billions in asbestos claims, and the loss of insurance coverage would have had a "clear adverse effect" on property of the estate. *Id.* at 259. *Acands'* holding that such an action, absent stay relief, violated the stay is unsurprising and informed by considerations that are fundamentally different from the circumstances at hand.

11.     Here, the Debtors are seeking stay relief and, as such, the relief sought is subject to an entirely different analysis to determine whether cause exists to allow the Arbitration to proceed (as it does, as explained in the Lift Stay Motion and herein). *See* Lift Stay Motion ¶¶ 23–28. Allowing the Arbitration to proceed will help the Debtors realize on, not jeopardize, an estate asset. If there is currently any cognizable risk that estate assets may be depleted in connection with the Arbitration, it is attributable solely to the needless expenditure of legal fees for briefing concerning a core principle of U.S. bankruptcy law—that the purpose of the automatic stay is not to prevent a debtor from pursuing a cause of action in proceedings that the debtor itself initiated in a nonbankruptcy forum. *See, e.g., Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings *against* a 'debtor'—the term used by the statute itself.") (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982)). Accordingly, FBG's interpretation of *Acands* is misplaced and must be rejected.

## III.    Granting Limited Stay Relief to Allow the Arbitration to Proceed, Including Prosecution of FBG's Counterclaim, Does Not Prejudice FBG

12.     FBG's arguments that it would suffer prejudice if the Court granted the Lift Stay Motion are similarly misguided. Despite FBG's dissatisfaction with a central tenet of established

U.S. bankruptcy law—namely, that debtors are expressly permitted to pursue estate causes of action while creditors must file proofs of claim and recover *pro rata* with other creditors—its argument that filing a proof of claim constitutes undue hardship[5] would, if accepted, effectively prevent debtors from ever pursuing estate claims whenever the defendant may have a counterclaim. Such a result is contrary to the fundamental structure and purpose of the Bankruptcy Code. FBG cites no case supporting its position that lifting the automatic stay to permit both a debtor and creditor to continue prosecuting a prepetition action prejudices the creditor. Obj., ¶¶ 31–32; *see also In re Atlas IT Exp., LLC*, 491 B.R. 192, 194–95 (B.A.P. 1st Cir. 2013) ("the . . . aspect of the [lift stay] order, that which freed [creditor] Pinpoint to press its claims against the estate in the district court . . . operated to Pinpoint's benefit. . . . . Pinpoint cannot demonstrate any legally cognizable diminution of its property or any detrimental effect on its meaningful rights.").

13.    On the contrary, denying the relief sought in the Lift Stay Motion would prejudice the Debtors by directly impeding their ability to efficiently pursue valuable estate claims for the benefit of creditors. Lifting the stay to allow the Arbitration to proceed to judgment and permitting FBG to file a proof of claim on account of any judgment it may obtain does not impose an undue hardship on FBG, but instead is ordinary relief that is routinely granted by Courts in this district and others. *See* Lift Stay Mtn. ¶ 28 (collecting cases); *In re Tricare Rehab. Sys., Inc.*, 181 B.R. 569, 575 (Bankr. N.D. Ala. 1994) ("Once liability is determined and damages are liquidated by the judgment of the state court, Ms. Smith can, of course, file her proof of claim along with other creditors in the bankruptcy case."); *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567–68 (Bankr. N.D. Ohio 1984) (granting stay relief for personal injury claimant to proceed to judgment, but not enforce judgment, because enforcement would be without any regard to claims of other creditors,

---

5    Obj. at ¶¶ 32, 35.

in contravention of the Bankruptcy Code); *In re Philadelphia Athletic Club, Inc.*, 9 B.R. 280, 283 (Bankr. E.D. Pa. 1981) (modifying the automatic stay to permit plaintiff to continue state court action against debtor for the purpose of liquidating her claim against the debtor, restating the application of the automatic stay to efforts by plaintiff to recover any judgment awarded in that action, and noting that plaintiff, if successful in obtaining a final judgment against the debtor, would be required to file her liquidated claim against the debtor in the bankruptcy court).

14.     Accordingly, the Court should grant the straightforward relief requested in the Lift Stay Motion to allow the Arbitration to proceed, including FBG's prosecution of its counterclaims, but not allow enforcement of any judgment awarded to FBG.

## Conclusion

WHEREFORE, for the reasons set forth above and in the Lift Stay Motion, the Debtors respectfully request that the Court overrule the Objection and enter the Proposed Order.

Dated: August 20, 2025
Wilmington, Delaware

/s/ Laura Davis Jones

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:      (302) 652-4100
Facsimile:       (302) 652-4400
Email:            ljones@pszjlaw.com
                      tcairns@pszjlaw.com
                      ecorma@pszjlaw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
Evan Swager (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                      nicholas.adzima@kirkland.com
                      evan.swager@kirkland.com

-and-

Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            ross.kwasteniet@kirkland.com
                      spencer.winters@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

*Co-Counsel for the Debtors*
*and Debtors in Possession*