IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARELLI AUTOMOTIVE LIGHTING USA LLC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-11034 (CTG)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 352, 540, 718 |

## JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "Committee") of Marelli Automotive Lighting USA LLC and its debtor affiliates as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases by and through its undersigned counsel, hereby submits this joinder (this "Joinder") to the *Motion of Debtors for Entry of an Order Granting Relief from the Automatic Stay* [Docket No. 352] (the "Debtors' Motion")[2] and the Debtors' reply in support of the Debtors' Motion [Docket No. 718] (the "Reply"), and in response to the *Objection of First Brands Group, LLC to Motion of Debtors for Entry of an Order Granting Relief from the Automatic Stay* [Docket No. 540] (the "Objection") filed by First Brands Group, LLC ("FBG"). In support of its Joinder, the Committee respectfully states as follows:

### JOINDER

1. For the reasons set forth in the Debtors' Motion and Reply, the Debtors' Motion should be granted, and the Debtors should be permitted to proceed against FBG and monetize a

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used in this Joinder and not defined herein shall have the meanings ascribed to such terms in the Debtors' Motion.

17497932/1

potentially substantial asset for the benefit of the Debtors' estates. Contrary to the arguments put forward by FBG in its Objection, FBG's rights in respect of any potential counterclaims are fully preserved, and FBG can proceed to advocate its position in the Arbitration. In addition, as set forth in greater detail in the Debtors' Reply, principles of judicial comity are inapplicable under these circumstances.

2. The Committee wholeheartedly agrees that the Debtors should be permitted to prosecute these valuable claims and simply does not see how proceeding along the lines proposed by the Debtors would prejudice FBG or result in a diminution in the value of the Debtors' estates. Indeed, any counterclaim determined by an arbitrator would do nothing more than liquidate an unsecured claim against the Debtors' estates and avoid a later need to reconcile that claim. Moreover, federal policy generally favors arbitration as a streamlined, cost-effective alternative to litigation, which is especially applicable here given that the Arbitration had already commenced prior to the Petition Date and staying that process during these chapter 11 cases would negate any progress that had been made and would likely require the Debtors to restart the litigation against FBG, resulting in unnecessary work product and expenses. For these reasons and as more fully set forth in the Debtors' Motion and Reply, the Committee submits that the Debtors' Motion should be granted.

3. Nothing contained herein shall constitute a waiver of any rights or remedies of the Committee, including, without limitation, the right to: (i) amend, modify, or supplement this Joinder; or (ii) raise any other additional arguments at a later date, including at the hearing.

## **CONCLUSION**

WHEREFORE the Committee respectfully requests that this Court grant the Debtors' Motion, overrule the Objection, and grant such other and further relief as the Court finds just and appropriate.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: August 24, 2025<br>      Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Siena B. Cerra*<br>Eric J. Monzo (DE Bar No. 5214)<br>Jason S. Levin (DE Bar No. 6434)<br>Siena B. Cerra (DE Bar No. 7280)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>Email:  emonzo@morrisjames.com<br>          jlevin@morrisjames.com<br>          scerra@morrisjames.com<br><br>-and-<br><br>**PAUL HASTINGS LLP**<br>Kristopher M. Hansen (admitted *pro hac vice*)<br>Jon Canfield (admitted *pro hac vice*)<br>Gabriel Sasson (admitted *pro hac vice*)<br>Kristin Catalano (admitted *pro hac vice*)<br>Rasha El Mouatassim Bih (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>        joncanfield@paulhastings.com<br>        gabesasson@paulhastings.com<br>        kristincatalano@paulhastings.com<br>        rashaelmouatassimbih@paulhastings.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |