## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | Case No. 25-11034 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 9, 2025 at 10:00 a.m. (ET)** |
| | **Obj Deadline: October 2, 2025 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF
## AN ORDER (I) EXTENDING THE TIME WITHIN WHICH
## THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases" and, such deadline, the "365(d)(4) Deadline") by ninety days through and including January 7, 2026, and (b) granting related relief.  The Debtors seek this relief without prejudice to their rights to seek

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2]      A detailed description of the Debtors and their business, including the circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Slump, Chief Executive Officer of Marelli Automotive Lighting USA, LLC, in Support of First Day Motions*, [Docket No. 20] (the "Slump Declaration") and the *Declaration of Tony Simion, Managing Director of Alvarez & Marsal North America, LLC, in Support of First Day Motions* [Docket No. 19] (the "Simion Declaration", and together with the Slump Declaration, the "First Day Declarations").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

further extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 365(d)(4) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-2.

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Marelli" or the "Company") are one of the largest international automotive parts suppliers in the world and a pioneer in motorsports and in automobile manufacturing and design.  With its headquarters in Saitama, Japan and over 46,000 employees located in twenty-four countries around the world,

Marelli designs and produces sophisticated technologies for leading automotive manufacturers, including lighting and sensor integrations, electronic systems, software solutions, and interior design products, and collaborates with motor sports teams and other industry leaders to research and develop cutting edge, high performance automotive components.

6.     On June 11, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 12, 2025, the Court entered an order [Docket No. 102] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On June 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 184] (the "Committee").[3]  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Unexpired Leases

7.     The Debtors are party to certain Unexpired Leases, which relate to premises that the Debtors lease for office space, manufacturing, distribution, shipping, logistics, storage, and warehousing facilities.  The Debtors, in consultation with their advisors, have commenced the ongoing process of evaluating all of their Unexpired Leases to determine whether such Unexpired Leases should be assumed or rejected.  The Debtors' decision to assume or reject any particular Unexpired Lease depends on a number of factors, including an assessment as to whether the terms

---

[3]     On July 2, 2025, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 230].  On September 10, 2025, the U.S. Trustee filed the *Second Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 922].

of such Unexpired Leases are commensurate with the local market and the remaining obligations under each Unexpired Lease.

8.      The initial 365(d)(4) Deadline pursuant to section 365(d)(4) of the Bankruptcy Code will expire on October 9, 2025 absent an extension.  While the Debtors and their advisors have worked diligently to collect and organize the information necessary to evaluate the Unexpired Leases, the Debtors' pressing operational restructuring initiatives have demanded the attention of the Debtors' management team and office employee base.  Accordingly, the Debtors request an extension of the 365(d)(4) Deadline by an additional ninety days through and including January 7, 2026 and will use the extension to continue to evaluate the Unexpired Leases to maximize the value of the Debtors' estates.

## Basis for Relief

9.      Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 120 days after the petition date or before plan confirmation, whichever is earlier.  A bankruptcy court may extend the period for 90 days on the motion of the debtor or lessor for cause.  *See* 11 U.S.C. § 365(d)(4)(B).  "Cause," as used in section 365(d)(4), is not defined by the Bankruptcy Code.  Among other things, courts consider the following non-exhaustive factors in evaluating whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:

(a)      whether the lease is an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

(b)      whether the case is complex and involves large numbers of leases;

(c)      whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization; or

(d)     the existence of any other facts indicating the lack of a reasonable time to
decide whether to assume or reject.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *see also South St. Seaport*

*L.P. v. Burger Boys Inc. (In re Burger Boys Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering

the complexity of the debtor's case, the number of leases the debtor must evaluate, and the need

for judicial determination of whether a lease exists); *Channel Home Ctrs., Inc.*, 989 F.2d at 689

("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time

in order to analyze leases in light of the plan it is formulating.").

10.     Courts in this district have recognized the benefits of granting additional time for a

debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the

Bankruptcy Code.  *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*,

2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Ctrs.*, 1997 WL 538785 (D. Del.

Aug. 13, 1997).  As the Third Circuit has stated, "nothing prevents a bankruptcy court from

granting an extension because a particular debtor needs additional time to determine whether the

assumption or rejection of particular leases is called for by the plan of reorganization that it is

attempting to develop."  *Channel Home Ctrs., Inc.*, 989 F.2d at 689; *see also Coleman Oil Co. v.*

*Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n. 5 (9th Cir. 1997), *cert. denied*, 522

U.S. 1148 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

11.     Here, the factors courts analyze in deciding whether "cause" exists under

section 365(d)(4) of the Bankruptcy Code weigh in favor of granting the Debtors' request for a

ninety-day extension.  *First*, each Unexpired Lease is an important asset of the Debtors' estates

and central to the restructuring, and therefore the decision to assume or reject any Unexpired

Leases is necessarily of central importance to the Debtors' efforts to preserve and maximize the

value of their estates for the benefit of all stakeholders.  Therefore, the Unexpired Leases are

important assets of the Debtors' business.  As a result, the Debtors must be afforded sufficient time to determine which, if any, Unexpired Leases should be assumed.  The requested ninety-day extension will enable the Debtors to make a fully informed decision regarding these vital elements of their business operations.

