IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, et al.,[1] | ) ) ) | Case No. 25-11034 (CTG) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |

**ORDER (I) APPOINTING FEE EXAMINER AND
(II) ESTABLISHING PROCEDURES FOR CONSIDERATION OF
REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Given that the size and complexity of the above-captioned jointly administered chapter 11 cases will result in the filing of numerous, lengthy professional fee applications; and it appearing that the appointment of a fee examiner is appropriate pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the Federal Rules of Evidence, Rule 2016-1(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the procedures of this Court; and it further appearing that (a) the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

consistent with Article III of the United States Constitution; and the Debtors having conferred with the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee") and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") regarding the selection of a fee examiner (the "Fee Examiner") to be appointed in these chapter 11 cases and the establishment of related procedures; and upon the agreement of the Debtors and the Committee as to the Fee Examiner and the procedures outlined herein;

**IT IS HEREBY ORDERED THAT**:

1. Lori Lapin Jones, Esq. of Lori Lapin Jones PLLC is appointed and shall be employed as the Fee Examiner in these chapter 11 cases.

2. Unless otherwise ordered by this Court, this Order shall apply to all professionals in these chapter 11 cases requesting compensation and reimbursement of expenses for services rendered pursuant to sections 327, 330, 331, or 1103 of the Bankruptcy Code, but excluding: (i) professionals employed by the Debtors in accordance with the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 487] (the "OCP Order");[2] (ii) members of the Committee, solely on account of such members' applications for reimbursement of expenses incurred in such capacity; (iii) any professional in these chapter 11 cases employed or to be employed whose fees, or a portion thereof, have been preapproved by the Court as reasonable pursuant to section 328 of the Bankruptcy Code and are not subject to review under section 330 of the Bankruptcy Code (except by the U.S. Trustee); (iv) any professional in these chapter 11

---

[2] To the extent that any professionals employed pursuant to the OCP Order are required to file formal fee applications with the Court pursuant to the terms of the OCP Order, the fees and expenses of such professional set forth in such formal fee application shall be reviewed by the Fee Examiner as set forth herein.

cases employed or to be employed pursuant to section 363 of the Bankruptcy Code; and (v) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

3. The terms and conditions of the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 477] (the "Interim Compensation Order") shall not be modified by this Order, except that, no later than five (5) business days after the filing of each monthly fee application (a "Monthly Fee Application"), each interim fee application (an "Interim Fee Application"), and each final fee application (a "Final Fee Application," and collectively with Monthly Fee Applications and Interim Fee Applications, the "Applications," and each an "Application"), the professional filing such Application (the "Applicant") shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail (together, the "Fee Detail") in Adobe Acrobat (.pdf) format and searchable electronic format (in LEDES format, Microsoft Word (.doc or .docx) format, or Microsoft Excel (.xls or .xlsx) format, as specified by the Fee Examiner). An Applicant need not send the Fee Examiner the Fee Detail for any Interim Fee Application or Final Fee Application if such Applicant has previously submitted all of the Fee Detail relevant to such Interim Fee Application or Final Fee Application to the Fee Examiner in an acceptable searchable electronic format.

4. Pursuant to the Interim Compensation Order, upon the expiration of the objection deadline for a Monthly Fee Application, each professional shall be permitted to file a certificate of no objection with the Court, after which the Debtors are authorized to pay each professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in the

Monthly Fee Application that are not subject to an objection pursuant to the procedures set forth in the Interim Compensation Order, including an informal objection or inquiry by the Fee Examiner. The absence of a formal or informal objection or inquiry to a Monthly Fee Application by the Fee Examiner shall not be a waiver of the Fee Examiner's right to raise any issue or objection with respect to an Interim Fee Application or a Final Fee Application.

5. All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Applicant within seven (7) days of entry of this Order. All previously filed Applications, all Applications filed in the future, and all other documents, notices, or pleadings required to be sent to or served upon any Application Recipient under the Interim Compensation Order on and after the date hereof shall also be served upon the Fee Examiner by email to: ljones@jonespllc.com.

6. The Fee Examiner shall:

   a. review Interim Fee Applications and Final Fee Applications filed by each Applicant in these chapter 11 cases subject to this Order, along with the Fee Detail related thereto. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Applications that have already been reviewed by the Fee Examiner excepting issues that have a cumulative effect including, but not limited to, rate increases;

   b. during the course of her review of an Application, consult, as she deems appropriate, with each Applicant concerning such Application;

   c. during the course of her review of an Application, review, to the extent appropriate, any relevant documents filed in these chapter 11 cases and remain generally familiar with these chapter 11 cases and the dockets and proceedings, including hearings;[3]

   d. within thirty-five (35) days after an Applicant files an Interim Fee Application or a Final Fee Application, serve an initial report (the "<u>Initial Report</u>") on the Applicant. The Initial Report shall be in a format

