**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | Case No. 25-11034 (CTG) |
| Debtors. | (Jointly Administered) |

**SECOND REPORT OF LORI LAPIN JONES, ESQ., FEE EXAMINER,**
**ON INTERIM APPLICATIONS FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS**

Lori Lapin Jones, Esq., Fee Examiner ("Fee Examiner"), hereby files her second report and recommendations ("Second Report") pursuant to the Fee Examiner Order (defined below) with respect to interim applications for allowance of compensation and reimbursement of expenses of certain professionals retained by the Debtors (defined below).

**PRELIMINARY STATEMENT**

1. This Report covers interim applications for compensation and reimbursement of expenses (each an "Interim Application" and together the "Interim Applications") by four professionals (each a "Retained Professional" and together the "Retained Professionals"). The Interim Applications are the second interim compensation applications in these cases and cover a period from October 1, 2025 through December 31, 2025.

2. Following a review of the Interim Applications and a consultation process with the Retained Professionals, the Fee Examiner makes the recommendations set forth in this Second Report with the consent of each Retained Professional as to its respective Interim Application.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business is 26555 Northwestern Highway, Southfield, Michigan 48033.

**BACKGROUND SUMMARY**

3.   On June 11, 2025 ("Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court"). On June 12, 2026, the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases [Docket No. 102].

4.   On June 25, 2025, the United States Trustee for Region 3 ("U.S. Trustee") appointed an Official Committee of Unsecured Creditors ("Creditors' Committee") [Docket No. 184] which appointment was amended [Docket Nos. 230, 922, and 1780].

**INTERIM COMPENSATION PROCEDURES**

5.   On August 5, 2025, the Court entered the Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief ("Interim Compensation Order") [Docket No. 477]. The Interim Compensation Order sets forth Compensation Procedures (defined therein) which permit Retained Professionals to be partially paid on an interim and monthly basis. In summary, each Retained Professional is authorized to file and serve a detailed monthly fee statement ("Monthly Fee Statement") on or after the fifth day following the month for which compensation is sought. Following an objection period and the filing of a certificate of no objection, the Debtors are authorized to pay the Retained Professional 80% of fees and 100% of expenses set forth in the Monthly Fee Statement that are not subject to an objection. Retained Professionals have filed Monthly Fee Statements during these cases.

**APPOINTMENT OF THE FEE EXAMINER**

6.  By Order (I) Appointing Fee Examiner and (II) Establishing Procedures for

2

Consideration of Requested Fee Compensation and Reimbursement of Expenses dated January 15, 2026 ("Fee Examiner Order") [Docket No. 1515], Lori Lapin Jones, Esq. was appointed as the Fee Examiner in these cases (Fee Examiner Order at ¶ 1).

7.   The Fee Examiner's duties and responsibilities include reviewing compensation applications for compliance with applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") and for attorneys, whether the firm has made a reasonable effort to comply with the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 By Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 ("U.S. Trustee Guidelines").

8.   Following review of each compensation application, the Fee Examiner is tasked with providing each Retained Professional a report on its respective fee application ("Initial Report") designed to quantify and present factual data and legal issues relevant to whether the requested compensation meets applicable standards. Following service of the Initial Report, the Fee Examiner and Retained Professional are to communicate concerning issues, if any, raised in the Initial Report with the goal of achieving a consensual resolution. Twenty-five days after service of the Initial Report, the Fee Examiner is to file a Final Report in a format designed to quantify and present factual data and legal issues relevant to whether the compensation requests comply with applicable standards and to inform the Court, in general terms, of all proposed consensual resolutions of the compensation requests.

## WORK PERFORMED BY THE FEE EXAMINER

9.   Reference is made to the Fee Examiner's First Report [Docket No. 1901] for a description of the work performed by the Fee Examiner and the procedures and protocols of the fee examination process.

## RECOMMENDATIONS ON INTERIM APPLICATIONS

10.   Set forth below are summaries of the Fee Examiner's review of the Interim Application covered by this Second Report.

### *Debtors' Professionals*

**Firm: Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland")**
Role: Counsel to the Debtors and Debtors in Possession
Period Covered: October 1, 2025 – December 31, 2025 ("Second Application")
Fees Requested: $8,646,782.00
Expenses Requested: $119,212.97
Blended Hourly Rate for all Timekeepers: $1,458.58

11. Kirkland serves as counsel to the Debtors and Debtors in Possession. Kirkland's Second Application covers a three-month period from October 1, 2025 through December 31, 2025. During the period covered by the Second Application, Kirkland billed 5,873.80 hours.

12. The Fee Examiner's Initial Report to Kirkland addressed the following issues: one duplicate entry; use of transitory timekeepers; frequency of and staffing at internal meetings; vague time entries; and time billed in connection with preparation of invoices.

13. Following a review of the Fee Examiner's Initial Report, Kirkland provided the Fee Examiner with information responsive to certain issues raised by the Fee Examiner.  Kirkland and the Fee Examiner conferred and Kirkland has agreed to a reduction of its fee request in the amount of $84,351.50. With this reduction, the Fee Examiner has no objection to an award on an interim basis of the balance of the fees requested in Kirkland's Second Application.

4

14. The Fee Examiner reviewed Kirkland's request for reimbursement of expenses and received follow up information. Kirkland has agreed to a reduction of its request for reimbursement of expenses in the amount of $2,512.05. With this reduction, the Fee Examiner has no objection to an award on an interim basis of the balance of the expenses requested in Kirkland's Second Application.

**Firm: Pachulski Stang Ziehl & Jones LLP ("PSZJ")**
Role: Co-Counsel to the Debtors and Debtors in Possession
Period Covered: October 1, 2025 – December 31, 2025 ("Second Application")
Fees Requested: $197,444.50
Expenses Requested: $1,847.70
Blended Hourly Rate for all Timekeepers: $1,044.68

15. PSZJ serves as co-counsel to the Debtors and Debtors in Possession. PSZJ's Second Application covers a three-month period from October 1, 2025 through December 31, 2025. During the period covered by the Second Application, PSZJ billed 189 hours.

16. The Fee Examiner's Initial Report to PSZJ addressed the following issues: one numerical transcription error; use of transitory timekeepers; and certain vague time entries.

17. Following a review of the Fee Examiner's Initial Report, PSZJ provided the Fee Examiner with further information responsive to the Initial Report and has agreed to a reduction of its fee request in the amount of $7,030.00. With this reduction, the Fee Examiner has no objection to an award on an interim basis of the balance of the fees requested in PSZJ's Second Application.

18. The Fee Examiner reviewed PSZJ's request for reimbursement of expenses and has no objection to reimbursement in full on an interim basis of the expenses requested by PSZJ in its Second Application.

5

**Firm: Selendy Gay PLLC ("Selendy Gay")**
Role: Counsel to the Debtors at the direction of the Special Committee of Marelli
      Holdings Co., Ltd.
Period Covered: October 1, 2025 – December 31, 2025 ("Second Application")
Fees Requested: $1,484,398.50
Expenses Requested: $5,531.67
Blended Hourly Rate for all Timekeepers: $1,292.65

19. Selendy Gay serves as counsel to the Debtors at the direction of the Special Committee of Marelli Holdings Co., Ltd. The Second Application covers a three-month period from October 1, 2025 through December 31, 2025. During the period covered by the Second Application, Selendy Gay billed 979.8 hours.

20. The Fee Examiner's Initial Report to Selendy Gay addressed the following issues: one math error; staffing at one interview; frequency of internal meetings; and time billed on monthly and interim fee applications.

21. Following a review of the Fee Examiner's Initial Report, Selendy Gay and the Fee Examiner conferred. Selendy Gay has agreed to a reduction of its fee request in the amount of $19,927.00. With this reduction, the Fee Examiner has no objection to an award on an interim basis of the balance of the fees requested in Selendy Gay's Second Application.

22. The Fee Examiner reviewed Selendy Gay's request for reimbursement of expenses and received clarification on one expense. The Fee Examiner has no objection to reimbursement in full on an interim basis of the expenses requested by Selendy Gay in its Second Application.

**Firm: Greenberg Traurig Studio Legale Associato ("GTSLA")**
Role: Special Counsel for the Debtors and Debtors in Possession
Period Covered: October 1, 2025 – December 31, 2025 ("Second Application")
Fees Requested: $1,299,302.78
Expenses Requested: $2,590.43
                      $255,436.20 (pass-through charges)
Blended Hourly Rate for all Timekeepers: $888.29

23. GTSLA serves as special counsel for the Debtors advising on Italian law. GTSLA's

Second Application covers a three-month period from October 1, 2025 through December 31, 2025. During the period covered by its Second Application, GTSLA billed 1,462.7 hours.

24. The Fee Examiner's Initial Report to GTSLA addressed the following issues: rate increase for one timekeeper; potential math errors; rate billed for travel time; a small amount of non-compensable time; vague time entries; block billing; and use of transitory timekeepers.

25. Following a review of the Fee Examiner's Initial Report, GTSLA provided the Fee Examiner with additional information responsive to certain issues raised in the Initial Report. Thereafter, GTSLA and the Fee Examiner conferred.  GTSLA has agreed to a reduction of its fee request in the amount of $17,764.00. With this reduction, the Fee Examiner has no objection to an award on an interim basis of the balance of the fees requested in GTSLA's Second Application.

26. The Fee Examiner reviewed GTSLA's request for reimbursement of expenses. GTSLA has agreed to a reduction of expenses in the amount of $204.82. In addition, as a result of the agreed fee reduction, the pass-through charges will be reduced by $21,458.75. With these reductions, the Fee Examiner has no objection to reimbursement on an interim basis of the balance of the expenses and pass-through charges requested in GTSLAs Second Application.

## CONCLUSION

27. For the reasons set forth above, the Fee Examiner recommends (a) interim awards of compensation in the amounts requested net of the reductions agreed to by the Retained Professionals and (b) reimbursement of expenses in the amounts requested net of reductions

agreed to by the Retained Professionals (if applicable), each as set forth in this Second Report.

Dated: Great Neck, New York
      May 6, 2026                    **LORI LAPIN JONES PLLC**

                              /s/ Lori Lapin Jones
                              Lori Lapin Jones, Esq., Fee Examiner
                              98 Cutter Mill Road, Suite 255 South
                              Great Neck, New York 11021
                              Telephone: (516) 466-4110
                              Facsimile: (516) 466-4009
                              Email: ljones@jonespllc.com