**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 2414** |

**ORDER (A) AUTHORIZING THE DEBTORS TO CONSUMMATE
AN INTERNAL DEMERGER AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to consummate the Internal Demerger and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.	The Motion is granted on a basis as set forth herein.

2.	The Debtors are authorized, but not directed, to take all actions to consummate the Internal Demerger in such form as the Debtors deem appropriate.

3.	Notwithstanding anything to the contrary in the Demerger Plan, the Demerger Plan and the Internal Demerger shall be disregarded for purposes of these chapter 11 cases, including with respect to asserting any claims in these chapter 11 cases.  Notwithstanding anything to the contrary in the Demerger Plan, the chapter 11 case of Italian OldCo will remain extant, and all claims asserted and allowed during the pendency of these chapter 11 cases will remain with their original entities and maintain their current priority under the Bankruptcy Code for purposes of these chapter 11 cases or any successor cases.

4.	Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry.  Any claims that, by operation of the Internal Demerger, are moved to Italian NewCos will remain assertable against Italian NewCos in the same amount and priority that such claims enjoyed immediately prior to the Internal Demerger.

5.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: August 12th, 2026
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE