**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
| Debtors. | ) | (Jointly Administered) |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EXTEND THE CHALLENGE PERIOD**

The Official Committee of Unsecured Creditors (the "Committee") of Marelli Automotive Lighting USA LLC and its debtor affiliates as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases by and through its undersigned counsel, hereby files its *Emergency Motion of the Official Committee of Unsecured Creditors to Extend the Challenge Period* (this "Motion").[2] In support of this Motion, the Committee respectfully states as follows:

**RELIEF REQUESTED**

1. The Committee seeks the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Challenge Period through and including October 16, 2026, which date may be further extended by the written consent of Prepetition Senior Lenders in accordance with the Prepetition Senior Loan Documents and the Debtors (which writing may be in the form of e-

1 A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 449] (the "Final DIP Order") or the *Joint Plan of Reorganization of Marelli Automotive Lighting USA LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2510] (as supplemented or amended from time to time, the "Plan"), as applicable.

mail by counsel) (the "Extended Challenge Period Expiration Date"), without prejudice to the Committee's right to seek further extensions of the Challenge Period.

**JURISDICTION**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the A*mended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief sought herein are section 105 of the United States Bankruptcy Code, Fed. R. Bankr. P. 9006(b)(1), and Rules 9006-2 and 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

**BASIS FOR RELIEF**

5. Fed. R. Bankr. P. 9006(b) provides that the Court may extend unexpired time periods, such as the Challenge Period:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder ***or by order of court***, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

6. Pursuant to the Final DIP Order, the Committee's Challenge Period is set to expire upon entry of an order approving the adequacy of the Disclosure Statement. A hearing to consider the adequacy of the Debtors' proposed Disclosure Statement is scheduled for September 8, 2026, and, if the Disclosure Statement is approved, the Committee's Challenge Period will expire on

such date. Because the Challenge Period has not yet expired, the Court may extend it as requested herein.

7. The Committee respectfully submits that good cause exists to extend the Challenge Period through the Extended Challenge Period Expiration Date. Upon its formation in July 2025 and in accordance with its fiduciary duties to all unsecured creditors, the Committee immediately commenced an investigation of the claims and liens of the Prepetition Senior Lenders. However, given the lengthy extension of the plan milestones and exclusivity periods without the setting of a hearing to approve a Disclosure Statement, the Committee suspended that investigation to avoid the costs associated with such work, including investigating claims and liens in foreign jurisdictions. The Committee also expected that the Disclosure Statement that was ultimately filed would provide for the unimpairment of unsecured claims without any open diligence contingency and, therefore, obviate the need for any further investigation by the Committee.

8. On August 3, 2026, the Debtors filed the Plan and Disclosure Statement. In their current form, the Plan and the Disclosure Statement provide that General Unsecured Claims will receive a 100% recovery on account of their claims but expressly condition such treatment on the Debtors' and the Required Plan Sponsors' continuing diligence in respect of the General Unsecured Claims. Until such diligence is completed, the Debtors may amend the treatment of General Unsecured Claims and render the General Unsecured Claims impaired. At the same time, however, it is possible that the Debtors and the Required Plan Sponsors will ultimately remove the diligence contingency and not impair General Unsecured Claims.

9. Given this possibility, instead of resuming its investigation and incurring the costs thereof, the Committee sought an extension of the Challenge Period from the Ad Hoc Group of Senior Lenders, the Prepetition Senior Loan Agent (the "Agent") and the Debtors. An extension

of the Challenge Period would provide the Debtors and the Required Plan Sponsors with the opportunity to complete their diligence without forcing the Committee to complete its claim and lien investigation and commence litigation before such diligence has been completed.

10. Counsel for the Debtors, the Ad Hoc Group of Senior Lenders, and Mizuho Bank, Ltd., the largest Prepetition Senior Lender, have indicated that their clients do not object to the requested extension of the Challenge Period. However, pursuant to the Final DIP Order, the Agent must provide such consent "at the direction of the Prepetition Senior Lenders," and the Committee has been informed by the Agent that the timeline for obtaining such formal direction remains uncertain. Accordingly, given the approaching expiration of the Challenge Period, the Committee seeks entry of an order from this Court extending the Challenge Period through and including the Extended Challenge Period Expiration Date.

11. Although the Committee remains hopeful that General Unsecured Claims will remain unimpaired under the Plan, in light of the Debtors' and the Required Plan Sponsors' ongoing diligence, the Committee seeks an extension of the Challenge Period to preserve the estates' resources and avoid the significant cost and expense of prematurely preparing and commencing litigation that may ultimately be unnecessary.

## NOTICE

12. Notice of the Motion will be given to the following parties or their counsel: (a) the Debtors; (b) the United States Trustee for the District of Delaware; (c) Mayer Brown LLP, as counsel to the DIP Agent; (d) Davis Polk & Wardwell LLP, as counsel to Mizuho Bank, Ltd., in all capacities other than as Prepetition Agent; (e) Young Conaway Stargatt & Taylor, LLP, as counsel to Mizuho Bank, Ltd., in its capacity as Prepetition Agent; (f) Akin Gump Strauss Hauer & Feld LLP, as counsel to the Ad Hoc Group of Senior Lenders; (j) Paul, Weiss, Rifkind, Wharton

& Garrison LLP, as counsel to the Sponsors; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice is required or necessary.

WHEREFORE the Committee respectfully requests that this Court enter the proposed order, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 20, 2026

**MORRIS JAMES LLP**

*/s/ Jason S. Levin*
Eric J. Monzo (DE Bar No. 5214)
Jason S. Levin (DE Bar No. 6434)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
jlevin@morrisjames.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen (admitted *pro hac vice*)
Gabriel E. Sasson (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-2665
E-mail: krishansen@paulhastings.com
gabesasson@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*