**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | ) | Case No. 25-11034 (CTG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 2547** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EXTEND THE CHALLENGE PERIOD**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby move (the "Motion"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-1(c) of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules"), and 11 U.S.C. § 105(a), for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Emergency Motion of the Official Committee of Unsecured Creditors to Extend the Challenge Period* (the "Extension Motion"), which is being filed contemporaneously herewith.

In support of this Motion, the Committee respectfully states as follows:[2]

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Extension Motion.

## JURISDICTION AND STATUTORY PREDICATES

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c) and Local Rules 9006-1(c).

## BACKGROUND

4. On June 11, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 25, 2025, the United States Trustee for the District of Delaware (the "United States Trustee") filed its *Notice of Appointment* [Docket No. 184] of the seven (7) member

Committee pursuant to section 1102(a)(1) of the Bankruptcy Code, which notice was subsequently amended to reduce the number of Committee members to three (3) [Docket Nos. 230, 922, 1780].[3]

## RELIEF REQUESTED

6. By this Motion, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening and limiting notice and objection periods with respect to the Extension Motion. More specifically, the Committee requests that the Court consider the Extension Motion at a hearing scheduled for the week of August 24, 2026, or as close thereto as the Court is available, and further requests that the Court set the deadline for the filing of objections to the Extension Motion, if any, at the hearing.

## BASIS FOR RELIEF REQUESTED

7. Local Rule 9006-1(c)(i) states that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

8. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Additionally, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006. Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the

[3] The Committee members include Nissan North America, Inc.; Mazda North American Operations; and Avnet, Inc.

reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171-72 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

10. The Committee, through the filing of this Motion and the contemporaneous filing and service of the Extension Motion, is seeking to have the Extension Motion heard the week of August 24, 2026, or as close thereto as the Court is available.

11. As noted above, Local Rule 9006-1(e) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required. The Committee submits that such cause is shown here.

12. As set forth in the Extension Motion, approval is necessary to preserve the estates' resources and avoid the significant cost and expense of prematurely preparing and commencing litigation that may ultimately be unnecessary.

13. Absent shortened notice, the Challenge Period may expire before the Court can consider the Extension Motion. Such expiration would prejudice the Committee and the Debtors' estates by permitting valuable rights and claims to lapse. Accordingly, the timely approval of the relief requested herein is imperative.

14. For all the foregoing reasons, the Committee submits that cause exists to shorten the notice for a hearing on the Extension Motion.

## LOCAL RULE 9006-1(e) AVERMENT

15. The undersigned counsel certifies pursuant to Local Rule 9006-1 that a reasonable effort has been made to notify counsel to the United States Trustee and counsel to the Debtors to determine whether there would be an objection to the relief contained in this Motion. The Debtors

do not oppose this Motion, and the United States Trustee takes no position on the requested relief contained in this Motion.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) scheduling the Extension Motion to be heard the week of August 24, 2026, or as close thereto as the Court is available, and (ii) setting the deadline for the filing of objections to the Extension Motion, if any, at the hearing, and (iii) granting any relief that is just and proper.

Dated: August 20, 2026

**MORRIS JAMES LLP**

*/s/ Jason S. Levin*
Eric J. Monzo (DE Bar No. 5214)
Jason S. Levin (DE Bar No. 6434)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: emonzo@morrisjames.com
jlevin@morrisjames.com
-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen (admitted *pro hac vice*)
Gabriel Sasson (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
gabesasson@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*