**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11034 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 2510, 2511 & 2512** |

# RESERVATION OF RIGHTS OF JAPAN BANK FOR INTERNATIONAL COOPERATION REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING ADEQUACY OF THE DISCLOSURE STATEMENT AND OTHER RELIEF[2]

Japan Bank for International Cooperation ("JBIC"), by and through its undersigned counsel, submits this reservation of rights (the "Reservation of Rights") with respect to the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Form of Ballot and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [D.I. 2512] (the "Disclosure Statement Motion"). In support of this Reservation of Rights, JBIC respectfully states as follows:

## I. Background

1. Shortly before commencement of these chapter 11 cases, the Debtors and certain of their key stakeholders, including Mizuho, the Ad Hoc Group of Senior Lenders, and the

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

[2] JBIC files this Reservation of Rights with respect to the August 3 versions of the Proposed Plan and Proposed Disclosure Statement (as defined below) in an abundance of caution as the Debtors have not filed an amended plan or disclosure statement by the extended deadline they granted JBIC, *i.e*, October 16, 2026 at 4:00pm ET.

Sponsor[3] entered into a Restructuring Support Agreement (the "RSA"), which memorialized the terms of a proposed restructuring to be executed through the chapter 11 cases. Among other things, the RSA contemplated a "guaranteed 11% Cash recovery" on account of Senior Loan Claims held by Japanese Lenders, including JBIC, upon consummation of a plan of reorganization. "Senior Loans" are defined to include "all accrued and unpaid interest, premiums, fees, and all other obligations, amounts, and expenses arising under or in connection with the Senior Loan Agreement before the Petition Date." RSA § 1.01. A copy of the RSA is attached as Exhibit B to the *Declaration of David Slump, Chief Executive Officer of Marelli Automotive Lighting USA LLC, in Support of First Day Motions* [D.I. 20] (the "First Day Declaration").

2. On June 11, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On June 12, 2025, the Court entered an order [D.I. 102] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4. On June 25, 2025, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [D.I. 184].

5. On August 3, 2026, the Debtors filed the Disclosure Statement Motion. The Disclosure Statement Motion seeks approval of the *Disclosure Statement for the Joint Plan of Reorganization of Marelli Automotive Lighting USA LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 2511] (the "Proposed Disclosure Statement"). The

[3] Capitalized terms not otherwise defined are defined as in the First Day Declaration (defined below).

Proposed Disclosure Statement was filed in connection with the *Joint Plan of Reorganization of Marelli Automotive Lighting USA LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 2510] (the "Proposed Plan").

6. On September 11, 2026, the Debtors filed a notice adjourning the Disclosure Statement Hearing to October 13, 2026 at 3:00 p.m. (ET). On October 8, 2026, the Debtors filed a notice further adjourning the Disclosure Statement Hearing to October 20, 2026 at 1:00 p.m. (ET). The Debtors, through counsel, consented to extend JBIC's deadline to respond to the Disclosure Statement Motion, most recently to October 16, 2026 at 4:00 p.m. (ET).

7. Under the Proposed Plan and as described in the Proposed Disclosure Statement, Non-Participating Holders of Senior Loan Claims, such as JBIC, are to receive "Cash in an amount equal to 11.00% of the principal amount of such Holder's Allowed Senior Loan Claim" on the Effective Date. The treatment of claims section contains a footnote with respect to Class 4 Senior Loan Claims that notes that "[t]he Debtors have requested an amendment to the Restructuring Support Agreement's proposed Plan treatment of the Senior Loan Claims from the applicable Consenting Lenders."

## II. Reservation of Rights

8. JBIC does not object to approval of the Proposed Disclosure Statement, but reserves all rights as to information yet to be disclosed. Under Section 1125(b) of the Bankruptcy Code, a debtor has an affirmative duty to provide a disclosure statement containing adequate information to enable a creditor to reach an informed judgment about the plan. As the primary source of information upon which creditors rely in making an informed judgment about a plan, the disclosure statement must provide sufficient information to enable an impaired class to evaluate a plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 322 (3d Cir.

2003) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information.") (citing *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988)).

9. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1).

10. The adequacy of information in a disclosure statement is determined on a case-by-case basis through the factual circumstances at hand. *Oneida Motor Freight*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 1st Sess. 266 (1977)). Section 1125 sets a floor for adequate information, not a ceiling, and favors disclosure. *In re Ferretti*, 128 B.R. at 20; *see also Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) (noting that section 1125 "sets a floor, not a ceiling"). Section 1129(a)(2) conditions confirmation of the Proposed Plan on its compliance with the adequate information disclosure requirements of Section 1125. *See* 11 U.S.C. § 1129(a)(2); *see also In re Diocese of Camden*, New Jersey, 653 B.R. 309, 340 (Bankr. D.N.J. 2023).

**A. The Proposed Disclosure Statement should be amended to clarify the change in treatment of Senior Loan Claims.**

11. The RSA defines "Senior Loans" to include "all accrued and unpaid interest, premiums, fees, and all other obligations, amounts, and expenses arising under or in connection with the Senior Loan Agreement before the Petition Date." RSA § 1.01. Further, the RSA's Restructuring Term Sheet provides that "a Non-Participating Senior Lender shall receive eleven

(11) cents in Cash for each dollar of outstanding Senior Loan Claim." The Proposed Plan and Proposed Disclosure Statement, however, provide that each Non-Participating Senior Lender shall receive "Cash in an amount equal to 11.00% of the *principal* amount of such Holder's Allowed Senior Loan Claim." (Proposed Disclosure Statement at 5 (emphasis added)).

12. This discrepancy is material. Under the RSA, the 11% recovery was to be applied to the entire "outstanding Senior Loan Claim"—which encompasses accrued interest, premiums, fees, and all other amounts arising under the Senior Loan Agreement. The Proposed Disclosure Statement, by contrast, limits the recovery calculation to the "principal amount" only, thereby excluding accrued and unpaid interest, fees, and other amounts that are expressly included in the definition of "Senior Loans" and "Senior Loan Claims" under the RSA. Pending clarification of treatment of Senior Loan Claims in an amended plan and disclosure statement, JBIC reserves all rights to object to confirmation of the Proposed Plan or any proposed amended plan.

**B. The Proposed Disclosure Statement contains vague footnotes regarding amendments to the RSA.**

13. The Proposed Disclosure Statement references, in footnotes, that "[t]he Debtors have requested an amendment to the Restructuring Support Agreement's proposed Plan treatment of the Senior Loan Claims from the applicable Consenting Lenders." (Proposed Disclosure Statement at 3, 6, 7.) However, the Proposed Disclosure Statement fails to disclose the substance, scope, or status of these requested amendments. The footnotes do not identify what changes are being requested, on what terms, or whether those amendments have been agreed to. Nor do the footnotes explain the potential impact of such amendments on the recoveries available to holders of Senior Loan Claims who are not parties to the RSA, including JBIC.

14. Additionally, the Proposed Disclosure Statement notes that the Debtors are engaged in discussions with key customers regarding "OEM Accommodation Agreements" and that, "[t]o

the extent that the concessions obtained from the Debtors' customers are insufficient to support the business plan relied upon in the Debtors' exit financing process, the Debtors may seek further amendments to the terms of the Restructuring Support Agreement." (Proposed Disclosure Statement at 3.) This disclosure suggests that additional, as-yet-undetermined amendments to the RSA may be forthcoming—amendments that could further alter the treatment of Senior Loan Claims. Creditors cannot make an informed judgment about the Proposed Plan where fundamental aspects of the proposed treatment remain unknown, contingent, or subject to further negotiation. JBIC reserves all rights to object to the Proposed Plan or any amended plan pending additional detail on the proposed treatment of Senior Loan Claims.

**C. The Proposed Disclosure Statement Exhibits should be provided in advance of solicitation.**

15. The Proposed Disclosure Statement includes certain exhibits marked "to come," including the Valuation Analysis (Exhibit E) and the Liquidation Analysis (Exhibit F). These exhibits are essential to creditors' evaluation of the Proposed Plan, including their analysis of distributions and how the Proposed Plan distributions compare to what distributions would be in chapter 7 liquidation—a comparison that is central to the "best interests" test under section 1129(a)(7) of the Bankruptcy Code.

16. JBIC understands, based on the Disclosure Statement Motion, that the proposed Solicitation Packages are to include the Disclosure Statement exhibits, but reserves all rights to object to the Proposed Plan or any proposed amended plan or plan supplement pending the information contained in these exhibits.

## III. Conclusion

17. This Reservation of Rights is primarily focused on the adequacy of the information provided in the Proposed Disclosure Statement. However, JBIC reserves all rights at law and in

equity to object to confirmation of the Proposed Plan on any basis whatsoever, as well as any proposed amended plan or plan supplement.

Dated: October 16, 2026
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (DE No. 5032)
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

-and-

Gregory M. Juell (NY No. 5420120)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4000
Facsimile: (212) 335-4501
Email: gregory.juell@us.dlapiper.com

*Counsel to Japan Bank for International Cooperation*