12.  **Second**, these chapter 11 cases are complex, and the Debtors are party to a number of Unexpired Leases that are intertwined with the Debtors' go-forward business.  Since the Petition Date, the Debtors also have been involved in numerous complicated matters critical to their restructuring efforts.  The Debtors and their advisors have spent (and continue to spend) significant amounts of time coordinating with parties in interest and non-Debtor affiliates around the world and navigating the complexities of operating in twenty-four countries.  As such, administering these chapter 11 cases requires significant input from the Debtors' management team and advisors on a wide range of complicated matters necessary to bring structure and consensus to a large and complex process.  Considering the numerous tasks the Debtors have undertaken thus far during these chapter 11 cases and continue to undertake due to the complexity of these cases, extending the 365(d)(4) Deadline by ninety days is appropriate.

13.  **Third**, the Debtors have not had sufficient time to assess their go-forward leases.  Since the commencement of these chapter 11 cases, the Debtors have worked diligently to ensure a smooth transition into chapter 11 and to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders.  To that end, the Debtors have, among other things:  (a) obtained various forms of operational first- and second-day relief, which stabilized ordinary course business operations, (b) secured entry of a final order authorizing the Debtors to obtain postpetition financing, (c) obtained authority to retain section 327 and ordinary course professionals, (d) coordinated with ordinary course professionals to prepare and file over 100 declarations of

disinterestedness, (e) have and continue to negotiate with vendors, including executing over 400 trade agreements, (f) worked and continue to work diligently with key stakeholders towards a value-maximizing restructuring transaction, and (g) prepared and filed the schedules and statements of financial affairs for all seventy-six Debtor entities—a major undertaking involving filing over 17,000 pages of documentation given the scale of the Debtors' operations. The Debtors continue to make progress in their overall restructuring efforts. Notwithstanding these efforts, the analysis of which Unexpired Leases the Debtors will assume or reject remains ongoing. To require the Debtors to complete that analysis by the 365(d)(4) Deadline on October 9, 2025 would create an unnecessary constraint on the Debtors and the Debtors' restructuring efforts.

14. The ninety-day extension requested herein is also consistent with the extensions granted by this and other courts in this district under similar circumstances. *See, e.g.*, *In re At Home Group Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 14, 2025) (extending the deadline to assume or reject unexpired leases of nonresidential real property by 90 days); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. May 19, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 14, 2025) (same); *In re American Tire Distributors, Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Feb. 6, 2025) (same); *In re Accuride Corporation*, No. 24-12289 (JKS) (Bankr. D. Del. Jan. 23, 2025) (same).[4] Similar relief is warranted in these chapter 11 cases.

15. The Debtors submit that ample cause exists to extend the 365(d)(4) Deadline as requested herein. As highlighted above, the Debtors have worked strenuously to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. However, the

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

Debtors are continuing to negotiate with stakeholders and review their assets, including any Unexpired Leases.  Therefore, the Debtors file this motion out of an abundance of caution to preserve the rights of the Debtors and their estates to assume or reject any remaining Unexpired Leases to maximize value for their stakeholders.

16.     Given the inherent fluidity in these chapter 11 cases, circumstances may arise during their pendency that would cause the Debtors to re-evaluate the need to continue leasing a particular property.  In the absence of an extension of the 365(d)(4) Deadline, the Debtors would be prematurely forced to assume Unexpired Leases that may later prove to be burdensome, which could give rise to unnecessary administrative expense claims against the Debtors' estates and jeopardize the Debtors' ability to successfully prosecute the chapter 11 cases.  Alternatively, the Debtors could be prematurely forced to reject certain Unexpired Leases that ultimately could have benefited the Debtors' estates.  Among other things, the extension requested herein will decrease the risk of such negative outcomes for the Debtors' estates and will therefore benefit all stakeholders.

17.     Furthermore, there should be no prejudice to any lessors under any Unexpired Leases due to the requested extension of the 365(d)(4) Deadline.  Pending their election to assume or reject any Unexpired Leases, the Debtors will perform their undisputed obligations arising from and after the Petition Date in a timely fashion and as required by the Bankruptcy Code.  As a result, the requested extension will afford the Debtors the opportunity to preserve and maximize estate value, without prejudicing the rights of the lessors under the Unexpired Leases.

## **Reservation of Rights**

18.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including

any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### Notice

19.    The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Paul Hastings LLP and Morris James LLP, as co-counsel to the Committee; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Department of Justice; (i) Mayer Brown LLP, as counsel to the DIP Agent; (j) Davis Polk & Wardwell LLP, as counsel to Mizuho Bank, Ltd., in all capacities other than as Prepetition Agent; (k) Young Conaway Stargatt & Taylor, LLP, as counsel to Mizuho Bank, Ltd., in its capacity as Prepetition Agent; (l) Akin Gump Strauss Hauer

& Feld LLP and Cole Schotz P.C., as counsel to the Ad Hoc Group of Senior Lenders; (m) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Sponsors; (n) the counterparties to the Unexpired Leases; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20.    No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: September 25, 2025
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar No. 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Timothy P. Cairns (DE Bar No. 4228) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Edward A. Corma (DE Bar No. 6718) | Nicholas M. Adzima (admitted *pro hac vice*) |
| 919 North Market Street, 17th Floor | Evan Swager (admitted *pro hac vice*) |
| P.O. Box 8705 | 601 Lexington Avenue |
| Wilmington, Delaware 19899 (Courier 19801) | New York, New York 10022 |

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com
               tcairns@pszjlaw.com
               ecorma@pszjlaw.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
Evan Swager (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               nicholas.adzima@kirkland.com
               evan.swager@kirkland.com

-and-

Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer A. Winters, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         ross.kwasteniet@kirkland.com
               spencer.winters@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

*Co-Counsel for the Debtors*
*and Debtors in Possession*