---

[3] The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these chapter 11 cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

designed to quantify and present factual data and legal issues relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-1 and, for attorney Applicants, whether the Applicant has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 By Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines");

e. during the period between service of the Initial Report and filing of the Final Report (as defined below), communicate with each Applicant, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise or supplement findings in the Initial Report. Each Applicant may provide the Fee Examiner with supplemental information that the Applicant believes relevant to the Initial Report; *provided*, however, that nothing herein shall require an Applicant to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Applicant's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information"); *provided*, for the avoidance of doubt, that an Applicant's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if an Applicant or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

f. following communications with the Applicant, and the review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the informal resolution period by filing with the Court a report with respect to each Application (the "Final Report"), individually or with other reports, within twenty-five (25) days after service of the Initial Report. The Final Report shall be in a format designed to quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-1. The Final Report shall also inform the Court, in general terms, of all proposed consensual resolutions of the fee and expense reimbursement requests for each Applicant and the general basis for such proposed consensual resolution; and

      g.      serve each Final Report on counsel for the Debtors, counsel for the Committee, the U.S. Trustee, and each Applicant whose fees and expenses are addressed in the Final Report.

7. An Applicant subject to a Final Report may: (i) file with the Court a response (a "Final Response") to such Final Report no later than twenty-one (21) days after service of a Final Report and request a ruling with respect to any fees and expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing; or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon those parties served with the Final Report and on the Fee Examiner or her counsel.

8. The Fee Examiner, the Applicants, and the Debtors shall use commercially reasonable efforts to have any undisputed portion of Applications allowed by the Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

9. An Application shall not be considered by the Court prior to review by the Fee Examiner and the submission to the Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed. If applicable, hearings on the Applications shall be scheduled by the Court in consultation with the Debtors' counsel and the Fee Examiner after the filing of the applicable Final Reports by the Fee Examiner.

10. Any of the time periods set forth above may be extended with the consent of the Fee Examiner and the applicable Applicant. Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable and sole discretion of the Fee Examiner, the Applicant's failure to meet such deadlines does not allow

sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application, and the Final Report specific thereto, being considered by the Court, and the delay or adjournment of consideration of any one or more Applications shall not affect the timing of hearings on the Applications of other Applicants.

11. In addition to the duties described above, the Fee Examiner may:

   a. Require that attorney Applicants provide budgets, staffing plans, or other information;

   b. Establish additional procedures for the resolution of disputes concerning Applications;

   c. Establish procedures, including the use of specific forms and billing codes, to facilitate preparation and review of Applications;

   d. Develop case-specific guidelines supplementing, but not in conflict with, the authorities listed herein;

   e. Periodically file summary reports with the Court concerning the Applications as a group;

   f. Appear and be heard on any matter before the Court concerning matters set forth in this Order;

   g. Serve, file and litigate objections to the allowance or payment of fees or reimbursement of expenses in an Application;

   h. Serve objections to Monthly Fee Applications, in whole or in part, precluding the payment of the amount questioned as provided by the Interim Compensation Order;

   i. Take, defend, or appear in any appeal regarding an Application; and

   j. Conduct discovery, including filing and litigating discovery motions or objections concerning matters set forth in this Order.

   k. Retain, subject to Court approval after motion, notice, and a hearing, other professionals and consultants to represent or assist her in connection with any of the foregoing.

12. For purposes of these chapter 11 cases, the Fee Examiner shall be subject to the terms of and have the rights under the Interim Compensation Order and this Order, except as otherwise provided.

13. The Fee Examiner shall be entitled to compensation from the Debtors' estates for her reasonable and necessary fees and actual and documented expenses. The fees and expenses of the Fee Examiner shall be subject to separate application, allocation, and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, the applicable U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The Fee Examiner's services in accordance with this Order shall be charged at the hourly rate of $500.00 for the duration of the engagement and shall not include any contingency or success fees. The expenses of the Fee Examiner shall be subject to the information detail requirements set forth in Local Rule 2016-1(e). The Fee Examiner is hereby authorized to retain and shall be entitled to charge, as part of the Fee Examiner's expenses, the fees and expenses of National CRS LLC as Database Service Provider to the Fee Examiner at an hourly rate of $300.00 which charges shall be part of the Fee Examiner's compensation applications and shall be subject to the information detail requirements set forth in Local Rule 2016-1(e).

14. The Fee Examiner is hereby appointed an officer of the Court with respect to the performance of her duties and the Fee Examiner and her Database Service Provider are provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers. No person or entity shall commence an action against or seek discovery from the Fee Examiner or her Database Service Provider except in this Court and only after prior approval from this Court to seek such discovery or commence such action.

15. Nothing herein shall limit the right of any entity to object to the allowance or payment of fees or reimbursement of expenses sought by any Applicant on any grounds.

16. Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) each Applicant subject to this Order; and (iv) the Fee Examiner.

17. The Debtors and the Fee Examiner are authorized to take any and all actions necessary to implement and effectuate the terms of this Order.

18. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order. Notwithstanding any provisions of this Order to the contrary, this Court shall retain the power to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code except to the extent of any professional fees that have been pre-approved by this Court as reasonable pursuant to section 328 of the Bankruptcy Code.

Dated: January 15th, 2026
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE